UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

STACEY SUE BERLINGER, as beneficiaries to
Rosa B. Schwiker Trust and all of its related trusts,
also known as STACEY BERLINGER
O'CONNOR, BRIAN BRUCE BERLINGER, ,

                Plaintiffs,

-vs-                                            Case No.  2:11-cv-459-FtM-99SPC

WELLS FARGO, N.A.,AS SUCCESSOR TO
WACHOVIA BANK, N.A., as Corporate Trustee to
the Rosa B. Schweiker Trust, and all of its related
trusts ,

                Defendant.
_____

**ORDER**

This matter comes before the Court on the Plaintiff, Stacey Sue Berlinger's Motion to Compel Defendant to Provide Sufficient Responses to Plaintiff's First Request for Admissions (Doc. #33) filed on January 9, 2012.  The Defendant Wells Fargo Bank filed its Response in Opposition (Doc. # 38) on January 26, 2012.  The Motion is now fully briefed and ripe for the Court's review.

The Plaintiff moves the Court pursuant to Federal Rule of Civil Procedure 36(a) (6) to determine the sufficiency of the Defendant's responses to Plaintiff's First Request for Admission, requests 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, and 35; for an order determining that such requests for admission are deemed admitted; and, alternatively, for an order requiring the Defendant Wells Fargo Bank, N.A., as successor to Wachovia Bank, N.A. (hereinafter referred to as "Defendant") to serve an amended

response for the above requests.  Under Fed. R. Civ. P. 36(a)(6), "the requesting party may move to determine the sufficiency of an answer or objection."

As grounds, the Plaintiffs state the Defendant objected to each request for admission before admitting or denying the request.  As such, the Plaintiffs contend that the objections should be overruled and the requests admitted.  The Defendant responds that the requests referenced other trusts other than the three trusts at issue in this case the Rosa B. Schweiker Family Trust, the Frederick W. Berlinger Family Trust, and the Rose S. Berlinger Trust and therefore, the request for admissions were vague and ambiguous.  The Defendant did in fact employ the same objection to requests for admission numbers 1-13, 22-28 and 33-35.

Regarding the Defendant's use of the same objection that the request is vague and ambiguous on requests for admission numbers 1-13, 22-28, and 33-35.  This Court has found that such objections are formulaic and unacceptable under the Federal and Local Rules. Tardif v. People for the Ethical Treatment of Animals, 2011 U.S. Dist. LEXIS 47132 (M.D.Fla. April 29, 2011).  Therefore the objection is deemed waived and overruled.  Nevertheless that does not mean that the request for admission is automatically deemed admitted.  Instead, the answer provided by the Defendant whether the request was admitted or denied or objected to on other grounds, stands as submitted by the Defendant.  Thus the request to compel better responses to requests for admissions 1-13, 22-28, and 33-35 is due to be denied.

The Plaintiff also moves the Court to compel new or more complete responses to the request to admit 14, 15, 16, 17, 18, and 30 because the responses were filed in light of the objections and therefore they should be considered incomplete.  Regarding request for admissions 14, 15, 16, 17,

18, and 30, the Plaintiff states the responses are insufficient because the responses did not respond to the substance of the matter.

Request 14 and 15 ask the Defendant to admit or deny that as the Corporate Trustee Wells Fargo's actions are governed by the intent of the settlor of the trust. Request 14 reads in pertinent part: "[p]lease admit or deny that as a Corporate Trustee, Wells Fargo, N.A.'s actions are governed by the intent of the settlor." The Defendant responded after its objection: "[w]ithout waiving the foregoing objections, admitted in part. Admitted that Wells Fargo's actions may be "governed" by the applicable Federal and State law, the applicable Trust document(s) (said Trust document(s) generally capture the "intent of the settor"), Court order, direction and requests from any Co-Trustee, etc."

Request number 15 asks in pertinent part: "[p]lease admit or deny that as a Corporate Trustee, Wells Fargo, N.A.'s actions are governed by the provisions of the trust agreement." The Defendant after filing its objection replied: "[w]ithout waiving the foregoing objections, admitted in part. Admitted that Wells Fargo's actions may be "governed" by the applicable Federal and State law, the applicable Trust document(s), Court order, direction, and requests from any Co-Trustee, etc."

