## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

STACEY SUE BERLINGER, as beneficiaries to
Rosa B. Schwiker Trust and all of its related trusts,
also known as STACEY BERLINGER
O'CONNOR, BRIAN BRUCE BERLINGER, ,

                    Plaintiffs,

-vs-                                                    Case No.  2:11-cv-459-FtM-99SPC

WELLS FARGO, N.A.,AS SUCCESSOR TO
WACHOVIA BANK, N.A., as Corporate Trustee to
the Rosa B. Schweiker Trust, and all of its related
trusts ,

                    Defendant.
_____

### ORDER

This matter comes before the Court on the Plaintiffs, Stacey Sue Berlinger a/k/a O'Conner, Brian Bruce Berlinger, and Heather Anne Berlinger's Amended Motion to Compel Response to Plaintiff's Request for Production of Documents  (Doc. #36) filed on January 11, 2012.  On January 26, 2012, the Defendant, Wells Fargo Bank, N.A. filed it Response in Opposition (Doc. # 39).  The Motion has been fully briefed and is ripe for the Court's review.

The Federal Rules state that, "[t]he party upon whom the request [for production] is served shall serve a written response within 30 days after the service of the request." Fed. R. Civ. P. 34(b). Likewise, a party upon whom interrogatories have been served has 30days to respond either by filing answers or objections to the propounded interrogatories. Fed. R. Civ. P. 33(b).  If the serving party does not receive a response to their interrogatories and request for production, then the serving party may request an order compelling disclosure. Fed. R. Civ. P. 37(a). Whether or not to grant the

motion to compel is at the discretion of the trial court. <u>Commercial Union Insurance Co. v. Westrope</u>, 730 F.2d 729, 731 (11th Cir. 1984).

On October 12, 2011, the Plaintiffs propounded request for production of documents. On December 14, 2011, after receiving an extension of time to respond by the Court, the Defendant produced the requested production. The Plaintiffs state the production was deficient and now move the Court to compel better responses to their requests for production numbers 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 13, and 14. The Court will address each request in order.

Request number 1 seeks "[a]ny and all documents utilized, referred to, reviewed, and but not limited to, consulted with, in answering the Plaintiff's Request for Admissions, dated an even date herewith, and Interrogatories, dated an even date herewith." The Defendant objected to the request stating

> Wells Fargo objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the work product doctrine. Wells Fargo objects to this Request since it seeks access to records required to be kept confidential by Wells Fargo pursuant to Section 655.059, Florida Statutes. Moreover, Wells Fargo objects to this Request on the grounds that it invades the privacy rights of non-parties as set forth in the Florida Constitution. Without waiving the foregoing objections, Wells Fargo will produce responsive documents specifically relied on, to the extent there are any, in responding to Plaintiff's Request for Admissions at a mutually convenient date and time at the offices of Fox Rothschild, LLP.

The Plaintiff argues that the Defendant has waived all work product and attorney-client privileges by stating them and then agreeing to provide an answer subject to and without waiving the objection. This Court has held in the past that "if an objection to a discovery request is raised, and then the question is answered 'subject to' or 'without waiving the objection this court is reluctant sustain the objection." <u>Sewell v. D'Alessandro & Woodyard, Inc.</u>, 2011 WL 1232347 * 1 (M.D. Fla.

March 30, 2011) (citing <u>Mann v. Island Resorts Development, Inc.</u>, 2009 WL 6409113 *2-3 (N.D. Fla. February 21, 2009). However, the attorney-client privilege is very near sacred and the Court is not inclined to find that such a critically important privilege has been waived accidentally, by implication, or by oversight, except in the most unusual and compelling circumstances. Thus, the Court will require the Defendant to produce the records that it says it will produce and provide a privilege log for the remaining documents for which it claims the work product or attorney-client privilege for request for production numbers 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 13, and 14.

