**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION**

STACEY SUE BERLINGER, as beneficiaries to
Rosa B. Schwiker Trust and all of its related trusts,
also known as STACEY BERLINGER
O'CONNOR, BRIAN BRUCE BERLINGER, ,

                Plaintiffs,

-vs-                                          Case No.  2:11-cv-459-FtM-99SPC

WELLS FARGO, N.A.,AS SUCCESSOR TO
WACHOVIA BANK, N.A., as Corporate Trustee to
the Rosa B. Schweiker Trust, and all of its related
trusts ,

                Defendant.

_____

**PROTECTIVE ORDER OF CONFIDENTIALITY**

      **IT IS ORDERED** that:

      1. The terms of this Order shall apply to all documents produced or disclosed by the Defendant WELLS FARGO, N.A.,AS SUCCESSOR TO WACHOVIA BANK, N.A., as Corporate Trustee to the Rosa B. Schweiker Trust, and all of its related trusts , in response to the Plaintiff's Discovery requests in the above styled case.

      2. All material which the Defendant discloses, the contents of which said party wishes subject to this Order, may be designated as "CONFIDENTIAL" by that party and is subject to this Order.

      3. Material designated "CONFIDENTIAL" means information which the producing party believes in good faith to constitute confidential personal and/ privileged financial information which the producing party has in its possession.

4. All material submitted in these proceedings, either voluntarily or pursuant to an order of the court, must be clearly marked by the producing party as "CONFIDENTIAL" to be subject to this Order.

5. No information designated as "CONFIDENTIAL" shall be disclosed to anyone other than parties and persons designated herein and shall be handled in the manner set forth below, and in any event, shall not be used for any purpose other than for the purposes of the above captioned litigation, unless and until such designation is removed either by agreement of counsel for the parties or by an order of the Court.

6. All material designated "CONFIDENTIAL" shall, in the absence of written permission from the producing party or an order of the Court, be disclosed by the receiving party to only the following, subject to Paragraph 7 of this Order:

    a. The receiving party;

    b. The receiving party's own counsel and its associates, law clerks, paralegals, secretaries, office personnel and outside clerical services engaged by counsel, such as copying and courier services;

    c. Qualified persons taking testimony involving such information and necessary stenographic and clerical personnel thereof;

    d. Subject to Paragraph 7 of this Order, experts, Consultant and their staff who are consulted by counsel of record; and

    e. Subject to Paragraph 7 of this Order, any other person of whom testimony is to be taken in this proceeding, whether at trial or by deposition, except that such person

may only be shown "CONFIDENTIAL" items during testimony and in preparation therefor.

7. Material designated "CONFIDENTIAL" shall not be disclosed to any persons designated in Paragraphs 6(c) or 6(d) unless they have first read this Order and have agreed in writing by signing a promise to be bound by the terms hereof, (EXHIBIT A) not to disclose any information designated "CONFIDENTIAL" to anyone other than another person specified in Paragraph 7 who has read this Order and agreed to be bound hereby, and to utilize information designated "CONFIDENTIAL" solely for the purpose of these proceedings.

8. All material designated "CONFIDENTIAL" by any party, and all reproductions and summaries thereof and memoranda relating thereto, shall be retained by the other parties in the custody of counsel of record, except as may be temporarily released to deponents or to experts (e.g., for the purpose of preparing for deposition or trial, for the purpose of reading and signing their depositions or for preparing an expert report).

9. If any material designated "CONFIDENTIAL" pursuant to this Order is filed for any purpose, it shall be filed with the Clerk under seal which shall not be opened until further order of the Court.

10. Any "CONFIDENTIAL" designation that inadvertently is omitted may be corrected by written notification. After such notification, counsel will use best efforts to affix the designation "CONFIDENTIAL" on all copies of the material and retrieve any copies of materials disclosed to persons not entitled to see such materials under the terms of this Order.

11. Upon termination of these proceedings, each party which is subject to this Order shall assemble and return to the other parties all items designated "CONFIDENTIAL," including all

copies of such materials which may have been made, but not including copies containing notes or other attorney's work product, which may have been placed thereon by counsel for the other parties. All copies containing notes or other attorney's work product shall be destroyed. Receipt of material returned by a party shall be acknowledged in writing.

