# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

STACEY SUE BERLINGER, as beneficiaries to
Rosa B. Schwiker Trust and all of its related trusts,
also known as STACEY BERLINGER
O'CONNOR, BRIAN BRUCE BERLINGER, ,

                Plaintiffs,

-vs-                                                Case No. 2:11-cv-459-FtM-99SPC

WELLS FARGO, N.A., AS SUCCESSOR TO
WACHOVIA BANK, N.A., as Corporate Trustee to
the Rosa B. Schweiker Trust, and all of its related
trusts ,

                Defendant.

_____

## **ORDER**

      This matter comes before the Court on The Plaintiffs Stacy Sue Berlinger a.k.a. Stacy O'Conner, Brian Bruce Berlinger, and Heather Anne Berlinger's Motion to Compel the Defendant to Provide Better Responses to Plaintiffs' Interrogatories (Doc. #34) filed on January 9, 2012. The Defendant filed its Response in Opposition (Doc. # 39) on January 26. 2012. The Motions are fully briefed and ripe for the Court's review.

      The Federal Rules state that, "[t]he party upon whom the request [for production] is served shall serve a written response within 30 days after the service of the request." Fed. R. Civ. P. 34(b). Likewise, a party upon whom interrogatories have been served has 30days to respond either by filing answers or objections to the propounded interrogatories. Fed. R. Civ. P. 33(b). If the serving party does not receive a response to their interrogatories and request for production, then the serving party may request an order compelling disclosure. Fed. R. Civ. P. 37(a). Whether or not to grant the

motion to compel is at the discretion of the trial court. Commercial Union Insurance Co. v. Westrope, 730 F.2d 729, 731 (11th Cir. 1984).

October 12, 2011, Plaintiffs' Interrogatories were propounded and served on the Defendant Wells Fargo Bank, Individually and as Successor to Wachovia Bank, N.A. On November 14, 2011, the day that Defendant's responses to Plaintiffs' Interrogatories were due, Defendant filed a Motion with this Court moving for an enlargement of time to respond to the Plaintiffs' Interrogatories. This Court granted the extension on November 17, 2011, providing the Defendant with an additional thirty (30) days. On, December 14, 2011, Defendant served a response to Plaintiffs' Interrogatories. The Plaintiffs now move the Court to Compel better responses to interrogatories numbers 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21a, 21b, 22, and 23.

The Court shall review the interrogatories in order. The Court notes that the Defendant filed five (5) general objections to the interrogatories. The Defendant states in pertinent part "Defendant adopts and incorporates by reference each of the following General Responses and Objections to the extent applicable to any of its specific responses below to Plaintiff's individual Requests." General or blanket objections should be used only when they apply to every [discovery request at issue.]" Desoto Health & Rehab, L.L.C. v. Philadelphia Indem. Ins. Co., 2010 WL 2330286 *1 (M.D. Fla. June 10, 2010) (citing Jackson v. Geometrica, Inc., 2006 WL 213860 *1 (M.D. Fla. January 21, 2006) (citing M.D. Fla. Discovery Rule, pp. 11, 15). Otherwise, "[s]pecific objections should be matched to specific" interrogatories or requests for production. Desoto Health & Rehab, 2010 WL 2330286 at *1 (citing Jackson, 2006 WL 213860 at *1);  Fed. R. Civ. P. 33(b) and 34(b). Additionally, "[w]hen ruling upon a motion to compel, the court generally considers [only] those

objections which have been timely asserted and relied upon in response to the motion. <u>Jackson</u>, 2006 WL 213860 at * 1.

Here, the Defendant states the general objections apply to the extent applicable to any specific responses without designating which response or how each objection applies to the said response(s).  Thus, objections that are simply made as general blanket objections will be overruled by the Court.

