```
                 UNITED STATES DISTRICT COURT
                  MIDDLE DISTRICT OF FLORIDA
                     FORT MYERS DIVISION
```

STACEY SUE BERLINGER, BRIAN BRUCE
BERLINGER, and HEATHER ANNE
BERLINGER, as beneficiaries to the
Rosa B. Schweiker Trust and all of
its related trusts,

             Plaintiffs,

vs.                                     Case No. 2:11-cv-459-FtM-29UAM

WELLS FARGO, N.A. as Successor to
WACHOVIA BANK, N.A., as Corporate
Trustee to the Rosa B. Schweiker
Trust, and all of its related trusts,

             Defendant/Third
             Party Plaintiff,

vs.

BRUCE D. BERLINGER and SUE
CASSELBERRY

             Third Party
             Defendants.
_____

## OPINION AND ORDER

This matter comes before the Court on plaintiffs' Objections to Magistrate's Decision on Motion for Disqualification of Amy S. Rubin, Esq. and the Law Firm of Fox Rothschild (Doc. #67) filed on May 1, 2012.

**I.**

In their First Amended Complaint, plaintiffs Stacey Sue Berlinger, Brian Bruce Berlinger, and Heather Anne Berlinger (plaintiffs), beneficiaries to the Rosa B. Schweiker Trust and all

of its related trusts (Trusts), allege that Wells Fargo, N.A. (Wells Fargo), corporate co-trustee of the Trusts, wrongfully distributed trust funds to Sue Casselberry (Ms. Casselberry), as a result of her 2007 divorce settlement with Bruce D. Berlinger (Mr. Berlinger). (Doc. #25, pp. 7, 8.) Plaintiffs moved to disqualify Wells Fargo's counsel, Amy S. Rubin (Rubin), due to an alleged conflict of interest based on counsel's involvement in the prior divorce action between Mr. Berlinger and Ms. Casselberry. (Doc. #48.)

In the divorce proceedings, a Joint Defense Agreement (JDA) was executed and signed on behalf of Mr. Berlinger and Wells Fargo, by their attorneys, John Asbell and Amy S. Rubin. (Id., p. 3.) The JDA provided for the signatories to cooperate with each other and to share privileged information in their joint defense against Ms. Casselberry. (Id.) In their motion, plaintiffs argued that Rubin's prior involvement in the divorce proceedings disqualified her from representing Wells Fargo in this case. (Doc. #48.) They asserted that: (1) during the divorce action, Rubin filed a motion for partial summary judgment and an Answer "in accordance with the understanding produced by the [JDA] . . ."; (2) Rubin's Answer admitted that she owed a fiduciary duty to plaintiffs; and (3) Rubin relied on information obtained from her representation of Wells Fargo during the divorce proceedings to subpoena documents showing that plaintiffs signed releases which waived their claims

to a portion of the Trusts' corpus. (Id.) On April 19, 2012, the Magistrate Judge issued an Order denying plaintiffs' motion. (Doc. #67.)

**II.**

Plaintiffs object to the Magistrate Judge's Order pursuant to Fed. R. Civ. P. 72(a). A district court reviews an objection to a non-dispositive order of a magistrate judge to determine whether the order was clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A).

In their objections, plaintiffs allege that the Magistrate Judge misinterpreted Jacob v. Barton, 877 So. 2d 935 (Fla. 2d DCA 2004) and held in error that there was no attorney-client relationship between plaintiffs and Rubin during the divorce proceedings. (Doc. #67, p. 5.)

In Jacob, Florida's Second District Court of Appeals considered whether plaintiff could compel discovery of privileged documents relating to the billing records of the attorney hired to assist with the administration of the trust. 877 So. 2d at 936. The tension arose from the fact that the plaintiff was both the beneficiary of the trust and the trustee's adversary in the litigation. Id. As the beneficiary, plaintiff was entitled to information about and an accounting of the trust assets, but as an opposing party, he could not access privileged information related to the parties' litigation. Id. To resolve the tension, the court

set out to determine the "real client" of the attorney by deciding "whose interests the attorneys represent[ed] - the trustee's or the beneficiary's." Id. at 937. As the Jacob court explained: "[u]sually, a lawyer retained by a trust represents the trustee, not the beneficiary . . . In some circumstances, however, the beneficiary may be the person who will benefit from the legal work the trustee has instructed the attorney to perform . . . In that situation, the beneficiary may be considered the attorney's 'real client'. . . ." Id.

Plaintiffs allege that under Jacob, they formed an attorney-client relationship with Rubin because they benefitted from her legal work during the divorce proceedings. (Doc. #67, p. 6.) The Magistrate Judge disagreed. (Doc. #58, p. 5.) Plaintiffs object that the Magistrate Judge mistakenly interpreted the term "benefit" to mean legal representation that brings an immediate pecuniary benefit to a party. (Doc. #67, p. 6.)

Instead, plaintiffs argue that this Court should apply Riggs Nat'l Bank of Washington D.C. v. Zimmer, 355 A.2d 709 (Del. Ch. 1976). In Riggs, which considered whether the trustees' attorney-client privilege prevented the disclosure of a memorandum to the beneficiaries, the Court found the beneficiaries to be the "real clients" where: (1) the content of the advice was for the benefit of the trust, not the trustees; (2) the advice was paid for with

assets of the trust, not the trustees; and (3) no adversarial proceeding against the trustees was pending. Id. at 711.

The Court agrees with the Magistrate Judge that neither Jacob nor Riggs requires a finding of an attorney-client relationship between plaintiffs and Rubin. Plaintiffs have not explained any "benefit" derived from Rubin's representation of Wells Fargo during the divorce proceedings. Plaintiffs did not sign the JDA and there is no indication that they were aware of it. (Doc. #48-2, p. 5.) Instead, as a result of the divorce proceedings, plaintiffs signed releases which relinquished their rights to a portion of the funds held in the Trusts, and the releases advised plaintiffs that they "may have separate representation to review this document." (Doc. #56-3.) Moreover, as the Magistrate Judge concluded, neither the motion for partial summary judgment nor the answer filed during the divorce proceedings indicate that Rubin represented plaintiffs. (Doc. #58, p. 6.) Therefore, the record does not support plaintiffs' assertion that Rubin benefitted or represented their interests during the divorce proceedings.

The Court concludes that plaintiffs have not established either that the Order was clearly erroneous or that it was contrary to law and, thus, plaintiffs' objections are overruled.

Accordingly, it is now

**ORDERED:**

Plaintiffs' Objections to Magistrate's Decision on Motion for Disqualification of Amy S. Rubin, Esq. and the Law Firm of Fox Rothschild (Doc. #67) are **OVERRULED**.

**DONE AND ORDERED** at Fort Myers, Florida, this <u>15th</u> day of July, 2013.

*/s/ John E. Steele*
JOHN E. STEELE
United States District Judge

Copies: Counsel of record