UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

STACEY SUE BERLINGER, BRIAN BRUCE BERLINGER, and HEATHER ANNE BERLINGER, as beneficiaries to the Rosa B. Schweiker Trust and all of its related trusts,

    Plaintiffs,

vs.    Case No.  2:11-cv-459-FtM-29UAM

WELLS FARGO, N.A. as Successor to WACHOVIA BANK, N.A., as Corporate Trustee to the Rosa B. Schweiker Trust, and all of its related trusts,

    Defendant/Third Party Plaintiff,

vs.

BRUCE D. BERLINGER and SUE CASSELBERRY

    Third Party Defendants.
_____

**OPINION AND ORDER**

This matter comes before the Court on Bruce D. Berlinger's Objections to Magistrate's Decision on Motion for Disqualification of Amy S. Rubin, Esq. and the Law Firm of Fox Rothschild (Doc. #80) filed on June 27, 2012.  No response has been filed and the time to respond has expired.

**I.**

In their First Amended Complaint, plaintiffs Stacey Sue Berlinger, Brian Bruce Berlinger, and Heather Anne Berlinger

(plaintiffs), beneficiaries to the Rosa B. Schweiker Trust and all of its related trusts (Trusts), allege that Wells Fargo, N.A. (Wells Fargo), corporate co-trustee of the Trusts, wrongfully distributed trust funds to Sue Casselberry (Casselberry), as a result of her 2007 divorce settlement with Bruce D. Berlinger (Berlinger). (Doc. #25, pp. 7, 8.) Plaintiffs moved to disqualify Wells Fargo's counsel, Amy S. Rubin (Rubin), due to an alleged conflict of interest based on counsel's involvement in the prior divorce action between Berlinger and Casselberry. (Doc. #48.) On April 19, 2012, the Magistrate Judge issued an Order denying plaintiffs' motion. (Doc. #58.) Plaintiffs filed objections, which were overruled. (Doc. #85.)

On April 20, 2012, defendant filed a Third Party Complaint alleging claims of contribution and unjust enrichment against Berlinger and a claim of unjust enrichment against Casselberry. (Doc. #60.) Berlinger similarly moved to disqualify Wells Fargo's counsel, Rubin. (Doc. #71.)

In the divorce proceedings, a Joint Defense Agreement (JDA) was executed and signed on behalf of Berlinger and Wells Fargo, by their attorneys, John Asbell (Asbell) and Rubin. (Id., pp. 3, 4.) The JDA provided for the signatories to cooperate with each other and to share privileged information in their joint defense against Casselberry. (Id.) In his motion, Berlinger argued that Rubin's prior involvement in the divorce proceedings disqualified her from

representing Wells Fargo in this case. (Doc. #71.) He asserted that: (1) during the divorce action, Rubin filed a motion for partial summary judgment and an Answer "in accordance with the understanding produced by the [JDA]. . . ."; (2) Rubin's Answer admitted that she owed a fiduciary duty to the beneficiaries, which included Berlinger; and (3) Rubin relied on information obtained from her representation of Wells Fargo during the divorce proceedings to subpoena documents showing that plaintiffs signed releases which waived their claims to a portion of the Trusts' corpus. (Id.) On June 15, 2012, the Magistrate Judge issued an Order denying Berlinger's motion. (Doc. #78.)

## II.

Berlinger objects to the Magistrate Judge's Order pursuant to Fed. R. Civ. P. 72(a). A district court reviews an objection to a non-dispositive order of a magistrate judge to determine whether the order was clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A).

In his objections, Berlinger argues that the Magistrate Judge erred because: (1) under the relevant case law, an attorney-client relationship forms between counsel for one defendant and a co-defendant when they enter into a joint defense agreement, even when the co-defendant retains separate counsel; (2) Jacob v. Barton, 877 So. 2d 935 (Fla. 2d DCA 2004) holds that an attorney-client relationship is formed between a co-trustee and/or beneficiary and

an attorney, when that attorney is hired by a trust to provide legal services; (3) if an attorney-client relationship was formed between Rubin and Berlinger, the prior litigation was shown to be substantially similar; and (4) Berlinger did not make an informed waiver of future conflicts. (Doc. #80.)

After a *de novo* review of the law, the Court agrees with the Magistrate Judge that Berlinger has failed to establish that an attorney-client relationship existed between Berlinger and Rubin.

