UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

STACEY SUE BERLINGER, BRIAN BRUCE BERLINGER, and HEATHER ANNE BERLINGER, as beneficiaries to the Rosa B. Schweiker Trust and all of its related trusts,

        Plaintiffs,

vs.                    Case No. 2:11-cv-459-FtM-29UAM

WELLS FARGO BANK, N.A. as Successor to Wachovia Bank, N.A., as Corporate Trustee to the Rosa B. Schweiker Trust, and all of its related trusts,

        Defendant/Third-Party Plaintiff,

vs.

BRUCE D. BERLINGER and SUE CASSELBERRY,

        Third-Party Defendants.
_____

## OPINION AND ORDER

This matter comes before the Court on Defendant Wells Fargo Bank, N.A.'s Motion to Dismiss and Motion to Strike Plaintiffs' Amended Complaint (Doc. #29) filed on November 21, 2011. Plaintiffs filed a Response in Opposition (Doc. #32) on December 15, 2011. For the reasons set forth below, the motion is granted in part and denied in part.

**I.**

On November 2, 2011, plaintiffs Stacey Sue Berlinger, Brian Bruce Berlinger, and Heather Anne Berlinger (plaintiffs), beneficiaries to the Rosa B. Schweiker Trust and all of its related trusts (Trusts), filed a four-count First Amended Complaint (Doc. #25) against defendant Wells Fargo, N.A. (Wells Fargo), corporate co-trustee of the Trusts.  Plaintiffs bring claims for breach of trust, breach of fiduciary duty, prayer for injunctive relief, and civil theft.  (Doc. #25.)

Defendant contends that plaintiffs' civil theft claim should be dismissed because it fails to state a claim upon which relief can be granted and that plaintiffs' count for injunctive relief should be stricken because it is both moot and improper.  (Doc. #29.)  Plaintiffs argue to the contrary.  (Doc. #32.)

**II.**

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(citation omitted).  To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555.  See also Edwards v. Prime

Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This is "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011)(citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012)(internal quotation marks and citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

### III.

**A. Count III: Prayer for Injunctive Relief**

Defendant argues that Count III, plaintiffs' request that the Court issue an order mandating the transfer of the remaining funds held by defendant to be placed with a new corporate fiduciary,

should be stricken because it is moot and inappropriate. (Doc. #29, p. 13.) Defendant asserts that Count III is moot because "in their civil theft claim [plaintiffs] indicate that the Trust assets have since been transferred to SunTrust Bank" and improper because an injunction is "potentially available only after a plaintiff can make a showing that some independent legal right is being infringed." (Id.; citations omitted.) This issue is more appropriately resolved by the motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

A claim for injunctive relief is not a freestanding cause of action in its own right. See Alabama v. U.S. Army Corps of Engineers, 424 F.3d 1117, 1127 (11th Cir. 2005)("any motion or suit for either a preliminary or permanent injunction must be based upon a cause of action, such as a constitutional violation, a trespass, or a nuisance. There is no such thing as a suit for a traditional injunction in the abstract.")(citations and internal quotation marks omitted). Therefore, Count III will be dismissed without prejudice with leave to amend.

**B. Count IV: Civil Theft**

Defendant argues that Count IV, civil theft, should be dismissed because: (1) plaintiffs do not have standing to assert a claim for civil theft; (2) Florida's civil theft statute is trumped by Florida's trust code; (3) plaintiffs' allegation regarding damages from the purported theft are insufficient; and (4)

plaintiffs' civil theft claim is barred by the economic loss rule. (Doc. #29, pp. 4-13.)

> [T]o state a claim for civil theft under Florida law, [plaintiffs] must allege an injury resulting from a violation by [defendant] of the criminal theft statute, Fla. Stat. § 812.014. To do this, [plaintiffs] must allege that [defendant] (1) knowingly (2) obtained or used, or endeavored to obtain or use, [plaintiffs'] property with (3) "felonious intent" (4) either temporarily or permanently to (a) deprive [plaintiffs] of [their] right to or a benefit from the property or (b) appropriate the property to [defendant]'s own use or to the use of any person not entitled to the property.

United Techs. Corp. v. Mazer, 556 F.3d 1260, 1270 (11th Cir. 2009)(citations omitted).

Here, plaintiffs allege that: "Defendant failed and refused to transfer, and therefore did not return, the Plaintiff's property, having possessed the felonious intent to steal and commit theft by permanently or temporarily depriving the Plaintiffs of their immediate right to and benefit from the property, or through the appropriating of the Plaintiffs property for the Defendant's own use in violation of Florida Statute § 812.014(1) and (2)." (Doc. #25, ¶ 77.) Plaintiffs do not, however, allege sufficient facts to support the conclusory allegation that defendant possessed felonious intent. See Iqbal, 556 U.S. at 678. Therefore, the motion to dismiss will be granted as to Count IV, and Count IV will be dismissed without prejudice with leave to amend.[1]

---

[1] Because plaintiffs have failed to state a civil theft claim against defendant, the Court need not address defendant's additional arguments.

Accordingly, it is now

**ORDERED**:

1. Defendant Wells Fargo Bank, N.A.'s Motion to Dismiss and Motion to Strike Plaintiffs' Amended Complaint (Doc. #29) is **GRANTED** to the extent it seeks to dismiss Counts III and IV and is **DENIED** in all other respects. Counts III and IV of the First Amended Complaint (Doc. #25) are **DISMISSED WITHOUT PREJUDICE.**

2. Plaintiffs may file a second amended complaint setting forth all of their claims **WITHIN TWENTY-ONE (21) DAYS** of this Opinion and Order. If no second amended complaint is filed within twenty-one days, the case will proceed on Counts I and II.

**DONE AND ORDERED** at Fort Myers, Florida, this <u>3rd</u> day of September, 2013.

/s/ John E. Steele
JOHN E. STEELE
United States District Judge

Copies: Counsel of record