```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                      FORT MYERS DIVISION
```

STACEY SUE BERLINGER, BRIAN BRUCE BERLINGER, and HEATHER ANNE BERLINGER, as beneficiaries to the Rosa B. Schweiker Trust and all of its related trusts,

    Plaintiffs,

vs.          Case No. 2:11-cv-459-FtM-29UAM

WELLS FARGO BANK, N.A. as Successor to Wachovia Bank, N.A., as Corporate Trustee to the Rosa B. Schweiker Trust, and all of its related trusts,

    Defendant/Third-Party Plaintiff,

vs.

BRUCE D. BERLINGER and SUE CASSELBERRY,

    Third-Party Defendants.
_____

## OPINION AND ORDER

This matter comes before the Court on Joint Motion to Dismiss Counts I and Count II of Defendant Wells Fargo Bank N.A.'s Third Party Complaint (Doc. #70) filed on May 9, 2012. Defendant/Third Party Plaintiff filed a Memorandum in Opposition (Doc. #89) on August 16, 2013. For the reasons set forth below, the motion is denied.

**I.**

On November 2, 2011, plaintiffs Stacey Sue Berlinger, Brian Bruce Berlinger, and Heather Anne Berlinger (plaintiffs), beneficiaries to the Rosa B. Schweiker Trust and all of its related trusts (Trusts), filed a four-count First Amended Complaint (Doc. #25) against defendant Wells Fargo Bank, N.A. (Wells Fargo), corporate co-trustee of the Trusts. Plaintiffs bring claims for breach of trust, breach of fiduciary duty, prayer for injunctive relief, and civil theft.[1] (Doc. #25.)

On April 20, 2012, Wells Fargo filed a Third-Party Complaint (Doc. #60) alleging claims of contribution and unjust enrichment against plaintiffs' father, Bruce D. Berlinger (Berlinger), who is a co-trustee of the Trusts, and a claim of unjust enrichment against plaintiffs' mother, Sue Casselberry (Casselberry).

Plaintiffs and third-party defendant Berlinger contend that Counts I and II of the Third-Party Complaint should be dismissed for failing to state a claim upon which relief can be granted.[2] (Doc. #70.) Wells Fargo argues to the contrary. (Doc. #89.)

---

[1] On September 3, 2013, the Court issued an Opinion and Order (Doc. #91) dismissing without prejudice the prayer for injunctive relief and civil theft claims.

[2] Because plaintiffs are not a party to the third-party complaint, they lack standing to bring this motion. See St. Paul Fire and Marine Ins. Co. v. Lago Canyon, Inc., No. 06-60889-CIV, 2007 WL 1128897 (S.D. Fla. Apr. 16, 2007). Therefore, plaintiffs' motion is denied, and the Court will address the motion brought by third-party defendant Berlinger.

**II.**

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This is "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011)(citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th

Cir. 2012)(internal quotation marks and citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

### III.

**A. Count I: Contribution**

Third-party defendant Berlinger contends that the contribution claim in Count I should be dismissed for failing to state a claim for which relief can be granted. (Doc. #70, pp. 3-13.) It is not clear at this point whether Florida and/or Pennsylvania law applies; however, the Court need not make that determination to resolve the motion. Under either Florida or Pennsylvania law, a co-trustee is entitled to contribution from the other co-trustee only if both co-trustees are liable to the beneficiaries. Fla. Stat. § 736.1002(2)("if more than one person, including a trustee or trustees, is liable to the beneficiaries for a breach of trust, each liable person is entitled to pro rata contribution from the other person or persons"); 42 Pa. Cons. Stat. §§ 8322, 8324 (the right to contribution exists among joint-tortfeasors – two or more persons jointly or severally liable in tort for the same injury to persons or property); Restatement (Second) of Trusts § 258(1)("where two trustees are liable to the beneficiary for a

breach of trust, each of them is entitled to contribution from the other").

Here, Wells Fargo alleges that Berlinger requested Wells Fargo to invest $2,000,000 in the marital home, (Doc. #60, ¶ 21); requested Wells Fargo to fund certain capital improvements, (id., ¶ 23); and requested Wells Fargo to provide regular disbursements of funds, (id., ¶ 24). Wells Fargo also alleges that Berlinger had joint responsibility for investment decisions, (id., ¶ 26). Additionally, Count I alleges that: "Wells Fargo will pay more than its fair share of a common liability," (id., ¶ 29); "[Berlinger] should pay part of the liability that would be borne by Wells Fargo," (id., ¶ 30); "Wells Fargo would suffer damages in an amount equal to the excess share of common liability paid by Wells Fargo," (id., ¶ 31); and "[Berlinger] should contribute to payment of any amounts deemed owed to Plaintiffs," (id., ¶ 32). The Court finds the Third-Party Complaint is sufficient to plausibly set forth a claim for contribution. Therefore, the motion to dismiss will be denied as to Count I.

**B.   Count II: Unjust Enrichment**

Berlinger argues that, if Count I is dismissed, Count II should be dismissed because unjust enrichment is not a derivative claim. (Doc. #70, pp. 13, 14.) As explained above, the Court will not dismiss Count I. Additionally, the Court finds the allegations

set forth a plausible claim for unjust enrichment.  Therefore, the motion to dismiss will be denied as to Count II.

Accordingly, it is now

**ORDERED**:

Joint Motion to Dismiss Counts I and Count II of Defendant Wells Fargo Bank N.A.'s Third Party Complaint (Doc. #70) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this <u>12th</u> day of September, 2013.

JOHN E. STEELE
United States District Judge

Copies: Counsel of record