UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

*CASE NO. 2:11-CV-00459-CEH-SPC*

STACEY SUE BERLINGER A/K/A STACY
BERLINGER O'CONNOR, BRIAN BRUCE BERLINGER
and HEATHER ANNE BERLINGER, as beneficiaries to the
Rosa B. Schweiker Trust and all of its related trusts
    Plaintiffs,

v.

WELLS FARGO BANK, N.A. as successor to Wachovia
Bank, N.A., as corporate trustee to the Rosa B. Schweiker
Trust and all of its related trusts.
    Defendant.
_____/

## SECOND AMENDED COMPLAINT

COMES NOW the Plaintiffs Stacey Sue Berlinger aka Stacy Berlinger O'Connor, Brian Bruce Berlinger, and Heather Anne Berlinger, as Beneficiaries to the Rosa B. Schweiker Trust and all of its related trusts, by and through their undersigned counsel, and for their cause of action states and alleges as follows:

### THE PARTIES AND THE TRUST

1. At all material times hereto, Plaintiff, Stacey Sue Berlinger aka Stacy Berlinger O'Connor (hereinafter referred to as "Stacey Berlinger") is an individual domiciled in Naples, Florida 34102.

2. At all material times hereto, Plaintiff, Brian Bruce Berlinger (hereinafter referred to as "Brian Berlinger") is an individual domiciled in Chicago, Illinois.

3. At all material times hereto, Plaintiff Heather Anne Berlinger (hereinafter referred to as "Heather Berlinger") is an individual domiciled in New York, New York.

4. At all material times herein, Defendant Wells Fargo, as successor to Wachovia Bank, National Association, was and is a national banking association authorized to do business throughout the State of Florida, with its principal place of business and headquarters located at 420 Montgomery Street, San Francisco, California 94104, and registered agent at Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 32301.

## JURISDICTION AND VENUE

5. Under Article XII, Paragraph G of the Rose S. Berlinger Trust, "the laws of the State of Florida shall govern the validity and interpretation of the provisions of this Trust Agreement."

6. All other Trusts relative to this action have their situs in the State of Florida. On June 17, 2011, the probate court of the 20th Judicial Circuit, In and For Collier County, Florida, issued an order modifying the trust provisions of the Frederick W. Berlinger Marital Trust, the Frederick W. Berlinger Family Trust and the Rosa B. Schweiker Family Trust, making Florida the situs of the trust, through consent of the beneficiaries, and hence the laws in the state of Florida shall govern the interpretation of the Trusts.

7. This is an action for damages that exceeds $15,000, and brought pursuant to *Florida Statute §736.0201.*

8. This Court has in personam jurisdiction over the Defendant Wells Fargo as the Defendant and Grantor of the Trust ratified and executed the Rose S. Berlinger Trust in Naples, Florida, and as the Defendant operates numerous banking institutions throughout the State of Florida.

9. Venue is proper in this County as the Beneficiaries and Trustees, through a court order, have changed the situs of the Trust to now be in Florida; as the Rose S. Berlinger Trust

document was ratified and executed in Naples, Florida; and, pursuant to *Florida Statute §736.0204*, venue is likewise proper as at least one of the Beneficiaries currently reside in Naples, Florida.

## COUNT I
## BREACH OF TRUST

10. Plaintiff re-alleges Paragraphs 1-9 as set forth fully herein.

11. At all material times hereto, Wells Fargo, N.A., through its acquisition of Wachovia Bank, N.A., has assumed the liabilities of Wachovia Bank, N.A., when acting towards its clients in the trust department.

12. At all times material hereto, Wells Fargo, N.A. has been the corporate trustee of the Rosa B. Schweiker Family Trust, the Frederick W. Berlinger Family Trust, and the Rose S. Berlinger Family Trust and is responsible for managing and maintaining the trust accounts for each of the aforementioned trusts in accordance with the respective trust instruments governing each of the aforesaid trusts and acting in accordance with the law governing fiduciaries both as to Prudent Investment and Prudent Conduct towards the beneficiaries. (Copies of each of the aforesaid trust agreements are attached hereto and made a part hereof as Composite Exhibit A for identification.)

13. At all material times herein, as Corporate Trustee, Defendant Wells Fargo was bound to follow the provisions of the Trust instrument for each of the aforesaid trusts by making discretionary distributions to the beneficiaries to and for their benefit while maintaining the purpose of each trust.

