UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

STACEY SUE BERLINGER, as
beneficiaries to Rosa B. Schweiker
Trust and all of its related trusts, also
known as STACEY BERLINGER
O'CONNOR, BRIAN BRUCE
BERLINGER,

      Plaintiffs,

v.                                      Case No:  2:11-cv-459-FtM-29CM

WELLS FARGO, N.A., AS
SUCCESSOR TO WACHOVIA BANK,
N.A., as Corporate Trustee to the
Rosa B. Schweiker Trust, and all of its
related trusts,

      Defendant.

## ORDER

Before the Court is Plaintiffs' Unopposed Motion to Seal (Doc. 166) filed on June 11, 2014. Plaintiffs are requesting the Court enter an order sealing documents to be filed in connection with several upcoming motions. Plaintiffs provide that the documents must be sealed in order to protect the disclosure of certain confidential policies and procedures of the Defendant Wells Fargo, identifying the documents to be sealed as:

    (a)    Notice of Filing Deposition of Linda La Vay, dated May 25, 2014;

    (b)    Deposition of Linda La Vay, dated May 15, 2014;

    (c)    Notice of Filing Deposition of Thomas Craven, dated May 15, 2014;

    (d)    Deposition of Thomas Craven, dated May 14, 2014;

    (e)    Notice of Filing of Deposition of Bernard Destafney, dated May 16, 2014;

    (f)    Deposition of Bernard Destafney, dated May 16, 2014; and

    (g)    Motion to Compel Production of Documents Found in Privilege Log or, in the alternative, an *In Camera* Inspection of Documents Found in Privilege Log.

Doc. 166 at ¶ 1(a)-(g). Plaintiffs have conferred with Wells Fargo pursuant to Local Rule 3.01(g), and represents that Wells Fargo does not oppose the relief requested.

Pursuant to Local Rule 1.09(a),

> [u]nless filing under seal is authorized by statute, rule, or order, a party seeking to file under seal any paper or other matter in any civil case shall file and serve a motion, the title of which includes the words "Motion to Seal" and which includes (i) an identification and description of each proposed for sealing; (ii) the reason that filing each item is necessary; (iii) the reason that sealing each item is necessary; (iv) the reason that a means other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant in support of the seal; (v) a statement of the proposed duration of the seal; and (vi) a memorandum of legal authority supporting the seal. The movant shall not file or otherwise tender to the Clerk any item proposed for sealing unless the Court has granted the motion required by this section.

M.D. Fla. Rule 1.09(a).

In this case, Plaintiffs have not sufficiently identified and described all of the documents proposed for sealing and sufficiently explained that filing the documents under seal is necessary. Specifically, Plaintiffs do not explain why a notice of filing deposition would reveal Defendant's confidential information. Further, a redacted version of a motion to compel may be filed in the public record and an unredacted version under seal. Thus, the Motion to Seal will be granted in part and denied in part as set forth below.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Plaintiffs' Unopposed Motion to Seal (Doc. 166) is **GRANTED in part and DENIED in part**.

2. Upon receipt, the Clerk shall file the following documents, offered by Plaintiffs, under seal:

   (a) Deposition of Linda La Vay, dated May 15, 2014;

   (b) Deposition of Thomas Craven, dated May 14, 2014;

   (c) Deposition of Bernard Destafney, dated May 16, 2014; and

   (d) Motion to Compel Production of Documents Found in Privilege Log or, in the alternative, an *In Camera* Inspection of Documents Found in Privilege Log.

3. Plaintiffs shall file a redacted version of the motion to compel in CM/ECF and provide the Court with the unredacted version to be placed under seal.

**DONE** and **ORDERED** in Fort Myers, Florida on this 16th day of June, 2014.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record