UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

STACEY SUE BERLINGER, as
Beneficiaries to the Rosa B.
Schweiker Trust and all of
its related trusts aka
Stacey Berlinger O'Connor,
BRIAN BRUCE BERLINGER aka
Stacey Berlinger O'Connor,
and HEATHER ANNE BERLINGER,
as Beneficiaries to the Rosa
B. Schweiker Trust and all
of its related trusts aka
Stacey Berlinger O'Connor,

    Plaintiffs,

v.                                    Case No: 2:11-cv-459-FtM-29CM

WELLS FARGO, N.A. AS
SUCCESSOR TO WACHOVIA BANK,
N.A., as Corporate Trustee
to the Rosa B. Schweiker
Trust, and all of its
related trusts,

    Defendant/Third
    Party Plaintiff

BRUCE D. BERLINGER and SUE
CASSELBERRY,

    Third Party Defendants.
_____

**OPINION AND ORDER**

This matter comes before the Court on review of Third Party Defendant, Sue Casselberry's Motion to Dismiss Third Party Complaint (Doc. #96) filed on October 2, 2013. Defendant/Third Party Plaintiff filed a Memorandum of Law in Opposition (Doc. #103)

on October 28, 2013. For the reasons set forth below, the motion is denied.

## I.

The current litigation involves three family Trusts: the Rosa B. Schweiker Family Trust, the Frederick W. Berlinger Family Trust, and the Rose S. Berlinger Family Trust (Trusts). (Doc. #60, p. 2.) Wells Fargo N.A. (Wells Fargo) served as corporate Co-Trustee of these three Trusts. (Id. at p. 4.) The Third Party Defendant, Bruce D. Berlinger, served as the other Co-Trustee and primary beneficiary of these Trusts. (Id.)

Plaintiffs Stacey Sue Berlinger, Brian Bruce Berlinger, and Heather Anne Berlinger (plaintiffs), are the children of Bruce D. Berlinger (Bruce) and Sue Casselberry (Sue) and beneficiaries to the Trusts. (Id. at p. 3.) Plaintiffs claim improper distributions were made on behalf of their father, Bruce, to their mother, Sue, as a result of a divorce settlement finalized in 2007. (Id. at pp. 3-5.) These distributions include $2,000,000.00 to Sue, on behalf of Bruce, for the equitable distribution of marital assets and monthly distributions to provide alimony and support payments due from Bruce to Sue pursuant to the divorce settlement. (Id.)

On September 24, 2013, plaintiffs filed a three count Second Amended Complaint (Doc. #93) against defendant Wells Fargo, alleging breach of trust, breach of fiduciary duty, and civil

2

theft. On April 20, 2012, Wells Fargo filed a Third Party Complaint (Doc. #60) alleging in Counts I and II claims of contribution and unjust enrichment against Bruce, and in Count III, a claim of unjust enrichment against Sue. Third Party defendant Sue seeks to dismiss Count III of the Third Party Complaint. (Doc. #96.)

**II.**

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate

factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011)(citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012)(internal quotation marks and citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

## III.

Count III of the Third Party Complaint alleges Sue was unjustly enriched when she voluntarily accepted and retained benefits stemming from Wells Fargo's alleged improper distribution of trust assets. (Doc. #60, p. 7.) Sue asserts Count III in the Third Party Complaint should be dismissed because it is not permissible under Rule 14 of the Federal Rules of Civil Procedure, fails to state a claim for relief, Wells Fargo lacks standing, and the claim is barred by the statute of limitations. (Doc. #96.) The Court will address each argument in turn.

**A.   Permissible Impleader**

Sue contends the unjust enrichment claim in Count III should be dismissed because it is not a derivative claim and therefore, impermissible under Rule 14 of the Federal Rules of Civil Procedure. (Doc. #96, pp. 3-5.) Wells Fargo asserts its claim is a classic third party claim and is appropriate under Rule 14. (Doc. #103, p. 3-4.) Wells Fargo also highlights that the Court has already ruled on this matter and found the unjust enrichment claim was derivative of the outcome of the case. (Id.)

Under Federal Rule of Civil Procedure 14(a), the defendant as a third-party plaintiff may implead parties who are or may be liable to the defendant for all or part of the plaintiff's original claim. Stewart Title Guar. Co. v. Title Dynamics, Inc., 2005 WL 1593364, *3 (M.D. Fla. June 30, 2005). The liability of the third-party defendants must be in some way dependent upon, *or* derivative of, the outcome of the claim between the plaintiff and the defendant. United States v. Olavarrieta, 812 F.2d 640, 643 (11th Cir. 1987) (emphasis added); United States v. Joe Grasso & Son, Inc., 380 F.2d 749, 751 (5th Cir. 1967). However, if predicated upon a separate and independent claim, impleader pursuant to Federal Rule of Civil Procedure 14 will not be appropriate even though the claim arises out of the same general set of facts. Id.

