UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

STACEY SUE BERLINGER, BRIAN
BRUCE BERLINGER and HEATHER
ANNE BERLINGER, as Beneficiaries
to the Rosa B. Schwiker Trust and all
of its related trusts,

    Plaintiffs,

v.                                                    Case No: 2:11-cv-459-FtM-29CM

WELLS FARGO, N.A. AS
SUCCESSOR TO WACHOVIA
BANK, N.A.,

    Defendant/Third
    Party Plaintiff

BRUCE D. BERLINGER and
SUE CASSELBERRY,

    Third Party Defendants

## ORDER

Before the Court is Defendant Wells Fargo N.A.'s ("Wells Fargo") Motion for Reconsideration and Motion for Leave to File Sur-Reply to Plaintiffs' Reply to Wells Fargo's Response to Plaintiffs' Motion to Compel (Doc. 190) and Plaintiffs' Response in Opposition (Doc. 191) filed on August 15, 2014. For the reasons stated herein, the request for reconsideration is denied and the request for leave to file a surreply is granted.

Wells Fargo requests that the Court reconsider its August 11, 2014 Order granting Plaintiffs leave to file a reply to Wells Fargo's Response to Plaintiffs' Motion

to Compel Production of Documents Found in Privilege Log or grant Wells Fargo leave to file a surreply.  Doc. 188.  Wells Fargo argues that the Court did not allow for three-day mailing time pursuant to Federal Rule of Civil Procedure 6(d) and granted the request for leave to reply before Wells Fargo had the opportunity to respond.  Wells Fargo states that it would have argued in opposition to the motion for reply that the reply improperly raises new arguments which were known to Plaintiffs at the time of filing the Motion to Compel.

Reconsideration of a court's previous order is an extraordinary remedy and, thus, is a power which should be used sparingly.  *Carter v. Premier Rest. Mgmt.*, 2006 WL 2620302 (M.D. Fla. Sept. 13, 2006) (citing *American Ass'n of People with Disabilities v. Hood*, 278 F. Supp. 2d 1337, 1339 (M.D. Fla. 2003)).  The courts have "delineated three major grounds justifying reconsideration: (1) an intervening change in the controlling law; (2) the availability of new evidence; (3) the need to correct clear error or prevent manifest injustice."  *Susman v. Salem, Saxon & Meilson, P.A.*, 153 F.R.D. 689, 904 (M.D. Fla. 1994).  "A motion for reconsideration should raise new issues, not merely readdress issues litigated previously."  *Paine Webber Income Props. Three Ltd. P'ship v. Mobil Oil Corp.*, 902 F. Supp. 1514, 1521 (M.D. Fla. 1995). The motion must set forth facts or law of a strongly convincing nature to demonstrate to the court the reason to reverse its prior decision.  *Carter*, 2006 WL 2620302, at *1 (citing *Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Auth.*, 814 F. Supp. 1072, 1072-73 (M.D. Fla. 1993)).  "The burden is upon the movant to establish the

extraordinary circumstances supporting reconsideration." *Mannings v. Sch. Bd. of Hillsboro Cnty., Fla.*, 149 F.R.D. 235, 235 (M.D. Fla. 1993).

Although the Court agrees that the Motion for Leave was granted on the day Defendants' response was due, the Court found that a reply brief would assist it in deciding the issues raised in the Motion to Compel. Doc. 188. Thus, the Court finds that reconsideration is not warranted in this case as Defendant has not established the need to correct clear error or prevent manifest injustice. The Court will grant Defendant's request for leave to file a surreply to address arguments raised by Plaintiffs in their reply.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Wells Fargo N.A.'s Motion for Reconsideration and Motion for Leave to File Sur-Reply to Plaintiffs' Reply to Wells Fargo's Response to Plaintiffs' Motion to Compel (Doc. 190) is **GRANTED in part and DENIED in part**.

2. Wells Fargo's request for leave to file a surreply is **GRANTED**. On or before **August 22, 2014**, Defendant shall file a surreply not to exceed seven pages.

3. Wells Fargo's request for reconsideration is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on this 19th day of August, 2014.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record