## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

STACEY SUE BERLINGER, as
beneficiaries to Rosa B. Schweiker
Trust and all of its related trusts, also
known as STACEY BERLINGER
O'CONNOR, BRIAN BRUCE
BERLINGER, and HEATHER ANNE
BERLINGER,

       Plaintiffs,

v.                              Case No:  2:11-cv-459-FtM-29CM

WELLS FARGO, N.A., AS
SUCCESSOR TO WACHOVIA BANK,
N.A., as Corporate Trustee to the
Rosa B. Schweiker Trust, and all of its
related trusts,

       Defendant/Third
       Party Plaintiff,

BRUCE D. BERLINGER and
SUE CASSELBERRY,

       Third Party
       Defendants.

_____

## ORDER

Before the Court is Plaintiffs' Motion to Compel Production of Documents

Found in Privilege Log or, in the Alternative, an *In Camera* Inspection of Documents

Found in Privilege Log (Doc. 172, "Motion to Compel"),[1] Defendant Wells Fargo's

---

[1] The Court previously granted Plaintiffs' unopposed request to file the Motion to Compel under seal.  Doc. 169.  An otherwise identical, but redacted version was also filed. Doc. 171.

("Wells Fargo") response in opposition (Doc. 181), Plaintiffs' Reply (Doc. 189) and Wells Fargo's Surreply (Doc. 200).   The Court previously requested that the documents at issue listed in Defendant's privilege log (Doc. 172-1) be submitted to the Court *in camera* in order to determine whether the communications are protected by the attorney-client privilege and/or work product doctrines.  Doc. 188.  Defendant has submitted the documents to the Court, and the Court has reviewed them.   For the reasons stated herein, the Motion to Compel is granted in part and denied in part.

## I.    Background

Plaintiffs Stacey Sue Berlinger, Brian Bruce Berlinger and Heather Anne Berlinger, beneficiaries to the Rosa B. Schweiker Trust and all of its related trusts, filed a three-count Second Amended Complaint (Doc. 93) against Wells Fargo, corporate co-trustee of the trusts.  Plaintiffs bring claims for breach of trust, breach of fiduciary duty and civil theft.  *Id.*  A review of the docket reveals that this case was stayed for a period of time, and the most recent Case Management and Scheduling Order was issued on February 13, 2014.  Doc. 141.  The parties' discovery deadline is October 31, 2014, and the case is set for trial during the March 2, 2015 trial term.

Plaintiffs move for an order compelling production of 16 pages of documents identified on Defendant's privilege log as protected by the attorney-client privilege and work product doctrines, which was provided to the Plaintiffs on March 9, 2012 in response to Plaintiffs' request for production.  Doc. 172-1.  Plaintiffs claim that the need for these documents was not known until the May 15, 2014 deposition of Linda La Vay ("La Vay"), the trust advisor with Wells Fargo who administered the trusts

2

at issue in this case (Doc. 179), and the May 16, 2014 deposition of Bernard Destafney ("Destafney"), regional managing director with Wells Fargo (Doc. 170).[2]  The specific documents sought are as follows:

    a.    Committee Action Form dated November 14, 2007 (WF-PRIV00001)

    b.    Committee Action Form dated January 7, 2008 (WF-PRIV00002-00004)[3]

    c.    Trust Administration Meeting Minutes dated January 7, 2008 (WF-PRIV00005)

    d.    Email chain re Rose Berlinger Trust – divorce settlement dated September 20, 2007 (WF-PRIV00050-00056)

    e.    Email chain re Rose Berlinger Trust – divorce settlement dated September 19, 2007 (WF-PRIV00057-00060)

    f.    Email chain re Schweiker Trust purchase dated November 5, 2007 (WF-PRIV00061-00064)

## II.  Analysis

Defendant's privilege log asserts both attorney-client and work product[4] protections.  Defendant summarily argues in its response to the Motion to Compel

---

[2]  Plaintiffs take no issue with the sufficiency of the privilege log itself, challenging only the propriety of the privilege claims.  Doc. 189 at ¶ 4.

[3]  Defendant's privilege log lists the bates range of this document as WF-PRIV0002-0004 (Doc. 172-1), but the actual documents submitted to the Court state the bates range with an extra zero (WF-PRIV00002-00004).  The Court will use the bates numbers of the actual document.

