UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

STACEY SUE BERLINGER, as Beneficiaries to the Rosa B. Schwiker Trust and all of its related trusts aka Stacey Berlinger O'Connor, BRIAN BRUCE BERLINGER, and HEATHER ANNE BERLINGER, as Beneficiaries to the Rosa B. Schwiker Trust and all of its related trusts,

    Plaintiffs,

v.   Case No: 2:11-cv-459-FtM-29CM

WELLS FARGO, N.A. as successor to WACHOVIA BANK, N.A., as Corporate Trustee to the Rosa B. Schweiker Trust, and all of its related trusts,

    Defendant/Third Party Plaintiff

BRUCE D. BERLINGER and SUE CASSELBERRY,

    Third Party Defendants.

---

**OPINION AND ORDER**

This matter comes before the Court on review of Defendant Wells Fargo Bank, N.A.'s Motion to Dismiss Plaintiffs' Second Amended Complaint (Doc. #97) filed on October 11, 2013. Plaintiffs filed a Response in Opposition (Doc. #106) on November 4, 2013.

For the reasons set forth below, the motion is granted in part and denied in part.

## I.

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011)(citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."

2

Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012)(internal quotation marks and citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.[1]

In ruling on a motion to dismiss, a district court may consider materials attached to the complaint and extrinsic documents which are central to the plaintiff's claim and whose authenticity is not challenged. Starship Enters. of Atl., Inc. v. Coweta County, Ga., 708 F.3d 1243, 1253 n.13 (11th Cir. 2013); Reese v. Ellis, Painter, Ratteree & Adams LLP, 678 F.3d 1211, 1215-16 (11th Cir. 2012); SFM Holdings, Ltd. v. Banc of Am. Sec., LLC, 600 F.3d 1334, 1337 (11th Cir. 2010). When exhibits attached to a complaint contradict general and conclusory allegations of the pleading, the exhibits govern. In re Northlake Foods, Inc., 715

---

[1] Plaintiffs' argument that a complaint will not be dismissed unless it appears beyond doubt that plaintiff cannot provide a set of facts in support (Doc. #106, p. 2) refers to a "retired" standard. ADA v. Cigna Corp., 605 F.3d 1283, 1288 (11th Cir. 2010).

F.3d 1251, 1256-57 (11th Cir. 2013); Griffin Indus., Inc. v. Irvin, 496 F.3d 1189, 1206 (11th Cir. 2007).

## II.

This case involves three claims by three beneficiaries of three family trusts against Wells Fargo, N.A., the former corporate co-Trustee (Wells Fargo.)  Plaintiffs allege claims for breach of trust, breach of fiduciary duty, and civil theft.  A previous Opinion and Order (Doc. #91) dismissed Count III of an amended complaint based upon a pleading deficiency, without addressing other issues.[2]  As permitted, plaintiffs filed a Second Amended Complaint (Doc. #93), which Wells Fargo now seeks to dismiss. Wells Fargo asserts plaintiffs' civil theft claim should be dismissed because for various reasons it fails to state a claim upon which relief can be granted, and that the entire Second Amended Complaint should be dismissed as a shotgun pleading (Doc. #97.))  Plaintiffs argue to the contrary.  (Doc. #103.)

---

[2] Contrary to plaintiffs' argument (Doc. #106, pp. 4-5), the Court's prior Opinion and Order did not deny any of defendant's arguments.  The Opinion and Order found the civil theft count to be insufficiently pled as to felonious intent, and stated "the Court need not address defendant's additional arguments."  (Doc. #91, n.1.)

4

**III.**

**A.   Count III: Civil Theft**

In Count III, plaintiffs assert that Wells Fargo committed civil theft of the funds in the three family trust accounts. Plaintiffs allege that on August 8, 2011, they requested that Wells Fargo transfer the funds in all three trust accounts to SunTrust Bank within thirty days. Wells Fargo failed to do so within thirty days, and on September 27, 2011, plaintiffs sent Wells Fargo a pre-suit notice alleging civil theft and demanding treble damages in excess of $19 million. By October 27, 2011, Wells Fargo had transferred the trust funds to SunTrust Bank, although plaintiff allege that $71,000 has never been transferred. Plaintiffs claim actual damages over $6 million due to the delayed transfer of trust funds to SunTrust Bank. Wells Fargo seeks dismissal of this count for several reasons.

(a)   **Standing to Assert a Civil Theft Claim**

Wells Fargo argues that Count III should be dismissed because plaintiffs do not have standing to assert a civil theft claim because they did not have the right to immediate possession of Trust assets, as required by Florida law. (Doc. #97, pp. 5-12.) As the Court previously stated (Doc. #91, p. 5), the elements for a civil theft claim under Florida law were set forth in United Techs. Corp. v. Mazer, 556 F.3d 1260, 1270 (11th Cir. 2009). Additionally, "[u]nder Florida law, a plaintiff in an action for

5

conversion or civil theft must establish possession or an immediate right to possession of the converted property at the time of the conversion." United States v. Bailey, 419 F.3d 1208, 1212 (11th Cir. 2005). Florida law bars a civil theft claim if plaintiff "had no immediate right to possession" of the allegedly converted property. Alex Hofrichter, P.A. v. Zuckerman & Venditti, P.A., 710 So. 2d 127, 130 (Fla. 3d DCA 1998).

