## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

STACEY SUE BERLINGER, as
beneficiaries to Rosa B. Schweiker
Trust and all of its related trusts, also
known as STACEY BERLINGER
O'CONNOR, BRIAN BRUCE
BERLINGER,

       Plaintiffs,

v.                               Case No:  2:11-cv-459-FtM-29CM

WELLS FARGO, N.A., AS
SUCCESSOR TO WACHOVIA BANK,
N.A., as Corporate Trustee to the
Rosa B. Schweiker Trust, and all of its
related trusts,

       Defendant/Third
       Party Plaintiff,

BRUCE D. BERLINGER and
SUE CASSELBERRY,

       Third Party
       Defendants.

_____

## <u>ORDER</u>

Before the Court is Plaintiffs' Motion to Compel Discovery Responses and for Payment of Fees Pursuant to Federal Rule of Civil Procedure 37 (Doc. 208, "Motion to Compel") and Defendant Wells Fargo N.A.'s ("Wells Fargo") Response in Opposition (Doc. 229).  Plaintiffs also have filed motions for sanctions pursuant to Federal Rule of Civil Procedure 30 against attorneys Barbara Fein, counsel to non-party deponent ("Fein"), and Amy Rubin, attorney for Wells Fargo ("Rubin"), for

alleged obstructive conduct at the deposition of non-party witness Linda La Vay ("La Vay") and two other witnesses' depositions.   Docs. 192, 193, 194, 195.   Wells Fargo has responded in opposition.[1]   Docs. 222, 223, 224.

In this case, Plaintiffs Stacey Sue Berlinger, Brian Bruce Berlinger and Heather Anne Berlinger, beneficiaries to the Rosa B. Schweiker Trust and all of its related trusts, filed a three-count Second Amended Complaint (Doc. 93) against Wells Fargo, corporate co-trustee of the trusts.   Plaintiffs bring claims for breach of trust, breach of fiduciary duty and civil theft.   *Id.*   On May 15, 2014, Plaintiffs conducted La Vay's deposition in Lansdale, Pennsylvania.   La Vay is a former employee of Wells Fargo who was a trust advisor who administered the trusts at issue in this case.   La Vay was noticed as a fact witness and represented at the deposition by her personal counsel, Fein.   Wells Fargo was represented by Rubin.   Plaintiffs argue that there were six questions posed to La Vay at her deposition to which Fein and/or Rubin improperly objected on attorney-client privilege grounds and to which the witness either did not answer or answered evasively.

For the reasons set forth herein, the Motion to Compel is denied, and upon review of the transcripts of the depositions and the briefing, the Court finds that sanctions are not warranted.

---

[1] Fein is personal counsel to La Vay (a non-party) and therefore has not entered an appearance in this matter nor responded to the Motion for Sanctions filed against her.   Doc. 192.

<u>Motion to Compel</u>

The La Vay deposition questions at issue in the Motion to Compel are as follows (the Court has provided context, where appropriate):[2]

**<u>QUESTION #1</u>:**

In this instance, Plaintiffs' counsel is questioning the witness about a letter La Vay sent to Third-Party Defendant Bruce D. Berlinger on August 1, 2008, expressing concerns regarding trust funds.   Doc. 208-1.   La Vay begins by reading from the letter:

> La Vay:   Dear Bruce, as you know, I had been expressing Wachovia's concern to you regarding the rate at which funds are being expended from the various Schweiker/Berlinger family trusts for you and your children.   The matter is sufficiently serious that I consulted legal counsel in Pennsylvania and Florida.   The lawyers have echoed my concern about the distributions from the trust.

> **Question #1**: Okay, stop right there.   In terms of that particular paragraph, what exactly did you convey to the legal counsel and what exactly were their concerns about the distributions?

> Rubin:   Objection, I'll instruct her not to answer.

> Fein:   Objection.

> Rubin:   Attorney-client privilege.

---

[2] A complete copy of the deposition transcripts have been filed with the Court under seal pursuant to this Court's June 16, 2014 Order.   Doc. 169.   The transcripts were sealed at the request of the parties because they contain testimony relating to Defendant's policies and procedures.   Doc. 166.   None of the deposition testimony the Court includes in this Order relates to such policies and procedures.

Doc. 179 at 41:11-42:6.  Plaintiffs argue that the question is not covered by the attorney-client privilege because it does not elicit attorney-client communications between a lawyer and a client for the rendition of legal services, but rather was for business advice.  Alternatively, to the extent that the privilege applies, they assert that La Vay waived the privilege by conveying the concerns she expressed to legal counsel to Mr. Berlinger.[3]  Wells Fargo responds that the privilege applies because this is a communication between La Vay and in-house counsel.  Wells Fargo explains that La Vay was consulting with legal counsel regarding the trusts and concerns related to Bruce Berlinger's expenditures as primary beneficiary.

