# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### FORT MYERS DIVISION

STACEY SUE BERLINGER, as
beneficiaries to Rosa B. Schweiker
Trust and all of its related trusts, also
known as STACEY BERLINGER
O'CONNOR, BRIAN BRUCE
BERLINGER,

       Plaintiffs,

v.                                       Case No:  2:11-cv-459-FtM-29CM

WELLS FARGO, N.A., AS
SUCCESSOR TO WACHOVIA BANK,
N.A., as Corporate Trustee to the
Rosa B. Schweiker Trust, and all of its
related trusts,

            Defendant/Third
            Party Plaintiff,

BRUCE D. BERLINGER and
SUE CASSELBERRY,

          Third Party
          Defendants.

_____

## ORDER

    This matter is before the Court on various discovery motions pending in the case that relate to certain depositions, as well as a request by Plaintiffs to extend the discovery deadline by 120 days.  Discovery in this case closes on October, 31, 2014 (Doc. 212), and the case is currently set for trial during the March 2, 2015 trial term.

Doc. 141.   Upon review of the motions and responses,[1] and considering the record as a whole, the Court's rulings follow.

## I.   Second Deposition of Linda LaVay

On October 7, 2014, the Court granted Plaintiffs leave to take a second deposition of out-of-state fact witness LaVay, the trust advisor formerly with Wells Fargo who administered the trusts at issue in this case.[2] Doc. 241.   The Court narrowly limited the deposition, however, to questions regarding the one-third interest purchase of property located at 527 Banyan Blvd., Naples, Florida.   *Id.* at 5. The Court further found that the only documents that may be used at the deposition are those produced by Wells Fargo in compliance with the Court's September 8, 2014 Order (Doc. 218), which totaled four documents consisting of 16 pages.   *Id.* at 5-6. The Court stated that the deposition may be conducted telephonically if the parties can reach an agreement, but should last no more than half a day.   *Id.* at 6.   The

---

[1] The motions include: Plaintiffs' Motion for Leave to Expand Scope of Second Deposition of Linda LaVay ("LaVay") (Doc. 243), Plaintiffs' Motions for Leave to Take Second Deposition of Thomas Craven ("Craven") (Doc. 244) and Bernard Destafney ("Destafney") (Doc. 245), filed on October 7, 2014.   Wells Fargo N.A.'s ("Wells Fargo") Responses in Opposition to these motions were filed on October 24, 2014 (Docs. 266, 267, 268).   Plaintiffs filed an Amended and Updated Second Motion for Extension of Time Pursuant to Rule 6(b) of the Federal Rules of Civil Procedure with Updated Good Faith Conference Clarification (Doc. 255) on October 10, 2014, to which Wells Fargo responded (Doc. 259).   On October 30, 2014, LaVay filed a Motion Seeking Protective Order under Federal Rule 26(c) to prevent her continued deposition (Doc. 279), which she previously had been filed in the Eastern District of Pennsylvania on October 18, 2014, to which Plaintiffs have responded (Doc. 264).   Wells Fargo has also moved for a protective order to preclude the deposition of its corporate representative, noticed by Plaintiffs for October 31, 2014 (Doc. 263), to which Plaintiffs responded (Doc. 271).   Finally, Plaintiffs moved for an extension of the deadline to depose LaVay (Doc. 273), to which LaVay and Defendants have responded (Docs. 274, 276).

[2] LaVay was first deposed on May 15, 2014.   Doc. 179.   Her deposition lasted the entire day.

Court further stated that the deposition must occur prior to the discovery deadline of October 31, 2014. *Id.*

The parties have been unable to reach an agreement as to whether the deposition will be held in-person or telephonically. Plaintiffs desire that it be held in person in Pennsylvania, where LaVay resides. LaVay has moved for a protective order pursuant to Federal Rule 26 because of undue burden, requesting, in part, that the Court require the deposition to take place telephonically and be limited to two hours. LaVay also requests that she be provided with copies of the four documents prior to her deposition.[3] LaVay seeks this protection because she alleges that Plaintiffs' counsel has engaged in abusive tactics against her throughout the history of this case, and the same is occurring with respect to the second deposition.

