UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

STACEY SUE BERLINGER, as
beneficiaries to Rosa B. Schweiker
Trust and all of its related trusts, also
known as STACEY BERLINGER
O'CONNOR, BRIAN BRUCE
BERLINGER,

  Plaintiffs,

v.            Case No: 2:11-cv-459-FtM-29CM

WELLS FARGO, N.A., AS
SUCCESSOR TO WACHOVIA BANK,
N.A., as Corporate Trustee to the
Rosa B. Schweiker Trust, and all of its
related trusts,

  Defendant/Third
  Party Plaintiff,

BRUCE D. BERLINGER and
SUE CASSELBERRY,

  Third Party
  Defendants.

## ORDER

This matter is before the Court upon review of the parties' filings regarding the status of Court-ordered mediation. Docs. 283, 285, 287, 291, 292. The Court requested that the parties inform the Court as to the status of the mediation because the deadline to do so had passed. Doc. 281.[1] The parties inform the Court that they

---

[1] The mediation deadline was October 15, 2014, as set forth in the Case Management and Scheduling Order. Doc. 141. The mediator was required to inform the Court of the status of mediation by October 22, 2014. M.D. Fla. R. 9.06(a).

have agreed to reschedule mediation for November 17, 2014, with mediator Tara Dane in Naples, Florida. While the Court applauds the parties' efforts to come to mutual agreement on this issue, the parties did not move for leave of Court to reschedule the mediation deadline as they are required to do pursuant to the Case Management and Scheduling Order and the rules of this Court.[2] Because the parties are in agreement and the mediation has been scheduled with the mediator, the Court will construe the parties' filings as a joint request for extension of time to conduct mediation until November 17, 2014, and will extend the deadline accordingly.[3]

Plaintiffs Heather Berlinger ("Heather") and Brian Berlinger ("Brian") also inform the Court[4] that they will not be attending the mediation in person because they are out of state and have work obligations, but are prepared to appear by phone if needed. Doc. 291 at ¶ 4. Once again, no party moved for leave of Court to be excused from attending the mediation in person, although the Case Management and

---

[2] The Case Management and Scheduling Order provides, in pertinent part:

> The parties shall complete the mediation conference on or before the mediation date set forth earlier in the above table. Despite M.D. Fla. R. 9.05(d), *neither the mediator nor the parties have authority to continue the mediation conference beyond this date* except on express order of the Court.

Doc. 141 at ¶ IV.B (emphasis in original). *See also* M.D. Fla. R. 3.01.

[3] Any further requests to extend case management deadlines, which are discouraged given the age of this case, must be filed as motions to the Court, in addition to informing the Court whether there has been a good faith effort to resolve the issues raised by the motion, pursuant to Local Rule 3.01(g).

[4] Plaintiffs' response was filed in response to Defendants' filings as to the status of the mediation, wherein Defendants informed the Court that it was their belief that Plaintiffs would not be attending the mediation in person.

Scheduling Order and Local Rules require all parties to attend mediation in person or seek leave of Court to be excused from doing so. *See* Doc. 141 at ¶ IV.D.3; M.D. Fla. R. 9.05(c). Thus, the Court will construe Plaintiffs' filing (Doc. 291) as a request to attend mediation telephonically. Both Defendant Wells Fargo and Third-Party Defendant Sue Casselberry oppose the request. Docs. 285, 287. The Court finds it is due to be denied.

In support of their request to attend telephonically, Heather and Brian state that they are suing in their capacities as beneficiaries of the trusts, and Richard K. Inglis ("Inglis") has been appointed as special trustee for which each Plaintiff has executed a Limited Power of Attorney. Docs. 291 at ¶ 5, 291-1. Although the Court has reviewed the Limited Powers of Attorney and notes that Inglis has been given broad authority over disposition of this matter on behalf of the Plaintiffs, Plaintiffs brought this lawsuit in this Court, and their attendance at mediation is required by the rules of this Court. Even if all of the parties were in full agreement that the Plaintiffs could appear telephonically, which is not the case here, and the Court has granted leave to do so, the Court still would be inclined to deny the request. This case has been pending since 2011, and this is the parties' first attempt at mediation. It is important to have all parties present to provide the greatest chance for successful settlement. In spite of the ill will between counsel and/or the parties in this case that the Court previously noted has at times caused this case to reach a standstill until the Court resolved their disputes, Doc. 281, the parties and their counsel are encouraged, and in fact are obliged under the federal rules and rules and orders of

this Court, to set aside any differences and engage in a good faith effort to reach a resolution of this matter. *See* Doc. 141; Fed. R. Civ. P. 1, 16(a)(5); M.D. Fla. R. 1.01(b), 9.01(b). As soon as practicable following mediation, the parties and/or mediator should inform the Court of the outcome of mediation, in accordance with the rules of this Court.[5]  M.D. Fla. R. 9.06(a).

ACCORDINGLY, it is hereby

**ORDERED:**

1. The parties' request to extend the mediation deadline is **GRANTED**. Mediation deadline is extended until **November 17, 2014**.

2. Plaintiffs' request to attend mediation telephonically (Doc. 291) is **DENIED**. All parties to this lawsuit, including Plaintiffs, shall be in attendance at the mediation scheduled for November 17, 2014. **Failure to attend the mediation in person may result in sanctions being imposed on the party and/or counsel who fail to attend**.

**DONE** and **ORDERED** in Fort Myers, Florida on this 6th day of November, 2014.

*/s/ Carol Mirando*
CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record

---

[5] The Court notes there are outstanding discovery motions that are not yet ripe. Docs. 286, 293, 294, 295. In the event the parties do not reach a settlement, the Court may consider holding a telephonic hearing on the motions, which will be set by separate notice.