The Plaintiff argues that the answers are unresponsive because they do not address the substance of the request for admission but are vague and ambiguous. The Defendant states that the answer was ambiguous because the Plaintiff did not define the meaning of the term "governed." Thus, the Defendant stated in its response that it was governed by the trust documents as well as State and Federal law, Court orders, and the direction of any Co-trustee. The Defendants answer is not vague and ambiguous as it responds to the various instruments and directions that govern its

actions including the trust documents. Therefore, the Motion is due to be denied as to requests 14 and 15.

Requests numbers 16, 17, and 18 request that the Defendant was governed by the Rosa B. Schwieker trust, the Frederick W. Berlinger Deed of Trust and the Rose S. Berlinger Restatement of Revocable Deed of Trust. Included in these requests was also a request that the Defendant admit or deny the authenticity of the trust documents. The Defendant referred the Plaintiff to the answer for number 15 which stated the Defendant was governed by the trust documents, Federal and State law, Court orders, and the direction of any Co-trustee. The Defendant also states that the trusts were entered into on the respective dates that each trust was established. To make a determination regarding the authenticity of the trusts calls for a legal conclusion and thus, is not a proper request for admission but a decision for the Court and/or jury. See Tardif, 2011 WL 1627165 at * 3. The answers were otherwise accurate and complete because all of those documents, directives and orders listed in the Defendant's answer to request number 15 actually do control the governance of the subject trusts. Thus, the Motion is due to be denied as to 16, 17, and 18.

Request number 30 reads in pertinent part: "If Defendant admits to the statements found in Paragraph 19, please admit or deny that all of the distributions made in Paragraph 19 were made from principal instead of income." The Defendant responded:

> Wells Fargo objects to this Request as vague and ambiguous. Without waiving the foregoing objections, admitted in part. Wachovia, acting as corporate Co-Trustee, invested $2,000,000.00 to purchase a one third undivided interest in the home and real property located at 550 Banyan Blvd., Naples, Florida (which included the real property known as Lot 68, Lot 69 and westerly half of Lot 70.) and further admits that some of those investment funds came from the principal of the Rosa Trust.

As noted above, objections that are filed along with an answer are generally overruled and

waived.  Thus, the objection that request number 30 is vague and ambiguous is overruled and waived.  However, the answer provided admitted that part of the principle from the subject trust was used in purchasing the property.  Therefore, the response was satisfactory and the Motion to compel a better admission is due to be denied.

Request number 31 asks the Defendant to "[p]lease admit or deny that the trust instruments referenced to, and incorporated into, the Complaint, prohibited payment of distributions of principal or income or both to cover alimony payments." The Defendant objected stating "Wells Fargo objects to this Request as compound. Without waiving the foregoing objection, denied."  Once again, objections that are filed along with an answer are generally overruled and waived.  Thus, the objection that request number 31 is a compound request is overruled and waived.  However, the answer provided was then a simple denial.  Therefore, the response was satisfactory and the Motion to compel a better admission is due to be denied.

Request numbers 32, 33, and 34 asks the Defendant to admit or deny that the disbursements at issue in this case were made in violation of the subject trusts.  A request for admission cannot request that the Defendant admit that it committed the violation made in the Complaint, because the request calls for a legal and/or factual conclusion that is better left for the jury to determine.  See Tardif, 2011 WL 1627165 at * 3.  The Defendant responded that each of the request for admissions 32, 33, and 34 were denied.  Thus, the Motion to compel better admissions to requests number 32,33 and 34 is due to be denied.

While the Court agrees that the general objections and the objections filed in conjunction with a response are deemed waived and/or overruled, the admissions and denials stand as offered.  Thus, the Court finds no good cause to grant the Motion.

Accordingly, it is now

**ORDERED:**

The Plaintiff, Stacey Sue Berlinger's Motion to Compel the Defendant to Provide Sufficient Responses to Plaintiff's First Request for Admissions (Doc. #33) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this   28th    day of February, 2012.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record