The Court reminds the Defendant that the party invoking the privilege bears the burden of proof. <u>Tyne v. Time Warner Entertainment Co., L.P.</u>, 212 F.R.D. 596, 599 (M.D. Fla 2002). "This burden can be met only by an evidentiary showing based on competent evidence, and cannot be discharged by mere conclusory or *ipse dixit* assertions." <u>CSX Transportation, Inc., v. Admiral Insurance Co.</u>, 1995 WL 855421 *1 (M.D. Fla. July 20, 1995) (internal quotes omitted). Pursuant to Fed. R. Civ. P. 26(b)(3) & (5) this  evidence is generally provided through the use of a privilege log. Typically, the privilege log will identify each document and the individuals who were parties to the communications with sufficient detail to permit the compelling party or court to determine if the privilege is properly claimed. <u>Id.</u> at *3. More specifically, a proper privilege log should contain the following information:

> (1) the name and job title or capacity of the author of the document;
> (2) the name and job title or capacity of each recipient of the document;
> (3) the date the document was prepared and if different, the date(s) on which it was sent to or shared with persons other than the author(s);
> (4) the title and description of the document;
> (5) the subject matter addressed in the document;
> (6) the purpose(s) for which it was prepared or communicated; and
> (7) the specific basis for the claim that it is privileged.

*See* Roger Kennedy Construction, Inc. v. Amerisure Insurance Co., 2007 WL 1362746 * 1 (M.D.

Fla. May 7, 2007) (detailing the information needed in a proper privilege log).

Request number 2 asks for "Any and all documents showing or evidencing the assumption

of liabilities by Wells Fargo Bank for the actions or inactions of Wachovia Bank, N.A., as part of

its most recent acquisition by Wells Fargo Bank."

The Defendant responded:

> Wells Fargo objects to the Request to the extent it seeks information which
> is immaterial to the issues presented in this lawsuit and that is not calculated
> to lead to the discovery of admissible evidence. Wells Fargo also objects to
> the Request as it is burdensome and harassing.  Without waiving the
> foregoing objection, Wells Fargo will produce the Comptroller of the
> Currency letter certifying the merger of Wachovia Bank, N.A. ("Wachovia")
> with and into Wells Fargo Bank, N.A. at a mutually convenient date and time
> at the offices of Fox Rothschild, LLP.

Even though the practice has become common here and elsewhere, courts have found that

whenever an answer accompanies an objection, the objection is deemed waived, and the answer, if

responsive, stands.  Sewell, 2011 WL 1232347 at * 1 (citing Mann, 2009 WL 6409113 at* 2–3);

Consumer Electronics Association v. Compras and Buys Magazine, Inc., 2008 WL 4327253 * 2

(S.D. Fla. September 18, 2008) (holding that formulaic objections followed by an answer preserves

nothing and serves only to waste the time and resources of both the Parties and the Court, because

such practice leaves the requesting Party uncertain as to whether the question has been fully

answered or whether only a portion of the question has been answered); Meese v. Eaton

Manufacturing, Co., 35 F.R.D. 162, 166 (N.D. Ohio 1964) (holding that a party who objects and then

answers an interrogatory waives that objection); Wright, Miller & Marcus, Federal Practice and

Procedure: Civil § 2173 (stating "[a] voluntary answer to an interrogatory is also a waiver of the objection.").

Furthermore, answering subject to an objection lacks any rational basis. There is either a sustainable objection to a question or request or there is not. Mann, 2009 WL 6409113 at* 2–3. Other courts have remarked that all a mixed response really says is the counsel does not know for sure whether the objection is sustainable, that it probably is not, but thinks it is wise to cover all bets anyway, just in case. Id. Therefore, request for production number 2 is due to be produced.

Request for production number 3 seeks:

> Any and all documents from January 2007 and until August 2011, between Wachovia Bank, N.A., (or Well Fargo Bank) which includes, but is not limited to, the Wachovia Bank's or Wells Fargo Bank's agents, Wachovia Bank's or Wells Fargo Bank's employees, Wachovia Bank's or Wells Fargo Bank's independent contractors, and Wachovia Bank's or Wells Fargo Bank's personnel with Bruce D. Berlinger regarding the Rosa B. Schweiker Trust and all the trusts referenced to and incorporated into the Complaint.