12. Neither the taking of any action in accordance with the provisions of this Order, nor the failure to object thereto, shall be interpreted as a waiver of any claim or defense in this action. Moreover, the failure to designate information in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof. The entry of this Order shall not be interpreted as a waiver of any right to object to the furnishing of information in response to the issued subpoena or discovery request, except as expressly provided, shall not relieve any party of the obligation of producing information in the course of discovery. To the extent that privileged documents are disclosed in accordance with this Order, subject to the designation "CONFIDENTIAL," the privilege shall not be deemed waived by such production, and may be raised as a defense to their subsequent disclosure to others or at the trial of this action. Entering into, agreeing to, producing or receiving material under, or otherwise complying with the terms of this Order, shall not operate as an admission by any party that any particular material contains confidential information.

13. Any item or portion of any item produced, which has been designated "CONFIDENTIAL" by any party, will be deemed "CONFIDENTIAL" and subject to the restrictions of this Order, provided, however, that any party may challenge before the United States District Court for the Middle District of Florida, Fort Myers, Division the "CONFIDENTIAL" designation

of any item or portion thereof, subject to Paragraph 14, but until there is a final determination on any challenge, the challenging party agrees to respect the designation of "CONFIDENTIAL."

14. If the party wishes to disclose any material designated as "CONFIDENTIAL" to any persons not enumerated in Paragraph 6, said party may seek written permission from the producing party or, upon motion and contradictory hearing, judicial relief from the provisions of this Order. The parties agree that any challenge to a designation of "CONFIDENTIAL" shall be addressed first through a meet-and-confer between the parties and if the issue is not resolved, the challenging party shall file a motion to compel with the United States District Court for the Middle District of Florida. Nothing contained herein shall be deemed to alter the rules ordinarily governing a judicial determination regarding whether a Protective Order is warranted.

15. If any party seeks to offer or use any "CONFIDENTIAL" material at trial or hearing, that party shall inform the other parties that it is about to offer such "CONFIDENTIAL" material, and any party may request that the trial or hearing be conducted in camera, or that the exhibit be filed under seal, or such other relief as may be appropriate.

16. The parties agree that any documents subject to this Order that are provided prior to the signing and entry of this Order by the Court, is subject to the provisions set forth herein.

17. This Order shall continue in force until dissolved, or final judgment is entered in the case and as may be modified by the Court as provided herein.

**DONE AND ORDERED** at Fort Myers, Florida, this ___28th___ day of February, 2012.

*/s/ Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record

**EXHIBIT A**

**PROMISE OF CONFIDENTIALITY**

STATE OF _____

COUNTY OF _____

1. My name is _____. I live at _____. I am employed as _____ by _____.

2. I am aware that a document and information protective order has been entered in _____ and a copy of that Protective Order has been given to me.

3. I promise that I will use the **confidential materials** as defined under that Protective Order <u>only</u> in connection with assisting counsel for the Plaintiffs or Defendants in preparing for litigation of this matter.

4. I promise that I will not disclose or discuss such **confidential material** with any person other than the parties, and counsel for the parties or members of their staff who are actively engaged in the preparation of this case.

5. I understand that any use of the confidential material I obtain, in any manner contrary to the provisions of the Protective Order may subject me to sanctions by this Court, and I agree to the jurisdiction of this Court to enforce any such Order.

6. I expressly consent to the jurisdiction of this Court with respect to matters within the scope of the Protective Order.

7. I promise to promptly return to WELLS FARGO, N.A., AS SUCCESSOR TO WACHOVIA BANK, N.A., as Corporate Trustee to the Rosa B. Schweiker Trust, and all of its related trusts , through delivery to counsel representing Plaintiffs or Defendant, all **confidential materials** or any portion or summary thereof, upon notice mailed to me at the address provided hereinabove, and I promise that under no circumstance will I retain any duplicate of any such **confidential material**. I assume all responsibility for returning this material to WELLS FARGO, N.A., AS SUCCESSOR TO WACHOVIA BANK, N.A., as Corporate Trustee to the Rosa B. Schweiker Trust, and all of its related trusts as set forth herein, and I bear all risks associated with the purported loss, destruction

or inadvertent disclosure of such **confidential material** that has been entrusted to my care. My failure to return all such **confidential material** will be deemed a disclosure in violation of the Protective Order and this agreement, which may subject me to sanctions. I expressly agree to pay all reasonable attorneys' fees, costs and expenses associated with enforcement of this paragraph in order to obtain my compliance with it, in addition to any sanctions the Court may impose.

_____
Signature                                                                                                                   Date


Witness my hand and seal this _____ day of _____, 200\_\_.

(SEAL)


State of _____

_____ County

    I, _____, a notary public for this county and state, certify that _____, whose name is signed to the foregoing instrument, and who is known to me, acknowledged before me on this day that, being informed of the contents of the instrument, the above named individual executed the same voluntarily on the day the same bears date.

_____
Notary Public


My Commission Expires: _____