Interrogatory number 2 asks for the Defendant to state the full names, addresses, profession, official position and relationship with the party to whom the interrogatories are directed of those people consulted with and/or utilized when formulating responses to these interrogatories.  The Defendant objected stating "Wells Fargo objects to this Interrogatory to the extent it seeks documents protected by the attorney-client privilege and/or the work product doctrine." Naming the individual that answered or that were tasked with gathering the information to answer the interrogatories is not protected by the attorney-client privilege nor is it protected attorney work product.  The objection is overruled and the Motion to Compel Interrogatory number 2 is due to be granted.

Interrogatory number 3 asks the Defendant to "[p]lease list any and all records, notes, but not limited to, documents reviewed and/or utilized when formulating responses to these interrogatories." The Defendant responded

> Wells Fargo objects to this Interrogatory to the extent it seeks documents protected by the attorney-client privilege and/or the work product doctrine. Wells Fargo objects to this Interrogatory since it seeks access to records required to be kept confidential by Wachovia pursuant to Section 655.059, Florida Statutes. Moreover, Wells Fargo objects to this Interrogatory on the grounds that it invades the privacy rights of non-parties as set forth in the Florida Constitution.

The Defendant's objection is not well taken. Under Fla. Stat. § 655.059(e), confidential bank records may be produced for inspection upon the order of a court of competent jurisdiction. Further the request merely asks that the Defendant disclose what documents were used to answer the interrogatories and did not ask for the documents to be produced. The request is asking for factual information and not confidential or protected privileged information. Thus, the Motion is due to be granted as to Interrogatory number 3.

Interrogatory number 4 asks the Defendant to

> Please state the full names, addresses, profession, official position and relationship with the party to whom the interrogatories are directed of those individual(s) involved in the decision to have Wachovia Bank, N.A. pay $2,000,000.00—through the purchase of a one third interest in property owned by Bruce D. Berlinger and located at 550 Banyan Blvd., Naples, Florida 34102—to Sue Casselberry for the equitable distribution of marital Assets in a divorce settlement between Sue Casselberry and Bruce D. Berlinger.

The Defendant responded

> Wells Fargo objects to this interrogatory to the extent it seeks documents protected by the attorney-client privilege and/or the work product doctrine. Wells Fargo objects to this Interrogatory since it seeks access to records required to be kept confidential by Wachovia pursuant to Section 655.059, Florida Statutes. Moreover, Wells Fargo objects to this Interrogatory on the grounds that it invades the privacy rights of non-parties as set forth in the Florida Constitution. Wells Fargo objects to this Interrogatory as vague and ambiguous.

The Defendant's objection is not well taken. The Interrogatory asks for the names of the individuals that made the decision to purchase a $2,000,000.00 interest in the home of Sue Casselberry. Those names are not protected by the attorney-client nor the work product privilege. As such, the Motion is due to be granted as to number 4.

Interrogatory number 5 asks the Defendant to

> Please state the full names, addresses, profession, official position and relationship with the party to whom the interrogatories are directed of those individual(s) who authorized or approved Wachovia Bank, N.A. to pay $2,000,000.00—through the purchase of a one third interest in property owned by Bruce D. Berlinger and located at 550 Banyan Blvd., Naples, Florida 34102— to Sue Casselberry for the equitable distribution of marital assets in a divorce settlement between Sue Casselberry and Bruce D. Berlinger.

The Defendant objected to this interrogatory stating

> Wells Fargo objects to this interrogatory to the extent it seeks documents protected by the attorney-client privilege and/or the work product doctrine. Wells Fargo objects to this Interrogatory since it seeks access to records required to be kept confidential by Wachovia pursuant to Section 655.059, Florida Statutes. Moreover, Wells Fargo objects to this Interrogatory on the grounds that it invades the privacy rights of non-parties as set forth in the Florida Constitution. Wells Fargo further objects to this Interrogatory as vague and ambiguous.

The Defendant's objection is overruled. Interrogatory number 5 takes Interrogatory number 4 one step further and asks for the names of any individual that may have authorized the distribution of funds from the respective trust funds for the purchase of a $2,000,000.00 interest in the home of Bruce D. Berlinger. Thus, the Motion is due to be granted.