Berlinger first argues that under the relevant case law an attorney-client relationship formed between Rubin and himself as a result of the JDA. The Court disagrees. Co-defendants who enter into a joint defense agreement are represented by independent counsel, but agree to pursue a common defense strategy that necessitates the exchange of confidential communications made during defense strategy sessions. United States v. Almeida, 341 F.3d 1318, 1323-24 (11th Cir. 2003). To facilitate confidential exchanges of information between co-defendants, the communications made during the joint defense strategy are privileged. Id. (citations omitted). However, a joint defense agreement does not necessarily create a duty of loyalty between the co-defendants and their counsel. Id. at 1323. "[I]t is therefore improper to conclude that all of the attorneys in the joint defense strategy session represent all of the participating defendants." Id. See also Wilson P. Abraham Constr. Corp. v. Armco Steel Corp., 559 F.2d

250, 253 (5th Cir. 1977)(noting that in the joint-defense situation, "there is no presumption that confidential information was exchanged as there was no direct attorney-client relationship.")  Therefore, the case law does not suggest that an attorney-client relationship was formed.[1]

Berlinger also argues that under Jacob, 877 So. 2d 935, Rubin's "real client" is Berlinger as either a co-trustee or a beneficiary to the Trusts because he benefitted from Rubin's representation.  The Court has previously addressed this argument with respect to plaintiffs and agreed with the Magistrate Judge that Jacob did not require a finding of an attorney-client relationship between plaintiffs and Rubin.  (Doc. #85.)  The Court similarly finds that Jacob does not require a finding of an attorney-client relationship between Rubin and Berlinger, either in his role as co-trustee or beneficiary.[2]

The Court concludes that Berlinger has not established either that the Order was clearly erroneous or that it was contrary to law and, thus, Berlinger's objections are overruled.

---

[1] While the Court does not find that an attorney-client relationship was formed between Berlinger and Rubin, Rubin remains unable to utilize privileged communications shared pursuant to the JDA.

[2] Because the Court does not find that an attorney-client relationship was formed between Berlinger and Rubin, the Court need not address Berlinger's remaining objections regarding whether the prior litigation was substantially similar or whether Berlinger made an informed waiver of future conflicts.

**III.**

Also before the Court is Wells Fargo Bank, N.A.'s Motion for Sanctions Pursuant to Federal Rule of Civil Procedure 11 and Florida Statute §57.105 (Doc. #76) filed on June 8, 2012. Berlinger filed a Response (Doc. #79) on June 22, 2012. Wells Fargo seeks sanctions against Berlinger and his counsel arguing that Berlinger's Motion to Disqualify (Doc. #71) is not warranted by existing law and/or the factual contentions asserted in the motion are without evidentiary support.

"Under Rule 11, sanctions are properly assessed when: (1) a party files a pleading that has no reasonable factual basis; (2) the party files a pleading based on a legal theory that has no reasonable chance of success and cannot be advanced as a reasonable argument to change existing law; or (3) the party files a pleading in bad faith for an improper purpose." Thompson v. RelationServe Media, Inc., 610 F.3d 628, 637 n.12 (11th Cir. 2010)(citation omitted). In making the determination, the Court must evaluate whether "the party's claims are objectively frivolous" and whether "the person who signed the pleadings should have been aware that they were frivolous." Jones v. Int'l Riding Helmets, Ltd., 49 F.3d 692, 695 (11th Cir. 1995)(citing McGuire Oil Co. v. Mapco, Inc., 958 F.2d 1552, 1563 (11th Cir. 1992)). The Court finds that Wells Fargo has not satisfied this standard.

Wells Fargo also seeks fees pursuant to Florida Statute Section 57.105, which allows for attorney's fees to be awarded if a claim or defense was unsupported. Fla. Stat. § 57.105(1). Monetary sanctions cannot be awarded if the Court finds that the claim was presented in good faith. Fla. Stat. § 57.105(3). As with the Rule 11 motion, the Court finds that sanctions are not appropriate because Wells Fargo has failed to satisfy the standard.

Accordingly, it is now

**ORDERED**:

1. Bruce D. Berlinger's Objections to Magistrate's Decision on Motion for Disqualification of Amy S. Rubin, Esq. and the Law Firm of Fox Rothschild (Doc. #80) are **OVERRULED**.

2. Wells Fargo Bank, N.A.'s Motion for Sanctions Pursuant to Federal Rule of Civil Procedure 11 and Florida Statute §57.105 (Doc. #76) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this <u>26th</u> day of July, 2013.

*/s/ John E. Steele*
JOHN E. STEELE
United States District Judge

Copies: Counsel of record