14. At all material times herein, a confidential or fiduciary relationship existed between the Defendant Wells Fargo and Plaintiff Beneficiaries because the Defendant was the

Corporate Trustee of the Trust in which the Beneficiaries hold interest, with *Florida Statute §518.10* denoting this relationship as a fiduciary relationship.

15. As a successor corporate trustee functioning in a fiduciary capacity, Defendant Wells Fargo, like prior corporate trustees, owed duties (1) of utmost good faith to act solely in the best interests of the Beneficiaries; (2) to make full and fair disclosure of all material facts and to avoid any conflict of interest between the interests of the bank/trustee and the beneficiaries; (3) to ensure that the trustee understood the investment objectives, risk tolerances, financial circumstances and investment knowledge and experience of the beneficiaries and remaindermen of the trust; (4) of informing the beneficiaries and remaindermen as to how the investment objectives of the Trust would be fulfilled; and (5) to study and interpret each trust instrument to determine such powers of the trustee and limitations on such powers when deciding to make distributions for the benefit of each of the foregoing trusts.

16. Under *Florida Statute §736.0801*, the Defendant was obligated to "administer the trusts in good faith, in accordance with its [the Trust Agreement's] terms and purposes and interests of the beneficiaries and in accordance with this code [Chapter 736, entitled Florida Trust Code.]" All portions of Chapter 736 are incorporated by reference herein.

17. At all material times hereto, Brian Berlinger, Stacey Berlinger and Heather Berlinger are present beneficiaries of the Rosa B. Schweiker Trust, as determined by its trust instrument, which gives them the right to receive income from the trust during the lifetime of Bruce Berlinger and to the whole of the entire principal after the death of Bruce Berlinger which is the event that terminates the trust.

18. At all material times hereto, Brian Berlinger, Stacey Berlinger and Heather Berlinger are present beneficiaries of the Frederick W. Berlinger Family Trust, as determined by its trust instrument, which gives them the right to receive income and principal from the trust during the lifetime of Bruce Berlinger.

19. At all material times hereto, Brian Berlinger, Stacey Berlinger and Heather Berlinger are present beneficiaries of the Rose S. Berlinger Family Trust, as determined by its trust instrument, which gives them the right to receive income from the trust during the lifetime of Bruce Berlinger and to the whole of the entire principal after the death of Bruce Berlinger which is the event that terminates the trust.

20. At all times material hereto, Sue Casselberry was never a named beneficiary nor an intended beneficiary under the terms and conditions of the Rosa B. Schweiker Trust, the Fredrick W. Berlinger Family Trust or the Rose S. Berlinger Family Trust.

21. At all material times hereto, the terms and provisions of the Rosa B. Schweiker Trust provided that Bruce Berlinger was entitled only to distributions of income during his life and that distributions of principal could only be made to Bruce Berlinger if necessary to provide for his health, support and maintenance and not for any other reason.

22. On or before November 2007, again while the Defendant Wells Fargo served as Corporate Trustee of the Trust at issue, the Corporate Trustee authorized the purchase of one real estate property.

23. On or before December 10, 2007, the Defendant authorized the purchase of a one third interest in the property located at 550 Banyan Blvd. in Naples Florida for a stated value amount of $2,000,000.00 at time when the fair market value was less than $700,000.00.

24. In December of 2007, the Defendant, Wells Fargo, acting through Wachovia Bank, N.A. (without the consent of the beneficiaries, Brian Berlinger, Stacey Berlinger, and Heather Berlinger), paid the $2,000,000.00 to Sue Casselberry, on behalf of Bruce Berlinger, for the equitable distribution of marital assets in a divorce settlement, which was unrelated to the trust property of the Rosa B. Schweiker Trust, and which was not for the health, support or maintenance of Bruce Berlinger.

25. Near the end of December 2007, the property was valued at $681.643.50, which was $1,318,356.50 lower than the purchase price earlier in the month.

26. As a result of the payment to Sue Casselberry referenced in paragraph 25 herein, the Defendant, Wells Fargo, N.A., paid $1,318,356.50 of that total amount in principal from the Rosa B. Schweiker Trust in violation of its trust provisions which limited distributions to income and principal only to the Beneficiaries when needed for distributions for the health, support and maintenance of the Beneficiaries and not for the support and maintenance of his ex-wife.