The Court has already ruled that the claims set forth in the Third Party Complaint are derivative of the outcome of the claim

between plaintiffs and Wells Fargo and that good cause exists to join both third party defendants. (Doc. #59, pp. 2-3.) The Court determined impleader of both Sue and Bruce was proper because if Wells Fargo "should suffer damages in this action, Bruce and/or Sue should share in the liability or contribute to payment of any liability." (Id.) The Court finds there is no cause to revisit this issue and Count III is proper under Rule 14 of the Federal Rules of Civil Procedure.

**B.   Valid Claim for Unjust Enrichment**

Sue contends that the unjust enrichment claim in Count III should be dismissed for failing to state a claim for which relief can be granted. (Doc. #96, pp. 6-10.) Wells Fargo asserts that to the extent it is liable to plaintiffs for payments provided to Sue, it would be inequitable for Sue to retain those funds. (Doc. #103, pp. 5-7.) Thus, Wells Fargo argues it has properly alleged a valid claim for unjust enrichment. (Id.)

"A claim for unjust enrichment has three elements: (1) the plaintiff has conferred a benefit on the defendant; (2) the defendant voluntarily accepted and retained that benefit; and (3) the circumstances are such that it would be inequitable for the defendants to retain it without paying the value thereof." Virgilio v. Ryland Grp., Inc., 680 F.3d 1329, 1337 (11th Cir. 2012); Florida Power Corp. v. City of Winter Park, 887 So. 2d. 1237, 1241 n.2 (Fla. 2004).

6

In this case, Wells Fargo alleges it conferred a benefit on Sue pursuant to a divorce settlement by distributing principal or income on a monthly, on-going basis to provide for alimony and support payments. (Doc. #60, p. 4.) In addition, Wells Fargo distributed $2,000,000.00 to Sue, on behalf of Bruce, pursuant to the divorce settlement. (Id. at p. 3) Wells Fargo also alleges that Sue voluntarily accepted and retained these benefits and if plaintiffs prevail in the underlying action, Sue's retention of the benefit conferred would be inequitable. (Id. at p. 7.) Accordingly, the Court finds the allegations set forth a plausible claim for unjust enrichment.

**C.   Standing**

Next, Sue argues that Wells Fargo does not have standing to bring a claim for unjust enrichment against her because the funds distributed to her came from the Trusts, not Wells Fargo. (Doc. #96, pp. 10-11.) Wells Fargo alleges that because plaintiffs are holding it liable for funds Sue received, it has standing to bring a claim against her. (Doc. #103, pp. 6-7.)

As discussed above, plaintiffs allege Wells Fargo made improper distributions from the Trusts to Sue, on behalf of Bruce. (See Doc. #93, pp. 4-7.) If plaintiffs succeed, Wells Fargo will be held liable for the distributions of the funds, not the Trusts, and it would be inequitable for Sue to keep those funds at Wells Fargo's expense. In addition, this Court has already determined

7

Wells Fargo has good cause to join Sue as third party defendant. (Doc. #59, pp. 2-3.)  Therefore, this Court finds Wells Fargo has standing to bring a claim for unjust enrichment against Sue.

**D.   Statute of Limitations**

Finally, Sue contends Count III is barred by the statute of limitations and should be dismissed.  (Doc. #96, pp. 11-12.)  Wells Fargo asserts the statute of limitations did not began to run until July 2011 when it was put on notice of the existence of a cause of action.  (Doc. #103, p. 7.)

The statute of limitations is an affirmative defense, and the burden of proving an affirmative defense is on the defendant. Tello v. Dean Witter Reynolds, Inc., 410 F.3d 1275, 1292 (11th Cir. 2005).  A plaintiff is not required to anticipate and negate an affirmative defense in the complaint. La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004).  A Rule 12(b)(6) motion to dismiss on statute of limitations grounds may be granted, however, if it is apparent from the face of the complaint that the claim is time-barred. La Grasta, 358 F.3d at 845–46.  Nonetheless, a motion to dismiss on statute of limitations grounds should not be granted where resolution depends either on facts not yet in evidence or on construing factual ambiguities in the complaint in defendants' favor. Omar ex rel. Cannon v. Lindsey, 334 F.3d 1246, 1252 (11th Cir.2003).

Sue admits the unjust enrichment claim for the monthly alimony payments made in satisfaction of Bruce's monthly alimony obligation are not susceptible to a motion to dismiss because it is not clear from the Third Party Complaint when these payments were made.  (Doc. #96, p. 12.)  However, Sue contends the $2,000,000 distributed to her in December 2007, is barred by the statute of limitations.  (Id.)  "The possibility that *some* of the alleged violations may have occurred during a time-barred period, however, does not sustain the dismissal of the [claim], in its entirety."  Sec'y of Labor v. Labbe, 319 F. App'x 761, 764 (11th Cir. 2008).  Therefore, at this stage in the litigation, Count III of Wells Fargo's Third Party Complaint cannot be dismissed as untimely on its face.  The motion to dismiss on this basis is denied.

Accordingly, it is now

**ORDERED:**

Third Party Defendant, Sue Casselberry's Motion to Dismiss Third Party Complaint (Doc. #96) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __18th__ day of August, 2014.

/s/ John E. Steele
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:
Counsel of record