[4]  The work-product doctrine protects from disclosure "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative."  Fed. R. Civ. P. 26(b)(3)(A); *Auto Owners Ins. Co. v. Totaltape, Inc.*, 135 F.R.D. 199, 201 (M.D. Fla. 1990).  Documents prepared in the ordinary course of business are not considered work product.  *St. Joe Co. v. Liberty Mut. Ins. Co.*, 2006 WL 3391208, at *2 (M.D. Fla. Nov. 22, 2006).  The party asserting protection bears the burden of proving that the documents are work product and the burden is considered a heavy one, which "cannot be discharged by merely conclusory or *ipse dixit* assertions."  *Palmer v. Westfield Ins. Co.*, 2006

that all of the documents at issue either contain legal advice of in-house counsel or were communications to outside counsel seeking legal advice and therefore are protected by the attorney-client privilege.[5]  Defendant also responds that Plaintiffs have failed to show a substantial need for the documents, as they have elected not to depose the rest of the individuals involved with the documents at issue.  Wells Fargo states that it is at a disadvantage in defending against Plaintiffs' Motion to Compel because fully advising the Court of all the facts relevant to its privilege claim would result in disclosure of privileged communications.  Doc. 181 at 5.  Thus, Wells Fargo requests that if the Court should undertake an *in camera* inspection, an *ex parte* hearing be held in order for Defendant to explain to the Court the privileged communications at issue.[6]

---

WL 2612168, at *3 (M.D. Fla. June 30, 2006); *St. Joe*, 2006 WL 3391208, at *2.  Although the privilege log states that the documents are work product, Defendant made no argument that the documents at issue were prepared in anticipation of litigation or attempted to sustain its burden to show the documents are work product.  Therefore, the Court will only consider the attorney-client privilege argument Defendant raises.

[5] Defendant does not challenge the relevancy of the documents to the instant litigation.

[6] Wells Fargo asserts in its Surreply that an *ex parte* hearing is required by *Jeld-Wen, Inc. v. Nebula Glasslam Int'l*, 2008 WL 756455, at *2 (S.D. Fla. Mar. 22, 2008).  Putting aside the fact that *Jeld-Wen* is not binding authority on this Court, *Jeld-Wen* does not stand for the proposition that an *ex parte* hearing is required when the Court undertakes an *in camera* inspection of documents.  Although the court in *Jeld-Wen* elected to conduct an *ex parte* hearing under the circumstances of that case, Wells Fargo has made no attempt to analogize *Jeld-Wen* to the instant case, which only would be persuasive authority to this Court.  Whether to conduct an *ex parte* hearing is within the discretion of the Court, which the Court declines to do in this case.  *See United States v. Hanna*, 661 F.3d 271, 295 (6th Cir. 2011).

Florida law governs the application of the attorney-client privilege in diversity actions such as this that raise no federal question. *Palmer*, 2006 WL 2612168, at *2. The attorney-client privilege protects communications between a client and attorney made in confidence for the purpose of securing legal advice or assistance. *S.E.C. v. Dowdell*, 2006 WL 3876294, at *3 (M.D. Fla. May 15, 2006) (citing *Cox v. Adm'r U.S. Steel & Carnegie*, 17 F.3d 1386, 1414 (11th Cir. 1994)). The party invoking attorney-client privilege must prove, as an initial matter, that "an attorney-client relationship existed and that the particular communications were confidential." *United States v. Schaltenbrand*, 930 F.2d 1554, 1562 (11th Cir. 1991). For the privilege to apply, the communications must be shown to be made to an attorney confidentially, in the attorney's professional capacity, "'for the purpose of securing legal advice or assistance.'" *Id.* (quoting *United States v. Ponder*, 475 F.2d 37, 39 (5th Cir. 1973)). The attorney-client privilege only extends to confidential communications whose primary or predominate purpose is to seek or provide legal advice or assistance. *See, e.g., Preferred Care Partners Holding Corp. v. Humana, Inc.*, 258 F.R.D. 684 (S.D. Fla. 2009) (privilege does not extend to communications with an attorney related solely to business advice).

### a.   Committee Action Forms (WF-PRIV00001; WF-PRIV00002-00004)

These documents, as stated on the privilege log, surround the purchase of and capital improvements to a one-third interest in property at 527 Banyan Blvd., Naples, Florida by the Rosa Schweiker Trust at the request of co-trustee Bruce Berlinger. On February 19, 2014, in response to Plaintiffs' interrogatories, Defendant answered

that La Vay was involved in the purchase of a one-third interest in the property.  Doc. 172 at ¶ 13.  La Vay testified at her deposition on May 15, 2014, however, that she was not a part of the approval process for that investment decision.  Doc. 179 at 72:2-7; 77:11-15.   Plaintiffs argue that they need these documents to further question La Vay on the full extent of her knowledge regarding the property and for impeachment purposes.  Doc. 172 at ¶ 38.c.

Based upon its review of these Committee Action Forms, the Court finds that it can adequately protect Wells Fargo from any invasion of the attorney-client privilege while also allowing Plaintiffs to obtain otherwise relevant, discoverable information by ordering production in a redacted form.  Wells Fargo shall redact the last sentence of the "Supporting Information" sections on pages WF-PRIV00001 and WF-PRIV00004.  Otherwise, the information in the document is not attorney-client communication.