Plaintiffs' Second Amended Complaint alleges that plaintiffs had a "legally recognized property interest as the Plantiffs were, and still are, entitled to immediate possession of monetary assets totaling $6,464,723.96 . . . by virtue of the trust agreements." (Doc. #93, ¶ 49.) If supported by plausible facts and not contradicted by the trust documents, this allegation would be sufficient to withstand a motion to dismiss. Plaintiffs, however, do not allege facts to support the conclusory allegation, and the trust documents attached to the Second Amended Complaint (Doc. #93, ¶ 12, Exh. A) establish the contrary. Plaintiffs were not **entitled** to a distribution of the Trusts' assets at any time, including during the time of the alleged conversion. It is clear under the trust documents that no plaintiff had an immediate right to possess any trust assets, only the right to request and/or receive such distributions as were authorized by the trustee(s) in their sole discretion. Additionally, there is no allegation that

a distribution had been authorized during the time of the delayed transfer of accounts to SunTrust Bank.

Plaintiffs assert standing because they have a "vested immediate right to possession" in the assets of the Trusts by virtue of being permitted to protect trust assets and to mandate immediate transfer of trust assets to a new trustee. (Doc. #106, pp. 7-8.) This is not sufficient to confer standing for a civil theft claim. It is the duty of the trustee, not the beneficiaries, to protect trust assets and enforce claims of the trust. See Fla. Stat. § 736.0809; Fla. Stat. § 736.0811. A beneficiary does not have standing to bring such an action. Traub v. Zlatkiss, 559 So. 2d 443 (Fla. 5th DCA 1990). Additionally, the right to transfer the trust assets to a new trustee is not a right to possession by the beneficiaries of the trust assets. Plaintiffs still retain no more than the right to request and receive discretionary distributions if and when made. If there is a cause of action, it is for the new trustee, not discretionary beneficiaries.

Because plaintiffs' allegation of an immediate right to possess assets from the Trusts during the time of the alleged conversion is contradicted by the trust documents, the civil theft claim fails and must be dismissed. Accordingly, the motion to dismiss will be granted as to Count III.

**(b)   Felonious Intent**

Defendant argues that the Second Amended Complaint still fails to adequately allege the felonious intent element of a civil theft claim. The Second Amended Complaint alleges that Wells Fargo deprived the beneficiaries of their right to property with felonious intent in that they refused to reveal the location of the funds when requested, effectively concealing the location of the funds (Doc. #93, ¶¶ 53, 58.) As defendant points out, the Second Amended Complaint and attached documents establish that plaintiffs knew the funds were with Wells Fargo. Indeed, Wells Fargo's continued retention of the funds was the impetus for the demand letter claiming treble damages. Fla. Stat. § 772.11(1). The Court finds that plaintiffs have not asserted plausible facts of felonious intent.

**(c)   Florida Trust Code**

Defendant asserts that the Florida Trust Code provides a corporate trustee with a "reasonable" time to transfer trust funds, which trump the Florida civil theft statutory requirement of return of property within thirty days of demand. Defendant cites no controlling authority for such a proposition, and the Court finds no basis to dismiss Count III on this ground.

**(d)   Damages**

Defendant asserts that Count III fails to properly allege any damages, and therefore must be dismissed. While plaintiffs claim

over $6 million in damages, there are no facts which plausibly support the claim. Plaintiffs were not entitled to possession of any amount of money, since no distribution had been authorized by the trustees. Assuming the delayed transfer is as asserted, there were no resulting monetary damages to these plaintiffs.

**B.  Shotgun Pleading**

Wells Fargo contends the Second Amended Complaint constitutes a shotgun pleading which is prohibited by Federal Rule of Civil Procedure 10(b) and thus, should be dismissed in its entirety. (Doc. 97, p. 13). "Shotgun" pleadings are pleadings in which it is "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." Anderson v. Dist. Bd. of TrS. of Cent. Florida Cmty. Coll., 77 F.3d 364, 366 (11th Cir. 1996). Wells Fargo asserts Counts II and III improperly incorporate all the allegations set forth in Count I in addition to the general allegations. (Id.) Plaintiffs respond that the Second Amended Complaint is well-pled and properly alleges three separate counts against defendant with one cause of action in each count. (Doc. #106, p. 17.) The Court takes plaintiffs at their word, and will strike certain incorporation language to clarify the one-claim-per-count assertion. Count I properly incorporates just the preceding general allegations. (Doc. #93, ¶ 10.) Paragraphs 34 and 47 will be corrected to read: "Plaintiff re-alleges Paragraphs 1-9 as set forth fully herein."

9

Accordingly, it is now

**ORDERED:**

Defendant Wells Fargo Bank, N.A.'s Motion to Dismiss Plaintiffs' Second Amended Complaint (Doc. #97) is **GRANTED in part and DENIED in part.** The motion is granted as to Count III, which is dismissed without prejudice, and is otherwise denied. Paragraphs 34 and 47 will be corrected to read: "Plaintiff re-alleges Paragraphs 1-9 as set forth fully herein."

**DONE AND ORDERED** at Fort Myers, Florida, this __9th__ day of September, 2014.

_____
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:
Counsel of record