Florida law governs the application of the attorney-client privilege in diversity actions such as this that raise no federal question.  *Palmer v. Westfield Ins. Co.*, 2006 WL 2612168, at *2 (M.D. Fla. June 30, 2006).  The attorney-client privilege protects communications between a client and attorney made in confidence for the purpose of securing legal advice or assistance.  *S.E.C. v. Dowdell*, 2006 WL 3876294, at *3 (M.D.

---

[3] Plaintiffs also argue that the question does not call for privileged information under the common interest doctrine because Wells Fargo's attorneys were in fact acting as attorney for the beneficiaries in the underlying divorce proceeding.  Thus, Plaintiffs argue that Wells Fargo's attorneys cannot now take an adversarial position to them in this substantially related proceeding.  Under the common interest doctrine, "litigants who share unified interest [may] exchange . . . privileged information to adequately prepare their cases without losing the protection afforded by the privilege."  *Visual Scene, Inc. v. Pilkington Bros., PLC*, 508 S.2d 437, 440 (Fla. 3d DCA 1987) (citing W*estern Fuels Ass'n v. Burlington Northern Railroad Co.*, 102 F.R.D. 201 (D. Wyo. 1984)).  The common interest doctrine considers parties with separate counsel to nevertheless be aligned for the purposes of a privilege analysis when those parties have legal interests which are allied, as long as the parties' communications were with a lawyer "consulted in common."  Fla. Stat. § 90.502(4)(e).

This argument previously was rejected by the Court wherein the Court found that there was no attorney-client relationship between Plaintiffs and Amy Rubin, attorney for Wells Fargo, in the prior divorce proceeding.  Doc. 58 at 7.

Fla. May 15, 2006) (citing *Cox v. Adm'r U.S. Steel & Carnegie*, 17 F.3d 1386, 1414 (11th Cir. 1994)).   The party invoking an attorney-client privilege must prove, as an initial matter, that "an attorney-client relationship existed and that the particular communications were confidential."   *United States v. Schaltenbrand*, 930 F.2d 1554, 1562 (11th Cir. 1991).   For the privilege to apply, the communications must be shown to be made to an attorney confidentially, in the attorney's professional capacity, "'for the purpose of securing legal advice or assistance.'"   *Id.* (quoting *United States v. Ponder*, 475 F.2d 37, 39 (5th Cir. 1973)).   The attorney-client privilege only extends to confidential communications whose primary or predominate purpose is to seek or provide legal advice or assistance.   *See, e.g., Preferred Care Partners Holding Corp. v. Humana, Inc.*, 258 F.R.D. 684 (S.D. Fla. 2009) (privilege does not extend to communications with an attorney related solely to business advice).   Pursuant to Federal Rule of Civil Procedure 30(c)(2), "[a] person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)."

The question asked for communications between La Vay and in-house counsel concerning how the bank was administering and making distributions from the trusts.   Therefore, the Court finds that the question called for attorney-client communications that are privileged, and defense counsel's objections and instruction not to answer were proper.   With regard to Plaintiffs' argument that the privilege was waived because La Vay communicated the concerns she expressed to legal counsel to Mr. Berlinger, it is not clear to the Court that this is the case.   La Vay was

not asked to what extent the concerns outlined in the letter contained communications between herself and in-house counsel.

QUESTIONS #2 & 3:

Plaintiffs' counsel:   Continue to read.

La Vay: New paragraph: Since the beginning of this year, we have been paying to you from the trust $24,400 per month for your own living expenses.  In addition, since you were divorced from Sue in 2007, we have been distributing an additional $16,000 per month to cover your alimony obligations.

Plaintiffs' counsel:   Stop right there.  Do you see the paragraph halfway down the first page which is Bates stamped PLAA00092 which states, "Further, the corporate trustee may not make distributions to you or your descendants which will discharge any support obligation of you, the grantor's son."   Do you see that?

La Vay:   Yes.

Plaintiffs' counsel:   Was that in reference to the Rose Berlinger trust, was it not, according to your letter?

LaVay:   Yes.

Plaintiffs' counsel:   In it those distributions that were being made from the Schweiker trust to pay alimony obligations of $16,000 a month, to whatever extent it was being paid from that trust, would be in violation of those trust provisions; would it not?

Fein:   Objection.

Rubin:   Let me object for serious reasons.  Number one, improper foundation whether there's any payments from that trust; two, I'll object it's misleading the witness, all payments were made to Bruce Berlinger; three, I'll object to the extent the Florida laws require something other than what the trust may or may not be.

Question #2:   Was it in violation of the trust provisions?

Fein:   Object.