Rule 26 provides that before a protective order may issue, the movant must show good cause why justice requires an order to protect a party or person from "annoyance, embarrassment, oppression, or undue burden or expense." *See* Fed. R. Civ. P. 26(c). To establish good cause, the moving party must make "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *U & I Corp. v. Adv. Med. Design, Inc.*, 251 F.R.D. 667, 673 (M.D. Fla. 2008) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)).

---

[3] LaVay filed the motion for protective order in the United States District Court for the Eastern District of Pennsylvania on October 18, 2014, as that is the district where LaVay's continued deposition is set to occur. The motion was transferred by the Pennsylvania court to this Court pursuant to Federal Rule of Civil Procedure 45(f) and filed in the docket by LaVay at Doc. 279, on October 30, 2014. *See Berlinger v. Wells Fargo, N.A.*, Case No. 2:14-mc-256-GP (E.D. Pa. Oct. 23, 2014) at Doc. 7.

Conclusory predictions of "annoyance" and "embarrassment" cannot justify a protective order. *See Dang v. Eslinger*, 2014 WL 3611324, at *3 (M.D. Fla. July 22, 2014) (citing *Jennings v. Family Mgmt.*, 201 F.R.D. 272, 275 (D.D.C. 2001) ("[T]he movant must articulate specific facts to support its request and cannot rely on speculative or conclusory statements."); *Bucher v. Richardson Hospital Auth.*, 160 F.R.D. 88, 92 (N.D. Tex. 1994) ("Conclusory assertions of injury are insufficient.")).

Although Plaintiffs argue that they are entitled to conduct the deposition in person, Federal Rule 26 authorizes the Court to prescribe a different method of discovery other than the one selected by the party seeking the discovery, which could encompass a plaintiff's deposition being taken in a different location, or by alternative means, if justice so requires. *See* Fed. R. Civ. P. 26(c)(2)(C); *Trinos v. Quality Staffing Svcs. Corp.*, 250 F.R.D. 696 (S.D. Fla. 2008). "Rule 26(c) gives the district court discretionary power to fashion a protective order. The decision does not depend upon a legal privilege." *Farnsworth v. Procter & Gamble, Co.*, 758 F.2d 1545, 1548 (11th Cir. 1985).

LaVay, although a former employee of Defendant, is not a party to this action. The Court finds that LaVay has shown good cause for the deposition to take place telephonically. The acrimony between counsel for the parties and the witness has reached such a level that the Court finds it best that the deposition proceed telephonically. The Court notes that it already significantly limited the second deposition of LaVay in its October 7, 2014 Order (Doc. 241) to questions regarding one topic and four documents. Thus, it should not be particularly difficult to

examine the witness over the telephone.   The Court still finds that the deposition should take no more than half a day, which the Court will now define as 9:00 a.m.— 12:00 p.m.   This should be more than enough time to question LaVay on this narrow topic.[4]   Plaintiffs shall provide LaVay's counsel with the four documents referenced in the Court's October 7, 2014 Order (Doc. 241), at least seven days prior to the deposition.   LaVay's attorney, Barbara Fein, must be copied on any motion, pleading, filing or correspondence involving LaVay and/or the deposition.

LaVay's deposition may be set for a date prior to the discovery deadline[5] that is mutually convenient to the witness, all parties and opposing counsel.   While under normal circumstances it would be a fairly straightforward exercise for the lawyers to work together to schedule a court-ordered deposition without the Court's involvement, ill will between the lawyers that has been engendered by the conduct of all involved has resulted in this case oftentimes reaching a standstill until the Court can rule on the disputed issues.   Discovery in this case, which has been pending for

---

[4] So that the deposition may proceed expeditiously, the Court further reminds the parties that objections at the deposition must comply with Federal Rule 30, which states:

> An objection at the time of the examination—whether to evidence, to a party's conduct, to the officer's qualifications, to the manner of taking the deposition, or to any other aspect of the deposition—must be noted on the record, but the examination still proceeds; the testimony is taken subject to any objection. An objection must be stated concisely in a nonargumentative and nonsuggestive manner. A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3).