The Defendant objected to this Request because it asks access to records required to be kept confidential by Wells Fargo pursuant to Fla. Stat. § 655.059.  Moreover, Wells Fargo objects to this Request on the grounds that it invades the privacy rights of non-parties as set forth in the Florida Constitution. Wells Fargo also objected to the request as compound.

The Defendant's objection is not well taken.  Under Fla. Stat. § 655.059(e), confidential bank records may be produced for inspection upon the order of a court of competent jurisdiction. The payment of funds by the Defendant upon the request of Bruce Berlinger to Sue Castleberry, from the trust accounts at issue, go directly to the heart of this case.  Thus, the documents are due to be produced.  However, due to the confidential nature of the materials said production will be subject to a confidentiality order which the Court will issue under separate cover.

Request number 4 seeks:

> Any and all documents from January 2007 and until August 2011, between WachoviaBank, N.A., (or Wells Fargo Bank) which includes, but is not limited to, the Wachovia Bank's or Wells Fargo Bank's agents, Wachovia Bank's or Wells Fargo Bank's employees, Wachovia Bank's or Wells Fargo Bank's independent contractors, and Wachovia Bank's or Wells Fargo Bank's personnel, with Heather Anne Berlinger regarding the Rosa B. Schweiker Trust and all the trusts referenced to and incorporated into the Complaint.

The Defendant objected to the request arguing the "Request as Compound." However, without waiving the foregoing objection, Wells Fargo stated that it would produce responsive documents at a mutually convenient date and time at the offices of Fox Rothschild, LLP."

As noted above objections made in reply to a discovery request and then followed by an answer or agreement to produce the materials are deemed as waived. Therefore, the Defendant's objection is overruled, an the Defendant is due to produce the requested materials as agreed in its answer.

Request number 5 asks for:

> Any and all documents from January 2007 and until August 2011, between Wachovia Bank, N.A., (or Wells Fargo Bank) which includes, but is not limited to, the Wachovia Bank's or Wells Fargo Bank's agents, Wachovia Bank's or Wells Fargo Bank's employees, Wachovia Bank's or Wells Fargo Bank's independent contractors, and Wachovia Bank's or Wells Fargo Bank's personnel, with Stacey Sue Berlinger, also known as Stacy Sue Berlinger O'Connor, regarding the Rosa B. Schweiker Trust and all the trusts referenced to and incorporated into the Complaint.

The Defendant objected to this Request as compound but nevertheless stated that "[w]ithout waiving the foregoing objection, Wells Fargo will produce responsive documents at a mutually convenient date and time at the offices of Fox Rothschild, LLP." Therefore, the objection is waived and the documents must be produced.

Requests number 6 asks for

> Any and all documents from January 2007 and until August 2011, between Wachovia Bank, N.A., (or Wells Fargo Bank) which includes, but is not limited to, the Wachovia Bank's or Wells Fargo Bank's agents, Wachovia Bank's or Wells Fargo Bank's employees, Wachovia Bank's or Wells Fargo Bank's independent contractors, and Wachovia Bank's or Wells Fargo Bank's personnel, with Brian B. Berlinger regarding the Rosa B. Schweiker Trust and all the trusts referenced to and incorporated into the Complaint.

Wells Fargo objected to this Request as compound.  However, Wells Fargo stated that without waiving the foregoing  objection, Wells Fargo will produce responsive documents at a mutually convenient date and time at the offices of Fox Rothschild, LLP.  Since the Court has found that the objection is insufficient and waived, the Defendant must produce the requested documents.