Interrogatory number 6 asks the Defendant to

> Please state the reasons for your decision to authorize or approve Wachovia Bank, N.A. to pay $2,000,000.00—through the purchase of a one third interest in property owned by Bruce D. Berlinger and located at 550 Banyan Blvd., Naples, Florida 34102—to Sue Casselberry for the equitable distribution of marital assets in a divorce settlement between Sue Casselberry and Bruce D. Berlinger.

The Defendant objected to the request

> Wells Fargo objects to this interrogatory to the extent it seeks documents protected by the attorney-client privilege and/or the work product doctrine. Wells Fargo objects to this Interrogatory since it seeks access to records

> required to be kept confidential by Wachovia pursuant to Section 655.059, Florida Statutes. Moreover, Wells Fargo objects to this Interrogatory on the grounds that it invades the privacy rights of non-parties as set forth in the Florida Constitution. Wells Fargo further objects to this Interrogatory as vague and ambiguous.

The interrogatory goes to the heart of the matter and should therefore be answered. The general objection is overruled.

Request number 7 asks Defendant to

> state the full names, addresses, profession, official position and relationship with the party to whom the interrogatories are directed of those individual(s) involved in the decision to have Wachovia Bank, N.A. use $1,318,356.50 from principal from the Rosa B. Schweiker Trust in order to pay the $2,000,000.00-through the purchase of a one third interest in property owned by Bruce D. Berlinger and located at 550 Banyan Blvd., Naples, Florida 34102-to Sue Casselberry for the equitable distribution of marital assets in a divorce settlement between Sue Casselberry and Bruce D. Berlinger.

The Defendant objected as follows:

> Wells Fargo objects to this interrogatory to the extent it seeks documents protected by the attorney-client privilege and/or the work product doctrine. Wells Fargo objects to this Interrogatory since it seeks access to records required to be kept confidential by Wachovia pursuant to Section 655.059, Florida Statutes. Moreover, Wells Fargo objects to this Interrogatory on the grounds that it invades the privacy rights of non-parties as set forth in the Florida Constitution. Wells Fargo further objects to this Interrogatory as vague and ambiguous.

The Plaintiff did not ask for the production of documents but only the names, addresses, profession, official position and relationship with the party to whom the interrogatories are directed of those individual(s) involved in the decision to have Wachovia Bank, N.A. use $1,318,356.50 for the purchase of a one third interest in Bruce Berlinger's house. As such, the attorney-client privilege is inapplicable as well as any argument that the information is protected from disclosure by the Florida Statutes.

Interrogatory number 8 asks

> Please state the full names, addresses, profession, official position and relationship with the party to whom the interrogatories are directed of those individual(s) who authorized or approved Wachovia Bank, N.A. paying $1,318,356.50 from principal from the Rosa B. Schweiker Trust in order to pay the $2,000,000.00—through the purchase of a one third interest in property owned by Bruce D. Berlinger and located at 550 Banyan Blvd., Naples, Florida 34102—paid to Sue Casselberry for the equitable distribution of marital assets in a divorce settlement between Sue Casselberry and Bruce D. Berlinger.

The Defendant filed the same objection. Again the objection is not well taken. The Plaintiff is only asking for names and not document production therefore, the Defendant's objections are overruled.

Interrogatory number 9

> Please state the reasons for your decision to authorize or approve Wachovia Bank, N.A. to pay $1,318,356.50 from principal from the Rosa B. Schweiker Trust in order to pay the $2,000,000—through the purchase of a one third interest in property owned by Bruce D. Berlinger and located at 550 Banyan Blvd., Naples, Florida 34102—paid to Sue Casselberry for the equitable distribution of marital assets in a divorce settlement between Sue Casselberry and Bruce D. Berlinger.