27. Likewise, on or before January 2008 and continuing throughout the calendar year of 2008, Defendant Wells Fargo, while acting as Corporate Trustee of the Trust at issue, authorized the payment from principal the amount of $167,615 for the purpose of making capital improvements to a real estate asset held by the Trust. Such action constituted a distribution of principal instead of income, in direct contradiction to the terms of the Trust.

28. Thereafter, in violation of the Spendthrift provisions along with the income and principal distribution provisions as set forth above in the trust instrument governing the Rosa B. Schweiker Trust which restricts distributions to beneficiaries and to creditors of the

beneficiaries only, the Defendant, Wells Fargo, acting through Wachovia Bank and itself, paid and continued to distribute principal or income or both from the Rosa B. Schweiker Trust, on an on-going monthly basis, to the ex-wife of Bruce Berlinger, to wit: Sue Casselberry, as payment, either in part or in full, for alimony and support otherwise due and owing by Bruce Berlinger.

29. Likewise, in violation of the Spendthrift provisions along with the income and principal distribution provisions as set forth above in the trust instrument governing the Frederick W. Berlinger Family Trust which restricts distributions to beneficiaries only and which prohibits the transfer of an interest or the right to receive income or principal to a non-beneficiary, the Defendant, Wells Fargo, N.A, acting through Wachovia Bank, N.A., and itself, paid and continued to distribute principal or income or both from the Frederick W. Berlinger Family Trust on an on-going monthly basis, to the ex-wife of Bruce Berlinger, to wit: Sue Casselberry, as payment, either in part or in full, for alimony and support otherwise due and owing by Bruce Berlinger.

30. Likewise, in violation of the Spendthrift provisions along with the income and principal distribution provisions as set forth above in the trust instrument governing the Rose S. Berlinger Family Trust which restricts distributions to beneficiaries and to beneficiaries only, the Defendant, Wells Fargo, acting through Wachovia Bank and itself, paid and continued to distribute principal or income or both from the Rose S. Berlinger Family Trust, on an on-going monthly basis, to the ex-wife of Bruce Berlinger, to wit: Sue Casselberry, as payment, either in part or in full, for alimony and support otherwise due and owing by Bruce Berlinger. These distributions to Sue Casselberry by the Defendant, Wells Fargo, N.A., also constituted a violation of the Spendthrift provisions of the

aforementioned trust instrument governing the Rose S. Berlinger Family Trust which prohibits payments of either principal or interest for alimony or spousal support.

31. As a direct and proximate result of the Defendant's, Wachovia Bank now known as Wells Fargo Bank, foregoing breach of trust by invading principal to make the payments, Defendant Wells Fargo directly and proximately caused the value in the Trust portfolio to substantially decrease and suffer losses due to Defendant Wells Fargo's improper trust distributions.

32. As a consequence of these breaches of trust as set forth hereinbefore, the Plaintiffs, as beneficiaries of the aforestated trusts, have additionally suffered consequential damages in the form of loss of principal and income as to all or some of the trusts specifically identified herein; loss of investment opportunity of the funds improperly distributed to the non-beneficiary, including lost income, capital gain, or appreciation that would have resulted from proper administration.

33. As a further consequence of these breaches of trust as set forth hereinbefore, the Plaintiffs, as beneficiaries of the aforestated trusts, have been forced to retain the services of the undersigned counsel and to pay a reasonable attorney's fee for the rendition of legal services as authorized by Section 736.1004 of the Florida Statutes.

WHEREFORE, Plaintiffs pray for Judgment against the Defendant for damages, costs and attorney's fees as set forth herein.

## COUNT II
## BREACH OF FIDUCIARY DUTY

34. Plaintiff re-alleges Paragraphs 1-33 as set forth fully herein.

35. Furthermore, Defendant Wells Fargo Bank violated its investment responsibilities by failing to diversify trust assets throughout its time serving as Corporate Trustee.

36. On or about January 2006, while the Defendant Wells Fargo served as Corporate Trustee of the Trust at issue, the Trust's portfolio showed the Trust as being made of eighty-three percent (83%) in equities.

37. Additionally, as mentioned above, In December of 2007, Wells Fargo Bank, as Trustee, purchased significant real estate, including one parcel of non-income producing real estate that accounted for one third of the trust's assets.

38. While in February 2008, the value of the real estate in the portfolio accounted for one third (33%) of the portfolio, by February 20009, the real estate accounted for 48.2% of the portfolio. Such a concentration of assets into one piece of real estate was not a prudent decision by the corporate trustee.