### c.   Trust Administration Meeting Minutes (WF-PRIV00005)

As described by Defendant in the privilege log, this document is the minutes of the Trust Administration Committee Ad Hoc Meeting regarding a discretionary distribution of the Frederick Berlinger Martial Trust.   Doc. 172-1.  The Court finds that there are no attorney-client communications in the document made for the purposes of seeking legal advice that would be protected by the privilege.  Therefore, Wells Fargo shall produce WF-PRIV00005.

### d.   Email Chains

#### i.   WF-PRIV00050-00056

These email chains involve a discussion of the purchase of certain property by the trusts.  The Court notes that Defendant's privilege log specifically states that Alan Hilfiker, an attorney, is one of the authors/recipients on document WF-PRIV00050-00056, and the Court finds that the communication to Mr. Hilfiker contained within the document was for the purpose of obtaining legal advice.  Thus, this information is not discoverable.  The remainder of the document, however, does not contain attorney-client communications made for the purposes of seeking legal advice.  The Court finds that it can adequately protect Wells Fargo from any invasion of the attorney-client privilege while also allowing Plaintiffs to obtain otherwise relevant, discoverable information by ordering production in a redacted form.  Wells Fargo shall produce the document but redact the emails to Mr. Hilfiker on pages 00050, 00051 and 00055.

ii.    **WF-PRIV00057-00060**

With regard to WF-PRIV00057-00060, the Court finds that this document does not contain communications between a client and attorney for the purpose of securing legal advice and must be produced in its entirety.

iii.    **WF-PRIV00061-00064**

With regard to WF-PRIV00061-00064, the Court finds that the document contains both communications to counsel for the purpose of seeking legal advice and legal advice from Wells Fargo's Vice-President and Assistant General Counsel, Catherine McKnight, Esq.  Some of the document, however, does not contain attorney-client communications made for the purposes of seeking legal advice.  The

7

Court finds that it can adequately protect Wells Fargo from any invasion of the attorney-client privilege while also allowing Plaintiffs to obtain otherwise relevant, discoverable information by ordering production in a redacted form.  Wells Fargo shall produce the document but redact the email copying Ms. McKnight on pages 00061-62 and the email from Ms. McKnight on page 00061.[7]

Finally, the Court notes that Plaintiffs have moved for an extension of the discovery deadline in part because they desire to reopen the depositions of La Vay and Destafney in the event that the Motion to Compel is granted.  Doc. 201.  This Order makes no findings as to the propriety of reopening the depositions, and is limited to ruling on a discovery dispute that has arisen during the course of discovery.

ACCORDINGLY, it is hereby

**ORDERED:**

---

[7] Plaintiffs also argue that entirety of the documents are discoverable under the common interest doctrine because Wells Fargo's attorneys were in fact acting as attorney for the beneficiaries in the underlying divorce proceeding.  Thus, Plaintiffs argue that Wells Fargo's attorneys cannot now take an adversarial position to them in this substantially related proceeding.  Under the common interest doctrine, "litigants who share unified interest [may] exchange . . . privileged information to adequately prepare their cases without losing the protection afforded by the privilege." *Visual Scene, Inc. v. Pilkington Bros., PLC*, 508 S.2d 437, 440 (Fla. 3d DCA 1987) (citing W*estern Fuels Ass'n v. Burlington Northern Railroad Co.*, 102 F.R.D. 201 D. Wyo. 1984)).  The common interest doctrine considers parties with separate counsel to nevertheless be aligned for the purposes of a privilege analysis when those parties have legal interests which are allied, as long as the parties' communications were with a lawyer "consulted in common."  Fla. Stat. § 90.502(4)(e).

This argument was previously rejected by the Court wherein the Court found that there was no attorney-client relationship between Plaintiffs and Amy Rubin, attorney for Wells Fargo, in the prior divorce proceeding.  Doc. 58 at 7.

1.      Plaintiffs' Motion to Compel Production of Documents Found in Privilege Log or, in the Alternative, an *In Camera* Inspection of Documents Found in Privilege Log (Doc. 172) is **GRANTED IN PART AND DENIED IN PART**.[8]

2.      On or before **September 15, 2014**, Wells Fargo shall produce unredacted versions of WF-PRIV00005 and WF-PRIV00057-00060, and redacted versions of WFPRIV00001, WFPRIV00002-00004, WF-PRIV00050-00056 and WF-PRIV00061-00064, as set forth in this Order.

3.      The Clerk is directed to **terminate** Plaintiffs' Motion to Compel Production of Documents Found in Privilege Log or, in the Alternative, an *In Camera* Inspection of Documents Found in Privilege Log (Doc. 171), as it is a duplicate filing.

**DONE** and **ORDERED** in Fort Myers, Florida on this 8th day of September, 2014.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record

---

[8] A redacted, but otherwise identical, version of the Motion to Compel was incorrectly docketed as a pending motion.  Doc. 171.  Thus, the Court will direct the Clerk to terminate Doc. 171.