- 6 -

The witness:   I remember what you said, but what you just quoted—

Fein:   Objection.  She's not an attorney.  You asked her for a legal conclusion.  Was it a violation of – objection.  Don't answer it.  Move on.

**Question #3**:   In your opinion as a trust administrator, was it in violation of the trust documents that you reference in this letter?

Rubin:   All the same objections apply.

Fein:   Objection

Plaintiffs' counsel:   You can answer.

Fein:   No, she can't.

Plaintiffs' counsel:   As a trust administrator.

Fein:   You're asking her for a legal conclusion.   She says in the letter she sought legal counsel's advice.   You can't answer the question.  Move on.

Doc. 179 at 42:19-45:4.

Plaintiffs argue that these questions do not elicit attorney-client privileged communications and that opposing counsel did not object on this basis.   Rather, Plaintiffs assert that the sole basis for the objections was to form, and it was therefore improper for counsel to instruct the witness not to answer on this basis.   Wells Fargo responds that Fein was making an attorney-client privilege objection.   Although the Court agrees that the witness must answer the question subject to an objection to form, in this line of questioning Fein also stated that her objection was based in part on the fact that La Vay sought legal counsel's advice in connection with the letter. Doc. 179 at 45:1-2.   Although La Vay could have answered the question to the extent that the answer would not divulge any attorney-client privileged communications

between La Vay and in-house counsel regarding the bank's administration of the trust funds, Plaintiffs' counsel did not seek to further question the witness to the extent that this was the case.   La Vay's deposition was not cut short by defense counsel, and Plaintiffs' counsel did not seek Court intervention during the deposition. Thus, the Court finds that reopening the deposition at this point in the proceedings is not appropriate.[4]

QUESTIONS #4-6:

> Plaintiffs' counsel:   But I'm talking about the statement you made in the letter, "Further the corporate trustee may not make distributions to you or your descendants which will discharge any support or [sic] obligation of you, the grantor's son."   My question was, was that in reference to the alimony payments that were discussed in paragraph 2 of the letter on the first page?

> Fein:   Objection.   We've already objected to that.   She's not an attorney.   Move on from this topic.

> Plaintiffs' counsel:   I'm asking questions is it referencing.

> Rubin:   Form and ⋯

> Plaintiffs' counsel:   I note your objection.   Are you going to tell her not to answer that question?

> Fein:   If she knows the answer as a trust administrator, she can answer.   You're asking her ⋯

> Plaintiffs' counsel:   That's my question.

> Fein:   No.   You're asking her does it violate the Court-ordered support document?   She's not an attorney.

---

[4] The Court notes that Plaintiffs have filed a Motion for Leave to Take Second Deposition of Linda La Vay, but on different grounds than those argued in the instant Motion to Compel.   Doc. 233, "Motion for Leave."   Therefore, the Motion for Leave does not affect the Court's analysis here.

> Plaintiffs' counsel:   That's not what I'm asking her.   I'm saying it is referencing that.

Doc. 179 at 47:7-48:9.

> **Question #4**:   Do you know what a support obligation is?
>
> La Vay:   No.

Doc. 179 at 54:6-7.

> **Question #5**:   I'm asking you, do you know what the phrase "support obligation" means, that which you wrote on that letter?
>
> La Vay:   I cannot give you a legal opinion on that.

Doc. 179 at 54:15-18.

> **Question #6**:   My question to you, ma'am, is what did it mean to you when you used the words "support obligation?"   Not where you got it from; what did it mean to you?
>
> Mr. Hymowitz:   Objection to form.
>
> Rubin:   Objection.
>
> Fein:   Objection
>
> La Vay:   I think you're asking an opinion, and I don't really have one.

Doc. 179 at 104:11-19.

Plaintiffs argue that La Vay was evasive when she answered this question. Plaintiffs note that it seems "inconceivable" that La Vay does not know what a support obligation means based on her experience as a trust advisor.   Plaintiffs do not seem to be making any argument regarding opposing counsel's objections to the questions, rather, they just take issue with the witness' answer.   The Court agrees that since there was no privilege objection, the deponent was required to answer the

question, which she did.   Plaintiffs' arguments regarding the sufficiency of her answer go to impeachment of the witness and are not a basis for compelling the witness to provide a better response.   This is not a case in which La Vay was noticed as a witness pursuant to Federal Rule 30(b)(6), which would have required the deponent to be knowledgeable about the subject matter identified as the area of inquiry.