Fed. R. Civ. P. 30(c)(2).   If any issues arise during the deposition, the parties may contact chambers.

[5] As discussed *infra*, Sec. IV, the discovery deadline is extended by 45 days to allow, in part, for the continued deposition of LaVay.

over three years, has nearly come to an end.   If the parties are unable to reach an agreement on a date for the LaVay deposition, they are directed to contact the Court immediately and the Court will set the date.

LaVay also requests that any reference to her be removed from the CM/ECF docket because Plaintiffs' counsel has impugned her reputation in their filings.   For example, LaVay informs the Court that Plaintiffs identify LaVay's home address in one of its filings.   Doc. 192 at ¶ 16.   The Court agrees that there is no reason for Plaintiffs to include LaVay's home address in any court filings.   Thus, the Court will direct the Clerk to place Doc. 192 under seal.   If there are any other references to LaVay's home address in the docket, LaVay's attorney is directed to inform the Court and those filings will be placed under seal.

Finally, LaVay requests that she be awarded her reasonable attorneys' fees and expenses incurred in this action to date pursuant to Federal Rules 30 and 37. The Court finds that sanctions are not warranted at this time but informs the parties that it will be inclined impose sanctions against either party "who impedes, delays, or frustrates the fair examination of the deponent" of any future depositions pursuant to Federal Rule 30(d)(2).

## II.   Scope of LaVay Deposition and Second Depositions of Craven and Destafney

Plaintiffs move to expand the scope of LaVay's second deposition and take a second deposition of fact witnesses Craven and Destafney.   Docs. 243, 244, 245.   As grounds, Plaintiffs state that Defendant's Answer to Plaintiffs' Second Amended Complaint (Doc. 240), filed on October 3, 2014, pleads 46 affirmative defenses for the

first time.   Plaintiffs wish to question LaVay, Craven and Destafney regarding their knowledge of the affirmative defenses.   Plaintiffs assert that October 3, 2014 was the first time they were aware of the 46 affirmative defenses.   Wells Fargo responds that this is not the first time it has pled the affirmative defenses, as 38 of the affirmative defenses were included in its original answer filed in this case on September 9, 2011.[6]   Doc. 9.   The same 38 affirmative defenses from Wells Fargo's 2011 answer are included in the current answer.   Doc. 240.   Wells Fargo also asserts that any other defenses besides the 38 were disclosed to Plaintiffs during discovery or in Wells Fargo's expert report of William Ries, provided to Plaintiffs on May 2, 2014 (in advance of the LaVay, Craven and Destafney depositions).   Doc. 160. For example, Wells Fargo states that "new" affirmative defenses four, five and six were disclosed in its May 2, 2014 expert report at pages 13-14 and 16.   *Id.*   The Court also notes upon its review of the May 2, 2014 expert report that "new" affirmative defenses 33, 34, 35 and 44 were also disclosed to Plaintiffs.   *Id.* at 11, 13, 15.

When a party seeks leave to re-examine a deponent, the court's decision whether to grant such leave is governed by Federal Rule 26(b)(2), which provides, in pertinent part,

> The court must limit the frequency or extent of use of the discovery methods otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the

---

[6] Plaintiffs' complaint has been amended twice.   Docs. 25, 93

> action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2).

Although Plaintiffs argue that they are entitled to discover facts relating to Defendant's affirmative defenses, the Court finds that Plaintiffs have already had ample opportunity to do so in this case by the discovery deadline and failed to do so. *See* Fed. R. Civ. P. 26(b)(2)(ii).   Plaintiffs were free to question any witness regarding their knowledge of the 38 affirmative defenses that they have been aware of since September 2011.   And it appears that Plaintiffs were otherwise aware of the "new" affirmative defenses when Defendant provided Plaintiffs with its expert report on May 2, 2014, prior to the fact witnesses' depositions.   It is incorrect for Plaintiffs to state in their motion that they were previously unaware of all 46 affirmative defenses, and they do not otherwise point the Court to any specific defensive theory that is completely new to them.   Thus, the request to expand the scope of LaVay's second deposition and take a second deposition of Craven and Destafney are denied.[7]   The scope of the LaVay deposition is narrowly limited to questions regarding the one-third interest purchase of property located at 527 Banyan Blvd., Naples, Florida, and four documents, as previously outlined.