Request number 7 asks for:

> Any and all documents relating to any and all Trust Transactions from the Rosa B.  Schweiker Trust and all the trusts referenced to and incorporated into the Complaint which were authorized, approved, ordered, and/or ratified by Wachovia Bank, N.A., (or Wells Fargo Bank) as Corporate Trustee or Corporate Fiduciary regarding the Rosa B. Schweiker Trust and all of its related trusts and accounts during the years of 2007, 2008, 2009, 2010, and 2011.

Wells Fargo objects to this Request to the extent it asked for documents it claims are protected by the attorney-client privilege and/or the work product doctrine. The Defendant further objects to this Request since it seeks access to records required to be kept confidential by Wells Fargo pursuant to Fla. Stat. § 655.059.  Moreover, the Defendant objects to this Request on the grounds that it invades the privacy rights of non-parties as set forth in the Florida Constitution. Wells Fargo also objects to this Request as compound. Nevertheless, the Defendant agreed to produce "without waiving the

foregoing objections" account statements for the Trusts at a mutually convenient date and time at the offices of Fox Rothschild, LLP.

The Defendant's objections are overruled with the exception of the attorney-client privilege and the work product doctrine. If the Defendant wishes to object on the basis of the work product or attorney-client privilege then the Defendant must file a privilege log. The Defendant's objection based upon Fla. Stat. § 655.059 is overruled as the statute allows for the records to be produced upon an order by a court of competent jurisdiction. Thus, materials are due to be produced or a privilege log supporting the claimed privilege must be produced.

Request number 8 asks the Defendant to produce:

> Any and all documents, relating to the disbursement of approximately or exactly $2,000,000 by Wachovia Bank, N.A,, from the Rosa B. Schweiker Trust and all the trusts referenced to and incorporated into the Complaint in December of 2007 for the purchase of a one-third interest in property owned by Bruce D. Berlinger at 550 Banyan Blvd., Naples, Florida 34102.

The Defendant objected to the Request. Wells Fargo also objected to this Request since it seeks access to records required to be kept confidential by Wells Fargo pursuant to Fla. Stat. § 655.059. Moreover, the Defendant states that it objects to the Request on the grounds that it invades the privacy rights of non-parties as set forth in the Florida Constitution. However, the Defendant again argues that "[w]ithout waiving the foregoing objections, Wells Fargo will produce the appraisals related to this Trust investment and the Trust account statement documenting this Trust investment at a mutually convenient date and time at the offices of Fox Rothschild, LLP."

The Defendant's objections are overruled with the exception of the attorney-client privilege and the work product doctrine. If the Defendant wishes to object on the basis of the work product or attorney-client privilege then the Defendant must file a privilege log. The Defendant's objection

based upon Fla. Stat. § 655.059 is overruled as the statute allows for the records to be produced upon an order by a court of competent jurisdiction. Thus, the requested materials are due to be produced or a privilege log supporting the claimed privilege must be produced.

Request number 9 asks for

> Any and all documents relating to the decision to use $1,318,356.50 of principal from the Rosa B. Schweiker Trust in order to fund the $2,000,000.00 used in purchasing the one-third interest in property owned by Bruce D. Berlinger at 550 Banyan Blvd., Naples, Florida 34102. Plus, any and all documents relating to the decision of which assets to sell in order to accumulate the $2,000,000.00 in cash necessary for the purchase of the one-third interest in the property owned by Bruce D. Berlinger at 550 Banyan Blvd., Naples, Florida 34102.

The Defendant objected to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the work product doctrine. Wells Fargo objected to the Request as the records requested by Request number 9 are required to be kept confidential by Wells Fargo pursuant to Fla. Stat. § 655.059. The Defendant continued its objection to the Request on the grounds that it invaded the privacy rights of non-parties as set forth in the Florida Constitution. However, the Defendant then added that "[w]ithout waiving the foregoing objections, Wells Fargo will produce the Trust account statement documenting this Trust investment at a mutually convenient date and time at the offices of Fox Rothschild, LLP.