The Defendant responded

> Wells Fargo objects to this interrogatory to the extent it seeks documents protected by the attorney-client privilege and/or the work product doctrine. Wells Fargo objects to this Interrogatory since it seeks access to records required to be kept confidential by Wachovia pursuant to Section 655.059, Florida Statutes. Moreover, Wells Fargo objects to this Interrogatory on the grounds that it invades the privacy rights of non-parties as set forth in the Florida Constitution. Wells Fargo further objects to this Interrogatory as vague and ambiguous.

The Defendant's objection is not well taken. The interrogatory goes to the heart of the matter and should therefore be answered. The general objection is overruled.

Regarding Interrogatories numbers 10, 11, 12, 13, 17, 18, 19 20, 22, and 23, the Defendant objected on the grounds of the attorney client privilege, statutory privilege, or that the interrogatory was vague and ambiguous. However, the Defendant then answered the questions. The Defendant cannot object and then provide an answer notwithstanding the objection. In such instances, the objections are waived with the exception of the attorney client privilege. If the Defendant wishes to make an objection based upon the attorney client privilege, then the Defendant can supply the Court and Plaintiff with a privilege log with the basis for the privilege. Otherwise, the answers provided in response to Interrogatories 10, 11, 12, 13, 17, 18, 19 20, 22, and 23 stand as written. Therefore, since the Defendant answered 10, 11, 12, 13, 17, 18, 19, 20, 22, and 23, the Motion is due to be denied regrading those interrogatories.

Finally, Interrogatory number 21(a) and (b) states

> Please state the known monthly amount(s) that were distributed for the purposes of paying the alimony or support obligations of Bruce D. Berlinger.
>
> A) Were budgets ever created by Wachovia bank, N.A., and/or Wells Fargo Bank, N.A., that reflect the amounts determined to be necessary in order to pay those alimony or support payments referenced above?
>
> B) If so, who assembled those budgets and were/are they kept in the usual course of business and how are they archived so that they can be identified and then produced through a request for production.

The Defendant objected to parts (a) and (b) of the Interrogatory stating

> Wells Fargo objects to this Interrogatory since it seeks access to records required to be kept confidential by Wachovia pursuant to Section 655.059, Florida Statutes. Moreover, Wells Fargo objects to this Interrogatory on the grounds that it invades the privacy rights of non-parties as set forth in the Florida Constitution.

The Defendant's objection is overruled. Under Fla. Stat § 655.059(e) the confidential materials may

be ordered produced by a court of competent jurisdiction. Furthermore, the Court has issued a Confidentiality Order (Doc. # 44), to protect the privacy interests of any non-parties that may be involved. The Motion to Compel 10, 11, 12, 13, 17, 18, 19, 20, 22, and 23 is due to be denied.

Accordingly, it is now

**ORDERED:**

The Plaintiffs Stacy Sue Berlinger a.k.a. Stacy O'Conner, Brian Bruce Berlinger, and Heather Anne Berlinger's Motion to Compel the Defendant to Provide Better Responses to Plaintiffs' Interrogatories (Doc. #34) is **GRANTED in part and DENIED in part**.

(1) The Plaintiffs Stacy Sue Berlinger a.k.a. Stacy O'Conner, Brian Bruce Berlinger, and Heather Anne Berlinger's Motion to Compel Interrogatories 2, 3, 4, 5, 6, 7, 8, 9, and 21(a) and (b) is due to be **GRANTED.**

(2) The Plaintiffs Stacy Sue Berlinger a.k.a. Stacy O'Conner, Brian Bruce Berlinger, and Heather Anne Berlinger's Motion to Compel Interrogatories 10, 11, 12, 13, 17, 18, 19, 20, 22, and 23 is **DENIED**.

(4) The Defendant Wells Fargo has up to and including **March 21, 2012**, to file full and complete answers to Interrogatories 2, 3, 4, 5, 6, 7, 8, 9, and 21(a) and (b).

**DONE AND ORDERED** at Fort Myers, Florida, this ___1st___ day of March, 2012.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record