39. The changes in the composition of the trust substantially reduced the trust income, with portfolio income of $245,449 per year decreasing to $84,188 per year beginning in 2009 a decrease of $161,261 or 65.7%.

40. Lastly, Defendant Wells Fargo invested trust assets in their proprietary in-house mutual funds, each of which charged additional fees for investment management on top of the management fee already charged by the bank for trust administration.

41. Defendant Wells Fargo breached its fiduciary duties and obligations and violated its trust to the Beneficiaries as set forth under Chapter 736 of the Florida Trust Code.

42. Specifically, Defendant Wells Fargo breached the duty it owed to the beneficiaries by failing to appropriately diversify the trust consistent with traditional portfolio management principles by engaging in an imprudent transaction involving the purchase

of a one third interest in non-income producing asset in real estate, and making capital improvements to such real estate, which further diminished Trust Principal.

43. Defendant Wells Fargo Bank further breached its fiduciary duty to the beneficiaries when Wells Fargo Bank authorized the payment of principal, income or both to a non-beneficiary.

44. Defendant Wells Fargo Bank also breached the fiduciary duty by intentionally, willfully and maliciously discharging its obligations under the trust toward the beneficiaries by failing to act as a reasonably prudent business person by abusing its discretion in exercising its obligations under the trust. By investing trust assets in Mutual funds that charged additional management fees, Defendant Wells Fargo acted imprudently by incurring increases in management costs and transaction charges that could have been avoided by investing in other income-producing assets.

45. As a direct and proximate result of Defendant Wells Fargo's breach of fiduciary duty, the value of the trust assets suffered a diminution of value by $1,318,357.00.

46. As a direct and proximate result of Defendant Wells Fargo's breach by failing to appropriately diversify the trust consistent with traditional portfolio management principles and therefore manage the trust interest in a reasonable and prudent manner, the Beneficiaries have suffered damages in excess of the minimum jurisdiction of the court as such actions have diminished and impaired the total value of the Trust.

WHEREFORE, Plaintiffs pray for Judgment against the Defendant for damages, costs and attorney's fees as set forth herein.

## COUNT III.
## CIVIL THEFT

47. Plaintiff re-alleges paragraphs 1 through 33, as set fully herein.

48. At all times herein mentioned, Plaintiffs were, and still are, the Beneficiaries to the Rosa B. Schweiker Trust, Frederick W. Berlinger Trust and the Rose S. Berlinger Trust.

49. At all times herein mentioned, Plaintiffs had, and still have, a legally recognized property interest as the Plaintiffs were, and still are, entitled to immediate possession of monetary assets totaling $6,464,723.96 held within trust fund accounts for the Rosa B. Schweiker Trust, Frederick Berlinger Family Trust, and Frederick Berlinger Marital Trust by virtue of the trust agreements.

50. At all times material herein, Defendant Wells Fargo Bank and its predecessor Wachovia Bank was the Trustee of the Rosa B. Schweiker Trust, Frederick W. Berlinger Trust and the Rose S. Berlinger Trust, and was holding trust assets as part of the overall portfolio.

51. Defendant committed civil theft by refusing to remove the funds of each trust to the proper banking depository when requested by the attorney for the Beneficiaries and trustees of each trust and to do so within a 30 day period.

52. Defendant Wachovia bank, now known as Wells Fargo Bank, committed Civil Theft of those funds as defined under Florida Statute § 812.014 by knowingly using the funds and property of another with intent to, either temporarily or permanently deprive the Beneficiaries and Trustee of their right to the property.

53. The intention of the Defendant to temporarily deprive the Beneficiaries and Trustee of their right to the property was done with the felonious intent in that the Defendant refused to reveal the location of the funds when requested by the Beneficiaries and Trustee and the agents and attorneys of the Beneficiaries and Trustee.

54. From 2007 to 2011, Wells Fargo Bank, N.A., as successor bank to Wachovia Bank, N.A., knowingly had and obtained possession of the trust fund accounts for the Rosa B. Schweiker Trust, Frederick Berlinger Family Trust, and Frederick Berlinger Marital Trust.

55. On or about August 08, 2011, the Rosa B. Schweiker Trust, Frederick Berlinger Family Trust, and Frederick Berlinger Marital Trust, had a total value of $6,464,723.96 trust assets.