## Motions for Sanctions

Plaintiffs have moved for sanctions pursuant to Federal Rule 30 against Fein[5] (Doc. 192) and Rubin (Doc. 195) for their conduct at the La Vay deposition, arguing that they impeded, delayed and frustrated the fair examination of La Vay when they instructed her not to answer numerous questions and made several speaking and suggestive objections to mislead the deponent.   Plaintiffs also move for sanctions against Rubin regarding the depositions of Thomas Craven ("Craven") and Bernard DeStafney ("DeStafney"), both former employees of Wells Fargo and noticed as fact witnesses.   As sanctions, Plaintiffs request the Court include all reasonable fees and costs for the depositions, as well as the fees and costs for a continued deposition of the witnesses, which they necessitated.   Wells Fargo responds that much of Plaintiffs counsel's questions were complicated, compound and duplicative, and it was obligated to object on the record pursuant to Federal Rule 32(d)(3)(B), which provides:

---

[5] Plaintiffs take issue with the fact that Ms. Fein is an attorney licensed in the United States District Court for the Eastern District of Pennsylvania, and not licensed to practice in the United States District Court for the Middle District of Florida and therefore was not permitted to appear and make objections at the deposition.   The deposition, however, was noticed for and took place in Lansdale, Pennsylvania, located in the Eastern District of Pennsylvania.

(B)    *Objection to an Error or Irregularity*.   An objection to an error or irregularity at an oral examination is waived if:

(i) it relates to the manner of taking the deposition, the form of a question or answer, the oath or affirmation, a party's conduct, or other matters that might have been corrected at that time; and

(ii) it is not timely made during the deposition.

Wells Fargo further argues that the deposition was delayed and frustrated because copies of the exhibits were not provided to opposing counsel prior to the deposition, although they were requested.   Plaintiffs' counsel also provided only one copy of the exhibits, which had to be passed between both the witness and counsel.

The court has broad discretion to fashion appropriate sanctions for the violation of discovery obligations.   *United States v. Certain Real Property Located at Route 1*, 126 F.3d 1314, 1317 (11th Cir. 1997).   Pursuant to Federal Rule 30(d)(2), "[t]he court may impose an appropriate sanction – including the reasonable expenses and attorney's fees incurred by any party – on a person who impedes, delays, or frustrates the fair examination of the deponent."

A review of the deposition transcripts reveal that counsel were less than professional with each other.   This Court's Civil Discovery Practice Manual states that "those in attendance should conduct themselves in the manner expected during courtroom proceedings in the presence of a judge."   *Handbook on Civil Discovery Practice in the United States District Court for the Middle District of Florida* at II.A.2.   Surely counsel for all parties involved would not have conducted themselves

in court as they did in the depositions.   The Manual further provides that conduct during depositions should accord with Local Rule 5.03(7), (8), (9), (12), (13) and (16).[6]

The Court finds that sanctions are not warranted.   As noted, La Vay's deposition was not cut short by defense counsel, and the DeStafney and Craven depositions lasted less than the maximum seven hours allowed under Federal Rule of Civil Procedure 30(d)(1).[7]   Thus, Plaintiffs' counsel had the opportunity to continue questioning the witnesses at that time, and the request to continue the depositions is not well taken.   Counsel for all parties are admonished and advised in the future that they should conduct themselves professionally, putting aside any personal animosity and engage in good faith efforts to work with opposing counsel in order to best serve their clients.

---

[6]  (7) Avoid disparaging personal remarks or acrimony toward opposing counsel and remain wholly detached from any ill feeling between the litigants or witnesses.

(8) Refer to all persons, including witnesses, other counsel and the parties by their surnames and not by their first or given names.

(9) Only one attorney for each party shall examine, or cross examine each witness.   The attorney stating objections, if any, during direct examination, shall be the attorney recognized for cross examination.

(12) In making objections counsel should state only the legal grounds for the objection and should withhold all further comment or argument unless elaboration is requested by the Court.

(13) In examining a witness, counsel shall not repeat or echo the answer given by the witness.

(16) Counsel shall admonish all persons at counsel table that gestures, facial expressions, audible comments, or the like, as manifestations of approval or disapproval during the testimony of witnesses, or at any other time, are absolutely prohibited.

M.D. Fla. Rule 5.03.

[7]  In fact, the DeStafney deposition lasted less than three hours.

ACCORDINGLY, it is hereby

**ORDERED:**

1.      Plaintiffs' Motion to Compel Discovery Responses and for Payment of Fees Pursuant to Federal Rule of Civil Procedure 37 (Doc. 208) is **DENIED**.

2.      Plaintiffs' Motions for Sanctions Pursuant to Federal Rule of Civil Procedure 30 (Docs. 192, 193, 194, 195) are **DENIED**.

3.      Plaintiffs' Motion for Leave to File Reply to Defendant Wells Fargo Bank, N.A.'s Memorandum in Opposition to Plaintiffs' Motion for Sanctions (Doc. 225) is **DENIED**.[8]

    **DONE** and **ORDERED** in Fort Myers, Florida on this 24th day of September, 2014.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record

---

[8] The Court finds that a reply brief would not aid the Court in its determination of the issues.