---

[7] While decided on different grounds, the Court notes that it previously denied Plaintiffs' request to take a second deposition of Destafney.   Doc. 241.   Destafney's first deposition occurred on May 16, 2014, and lasted an hour and a half.   Doc. 170-1.   Craven's first deposition occurred on May 14, 2014, and lasted approximately seven hours.   Doc. 177.

### III.    Deposition of Wells Fargo's Corporate Representative

Wells Fargo moves for a protective order pursuant to Federal Rule 26(c) to preclude Plaintiffs from proceeding with the deposition of Wells Fargo's corporate representative because Plaintiffs unilaterally noticed the deposition on October 14, 2014 to take place on October 30, 2014 in Naples, Florida.[8]   *See* Doc. 263-2.   Wells Fargo's attorneys state that they are unavailable for the deposition on October 30, 2014, and that it is improper for the deposition to take place in Naples, as Wells Fargo's principal place of business is in South Dakota.   Doc. 263 at ¶ 8.   Wells Fargo relies in part on *LeBlanc v. Unifund CCR Partners, G.P.*, 2007 WL 2446900, at *3 (M.D. Fla. Aug. 23, 2007), which states that "[a]s a general rule and presumption, a non-resident corporate defendant should be deposed in its principal place of business, since the plaintiff is the party who brings the lawsuit and selects the forum." Plaintiffs respond that the *LeBlanc* court went on to note that the presumption may be overcome upon a showing of various factors, including "the location of counsel for the parties, the number of corporate representatives a party is seeking to depose, whether the deponents often travel for business purposes, the equities regarding the nature of the claim and relationship of the parties, and the financial burden on the corporation designating the representative."   *Id.*   Plaintiffs argue that equity demands Wells Fargo be deposed in Florida because it is a nationwide company that does business in Florida, and because counsel for both Plaintiffs and Wells Fargo are located in Florida.   In contrast, Plaintiffs' counsel states that they are a small law

---

[8] The deposition notice sets forth eight subject areas for questioning.   Doc. 263-2.

firm with three attorneys and should not be required to travel to South Dakota for the deposition.   Plaintiffs further assert that Wells Fargo is a party and as such, pursuant to Local Rule 3.04(b), may be deposed in this District.   Local Rule 3.04(b) provides for the "guidance of counsel" that "it is the general policy of the Court that a non-resident defendant who intends to be present in person at trial may reasonably be deposed at least once in this District either during the discovery stages of the case."

The Court, mindful of Local Rule 3.04(b) and the *LeBlanc* factors, finds that the balance of those considerations favor conducting the deposition in this District. Counsel for all parties are located in Florida.   Thus, Wells Fargo's motion for protective order is denied.   All documents that Plaintiffs' counsel intends to use at the deposition shall be provided to opposing counsel at least seven days in advance of the deposition.

## IV.   Discovery Deadline

Plaintiffs moves to extend the discovery deadline in this case by 120 days. Doc. 255.   As grounds, Plaintiffs state that they wish to conduct discovery to test the sufficiency of the 46 affirmative defenses and test the sufficiency of Third-Party Defendant Roberta Sue Casselberry's ("Casselberry") counterclaim, filed on October 9, 2014 (Doc. 253).[9]   The discovery deadline was previously extended 30 days upon Plaintiffs' request, until October 31, 2014.   Doc. 212.   This case has been pending

---

[9] Plaintiffs allege that it has not had a chance to conduct discovery with respect to Casselberry's counterclaim because it was just filed on October 9, 2014 (Doc. 253).   Doc. 255 at ¶ 19.   This statement is inaccurate.   Casselberry's pled a counterclaim containing the same allegations against Plaintiffs on September 3, 2014 (Doc. 213), prior to multiple depositions that were taken in this case.   Plaintiffs had ample opportunity to conduct discovery regarding Casselberry's counterclaim prior to the discovery deadline.