The Defendant's objections are overruled with the exception of the attorney-client privilege and the work product doctrine. If the Defendant wishes to object on the basis of the work product or attorney-client privilege then the Defendant may file a privilege log. The Defendant's objection based upon Fla. Stat. § 655.059 is overruled as the statute allows for the records to be produced upon an order by a court of competent jurisdiction. Thus, materials/documents relating to the decision to use $1,318,356.50 of principal from the Rosa B. Schweiker Trust in order to fund the $2,000,000.00

used in purchasing the one-third interest in property owned by Bruce D. Berlinger at 550 Banyan

Blvd., Naples, Florida 34102 as well as  any and all documents relating to the decision of which

assets to sell in order to accumulate the $2,000,000.00 in cash necessary for the purchase are due to

be produced or a privilege log supporting the claimed privilege must be produced.

> Request number 10 seeks:

>> Any and all documents relating to any and all appraisals (or the appraisals
>> themselves, if any exist) made at the request of Wachovia Bank, N.A. or
>> utilized by Wachovia Bank, N.A., prior to purchasing the one-third interest
>> in the house owned by Bruce D. Berlinger and located at 550 Banyan Blvd.,
>> Naples, Florida 34102 and which were in the possession of Wachovia Bank,
>> N.A., prior to the purchase of the one-third interest in the subject property in
>> December of 2007.

The Defendant objected to this Request arguing that it seeks documents protected by the attorney-

client privilege and/or the work product doctrine. The Defendant also objected to this Request since

it seeks access to records required to be kept confidential by Wells Fargo pursuant to Section Fla.

Stat. § 655.059. Moreover, the Defendant objected to this Request on the grounds that it invades the

privacy rights of non-parties as set forth in the Florida Constitution. Without waiving the foregoing

objections, Wells Fargo will produce the appraisals related to this Trust investment at a mutually

convenient date and time at the offices of Fox Rothschild, LLP.

The Defendant's objections are overruled with the exception of the attorney-client privilege

and the work product doctrine.  If the Defendant wishes to object on the basis of the work product

or attorney-client privilege then the Defendant must file a privilege log.  The Defendant's objection

based upon Fla. Stat. § 655.059 is overruled as the statute allows for the records to be produced upon

an order by a court of competent jurisdiction.  Thus, materials related to any and all appraisals (or

the appraisals themselves, if any exist) made at the request of Wachovia Bank, N.A. or utilized by

Wachovia Bank, N.A. prior to purchasing the one-third interest in the house owned by Bruce D.

Berlinger are due to be produced or a privilege log supporting the claimed privilege must be

produced.

Request number 11 request that the Defendant produce:

> Any and all documents relating to the Wachovia Bank N.A.'s decision
> making process for deciding to purchase a one-third interest in the house
> owned by Bruce D. Berlinger and located at 550 Banyan Blvd, Naples,
> Florida.

The Defendant objected to the Request to the extent it seeks documents protected by the attorney-

client privilege and/or the work product doctrine. Again the Defendant objected to this Request since

it seeks access to records required to be kept confidential by Wells Fargo pursuant to Fla. Stat. §

655.059.  The Defendant further objected to this Request on the grounds that it invades the privacy

rights of non-parties as set forth in the Florida Constitution.   Without waiving the foregoing

objections, the Defendant agreed to produce the requested documents.

The Defendant's objections are overruled with the exception of the attorney-client privilege

and the work product doctrine.  If the Defendant wishes to object on the basis of the work product

or attorney-client privilege then the Defendant may file a privilege log.  The Defendant's objection

based upon Fla. Stat. § 655.059 is overruled as the statute allows for the records to be produced upon

an order by a court of competent jurisdiction.  Therefore, since the Defendant agreed to documents

relating to the Wachovia Bank N.A.'s decision making process for deciding to purchase a one-third

interest in the house owned by Bruce D. Berlinger ar due to be produced as agreed to by the

Defendant.