56. On or about August 08, 2011, the Plaintiffs, through SunTrust Bank, requested in writing that the Defendant transfer the trust fund monetary assets, which are stated in Paragraph 71, from the Rosa B. Schweiker Trust, Frederick Berlinger Family Trust, and Frederick Berlinger Marital Trust from Wells Fargo Bank N.A. to Sun Trust Bank.

57. After approximately fifty (50) days had passed without the requested transfer stated in Paragraph 83 to SunTrust having fully occurred, Plaintiffs provided by facsimile and certified mail, pre-suit notice to the Defendant pursuant *Florida Statute §772.11* in the form of a written demand letter on or about September 27, 2011 for the payment of treble the damage amount for which Wells Fargo Bank, N.A. would be held liable within thirty (30) days, totaling Nineteen Million, Three Hundred and Ninety-Four Thousand, One Hundred and Seventy One Dollars and Eighty-Eight Cents ($19,394,171.88) with the Plaintiffs agreeing to provide a written release from further civil liability for the specific act of theft relating only to the requested transfer of trust funds. A copy of the pre-suit notice is attached hereto and identified herein as Exhibit B.

58. Prior to this time, Plaintiff made numerous inquiries to the Defendant as to the status of the transfer and location of funds, and received no response. In doing so, the Defendant

effectively concealed the location of the funds, and, thus, satisfied the felonious intent requirement of the *Florida Statute § 772.11*.

59. However, shortly after the Plaintiffs' demand for treble damages to the Defendant on September 28, 2011, Defendant began the transfer of monetary assets from the trust fund accounts of Rosa B. Schweiker Trust, Frederick Berlinger Family Trust, and Frederick Berlinger Marital Trust to SunTrust Bank.

60. By October 27, 2011, instead of receiving treble damages, Defendants attempted to transfer only the amounts remaining in the trust accounts for the Rosa B. Schweiker Trust, the Frederick Berlinger Family Trust, and the Frederick Berlinger Marital Trust, but failed to transfer approximately Seventy-One Thousand Dollars ($71,000.00). Plaintiffs were, and are still missing approximately Seventy-One Thousand dollars ($71,000.00) in original monetary assets following the transfer of the Rosa B. Schweiker Trust, Frederick Berlinger Family Trust, and Frederick Berlinger Marital Trust to SunTrust Bank.

61. By the end of business on October 27, 2011, Defendant failed to provide the treble damages of $19,393,171.88 demanded of them by the Plaintiffs.

62. As a result, Defendant failed to transfer all of the Plaintiffs' property to SunTrust Bank, and did so with the felonious intent to temporarily deprive the Plaintiffs of the immediate right to and benefit from the property in violation of *Florida Statute § 772.11*.

63. As a direct and proximate result of the wrongful acts of the Defendant, Plaintiff has suffered actual damages in the sum of $6,464,723.96, which constitutes the initial amount demanded by the Plaintiffs from the Defendant and which was later used and factored into the treble damage amount of Nineteen Million, Three Hundred and Ninety-Four

Thousand, One Hundred and Seventy One Dollars and Eighty-Eight Cents ($19,394,171.88) demanded for as stated in <u>Exhibit B</u>.

64. Plaintiffs have retained the firm of Presley Law and Associates, P.A. to represent the Plaintiffs in this action, and have agreed to pay the firm reasonable attorney's fees. Plaintiff is entitled to recover reasonable attorney's fees in this action in that *Florida Statute §772.11(1)* provides for them.

WHEREFORE, Plaintiffs prays for judgment against the Defendant for an accounting of the trust property; for compensatory damages in the approximate amount of $71,000.00; for treble damages in the amount of $19,394.171.88 as provided by *Florida Statute §772.11*; for reasonable attorney fees and costs; and for any other and further relief as the court may deem proper.

### Jury Demand

65. Pursuant to *Federal Rule of Civil Procedure 38*, Plaintiffs demand a trial by jury on all of the issues so triable in this action.

DATED: September 24, 2013

Respectfully Submitted,

/s/ Steven M. Presley

**Steven M. Presley, Esq.**
Florida Bar No. 91594
**Michael R. Presley, Esq.**
Florida Bar No. 305502
Presley Law and Associates
1200 Corporate Center Way – Suite 200
Wellington, Florida 33414
Tel:        561.623.8300
Fax:       866.922.0875
Email:    ctnotice@plaa-pa.com
              mpresley@plaa-pa.com
              spresley@plaa-pa.com

*Attorneys for the Beneficiaries*