since 2011, and the Court is not inclined to extend the discovery deadline another 120 days.   Although the Court will not grant an extension of the discovery deadline so that Plaintiffs may conduct new discovery regarding the 46 affirmative defenses, the Court does note that scheduling issues have precluded the LaVay deposition from going forward by the discovery deadline.   Further, counsel have been unable to schedule the corporate representative deposition.   Thus, the Court will extend the discovery deadline by 45 days for the limited purposes of allowing the second telephonic deposition of LaVay[10] and the corporate representative deposition to take place.[11]   **The parties are cautioned that no discovery other than this may take place**. The corporate representative deposition may be reset for a date and time mutually convenient to the witness, all parties and opposing counsel.   This will necessitate that all other deadlines in the case be extended as well.

Finally, a review of the Case Management and Scheduling Order shows that the mediation deadline was October 15, 2014.   Doc. 141.   The Scheduling Order states that mediation was to occur with mediator Tara Dane, 1110 Fifth Avenue South, Naples, FL, 34102.   *Id.*   Pursuant to Local Rule 9.06(a), within seven days following the conclusion of the mediation conference, the mediator shall file a

---

[10] On October 28, 2014, Plaintiffs moved to extend the time to depose LaVay as the parties had been unable to reach an agreement on a date to depose her prior to the discovery deadline (Doc. 273), to which LaVay and Wells Fargo responded (Docs. 274, 276).   Because the Court has extended the discovery deadline to allow for LaVay's telephonic deposition, Plaintiffs' motion will be granted to this extent.

[11] The Court notes that on October 24, 2014, Plaintiffs moved for leave to file a third amended complaint to add newly-discovered claims for punitive damages based on fraud. Doc. 269.   That motion is not yet ripe for consideration.

mediation report indicating whether the parties settled.   No mediator report has been filed to date, and the parties have not requested an extension of the mediation deadline.   Thus, the parties are directed to inform the Court as to the status of the court-ordered mediation.

ACCORDINGLY, it is hereby

**ORDERED:**

1.      Plaintiffs' Amended and Updated Second Motion for Extension of Time Pursuant to Rule 6(b) of the Federal Rules of Civil Procedure with Updated Good Faith Conference Clarification (Doc. 255) is **GRANTED in part**.[12]   The discovery deadline is extended to **December 15, 2014,** for the limited purposes as set forth in this Order.   The Clerk is directed to issue an amended case management and scheduling order, setting this case for the June 2015 trial term.

3.      Plaintiffs' Motion for Leave to Expand Scope of Second Deposition of Linda LaVay (Doc. 243), Plaintiffs' Motions for Leave to Take Second Deposition of Thomas Craven (Doc. 244) and Bernard Destafney (Doc. 245) are **DENIED**.

4.      Linda LaVay's Amended Motion Seeking Protective Order under Federal Rule 26(c) Preventing Further/Continuing Deposition of Non-Litigant Fact Witness (Doc. 279) is **GRANTED IN PART** as set forth in this Order.[13]

---

[12]  Plaintiffs' first motion to extend the discovery deadline (Doc. 242) was filed prior to receiving responses from opposing counsel pursuant to Local Rule 3.01(g).   The first motion will be denied as moot.

[13]  LaVay's first motion for protective order (Doc. 278) was filed without all of the accompanying exhibits.   The first motion will be denied as moot.

5.      The Clerk is directed to place Doc. 192 under seal, as it contains personal identifiers.

6.      Wells Fargo Bank, N.A.'s Motion for Protective Order (Doc. 263) is **DENIED**.

7.      Plaintiffs' Motion to Extend Time for Compliance with Court Order dated October 7, 2014 (Doc. 273) is **GRANTED**.  LaVay's second deposition must occur prior to the discovery deadline.

8.      On or before **November 5, 2014**, the parties shall inform the Court as to the status of the court-ordered mediation.

**DONE** and **ORDERED** in Fort Myers, Florida on this 31st day of October, 2014.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record