Request number 13 asks for:

> Any and all documents relating to the Defendant's decision to distribute from the Rosa B. Schweiker Trust and all of its related trusts and accounts $16,000 per  month for the purpose of covering Bruce D. Berlinger's alimony obligations and which were made either directly to Sue Casselberry or to Bruce D. Berlinger for the benefit of Sue Casselberry, his ex-wife.

The Defendant files the same objections to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the work product doctrine. Wells Fargo objects to this Request since it seeks access to records required to be kept confidential by Wells Fargo pursuant to  Fla. Stat. § 655.059.  Moreover, the Defendant objects to this Request on the grounds that it invades the privacy rights of non-parties as set forth in the Florida Constitution. The Defendant then agreed that without waiving its objections, neither Wachovia, acting as a corporate Co-Trustee, or Wells Fargo, acting as corporate Co-Trustee provided any monthly disbursements to Sue Casselberry from the Rosa Trust, the Fredrick Trust or the Rose Trust.  The Defendant answered the request by stating that it never produced funds for Sue Casselberry and no such documents exist.  Thus, the Motion to Compel number 13 is due to be denied.

Request number 14 asks the Defendant to produce:

> Any and all documents relating to the Defendant's decision from the Rosa B. Schweiker Trust and all of its related trusts and accounts $167,615 for the purpose of making capital improvements to house owned by Bruce D. Berlinger, at least in part, and which is , located at 550 Banyan Blvd., Naples, Florida.

The Defendant again objects to this Request to the extent that it seeks documents protected by the attorney-client privilege and/or the work product doctrine. Wells Fargo objects to this Request since it seeks access to records required to be kept confidential by Wells Fargo pursuant to Fla. Stat. §

655.059.  Moreover, Wells Fargo objects to this Request on the grounds that it invades the privacy rights of non-parties as set forth in the Florida Constitution. Without waiving the foregoing objections, Wells Fargo will produce certain documents related to the construction project undertaken at the home.

The Defendant files the same objections to this Request as the others to the extent it seeks documents protected by the attorney-client privilege and/or the work product doctrine.  The Defendant's objection to this Request in that since it seeks access to records required to be kept confidential by Wells Fargo pursuant to  Fla. Stat. § 655.059 is overruled since the materials may be ordered produced by a court of competent jurisdiction.  Moreover, the Defendant's objection to this Request on the grounds that it invades the privacy rights of non-parties as set forth in the Florida Constitution is overruled. The Defendant has agreed that without waiving its objections, the Defendant will produce the documents at a mutually convenient date and time at the offices of Fox Rothschild, LLP.

Thus, based upon the Parties briefs the Court has determined that the Motion to Compel should be granted in part and denied and part and that confidential information will be subject to the Court's Confidentiality Order.

Accordingly, it is now

**ORDERED:**

The Plaintiffs, Stacey Sue Berlinger a/k/a O'Conner, Brian Bruce Berlinger, and Heather Anne Berlinger's Amended Motion to Compel Response to Plaintiff's Request for Production of Documents  (Doc. #36) is **GRANTED in part and DENIED in part**.

(1)The Plaintiffs, Stacey Sue Berlinger a/k/a O'Conner, Brian Bruce Berlinger, and Heather Anne Berlinger's Amended Motion to Compel Response to Plaintiff's Request for Production of Documents Numbers 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, and 14. is **GRANTED**.

(2) The Plaintiffs, Stacey Sue Berlinger a/k/a O'Conner, Brian Bruce Berlinger, and Heather Anne Berlinger's Amended Motion to Compel Response to Plaintiff's Request for Production of Document Number 13 is **DENIED**.

(3) The Defendant Wells Fargo must provide a Privilege Log for any documents it claims protected by the attorney-client and/or work product privileges.

(4) The Court will issue a Confidentiality Order for any documents deemed confidential or protected propriety financial information.

(5) The Defendant has up to and including **Friday, March 9, 2012**, to produce the documents.

**DONE AND ORDERED** at Fort Myers, Florida, this ___28th___ day of February, 2012.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record

-14-