UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

STACEY SUE BERLINGER, as
beneficiaries to Rosa B. Schweiker
Trust and all of its related trusts, also
known as STACEY BERLINGER
O'CONNOR, BRIAN BRUCE
BERLINGER,

      Plaintiffs,

v.                                                                        Case No: 2:11-cv-459-FtM-29CM

WELLS FARGO, N.A., AS
SUCCESSOR TO WACHOVIA BANK,
N.A., as Corporate Trustee to the
Rosa B. Schweiker Trust, and all of its
related trusts,

      Defendant/Third
      Party Plaintiff,

BRUCE D. BERLINGER and
SUE CASSELBERRY,

      Third Party
      Defendants.

## ORDER

This matter is before the Court on various discovery motions pending in the case.[1] On October 31, 2014, the discovery deadline was extended by the Court for

---

[1] The motions include: Plaintiffs' Motion for Leave to Take Continued Deposition of William Ries (Doc. 286), to which Wells Fargo has responded (Doc. 324); Third Party Defendant Sue Casselberry's ("Casselberry") Motion for Protective Order (Doc. 293), to which Plaintiffs responded (Doc. 321); Plaintiffs' Motion to Compel Deposition Answers (Doc. 294), to which Casselberry responded (Doc. 322); Plaintiffs' Motion to Deem Plaintiffs' Requests for Admissions to Defendant Admitted (Doc. 295); Plaintiffs' Motion to Compel Response to Plaintiffs' Fourth Request for Production (Doc. 297); and Third Party Defendant Bruce D. Berlinger's ("Berlinger") Motion to Compel Responses to Third Party Defendant's

two, very limited purposes. Doc. 281. Namely, to allow the second telephonic deposition of fact witness Linda LaVay, and to allow the corporate representative deposition of Wells Fargo, N.A. ("Wells Fargo") to take place. *Id.* at 11. The parties were cautioned in that Order that no other discovery other than this may take place.

The Court will rule on some of the issues raised,[2] but finds that the others (Docs. 295, 297, 301) are due to be denied as untimely filed after the October 31, 2014 discovery deadline, which had already been extended by the Court for the convenience of the parties to allow the scheduling of multiple depositions in October. The record is clear that the parties delayed conducting the majority of discovery in this case until the eve of the October 31, 2014 discovery deadline, and waited to file discovery motions until after the deadline although the issues could have been raised earlier. The case management and scheduling order states that the Court may deny discovery motions as untimely that are filed after the discovery deadline. Doc. 141 at I.D. Denial on this basis is warranted because this case has been pending for over three years,[3] and the parties have had ample opportunity to conduct such discovery and present these issues to the Court prior to this time.

---

Interrogatories and Second Interrogatories to Defendant Wells Fargo Bank N.A. (Doc. 301).

[2] Plaintiffs' Motion for Leave to Take Continued Deposition of William Ries (Doc. 286) was filed on the discovery deadline, and the motions concerning the deposition of Casselberry (Docs. 293, 294) were filed by counsel as soon as possible after the October 27, 2014 deposition of Casselberry. Thus, for this reason and because the motions raise the discoverability of sensitive financial information, the Court will rule on those issues.

[3] The Court is mindful that this matter was stayed for a year while the issue of counsel's disqualification was resolved. Docs. 72, 88. However, that does not explain the parties' delay in filing the discovery motions. The stay was lifted on August 6, 2013 (Doc. 88), after which the parties filed a joint case management report, agreeing to an October 1, 2014 discovery deadline (Doc. 90), which was subsequently extended at the Plaintiffs' request to October 31, 2014 (Doc. 212). Thus, the parties have been well aware of the discovery

I.  Plaintiffs' Motion for Leave to Take Continued Deposition of William Ries (Doc. 286)

On October 23, 2014, Plaintiffs deposed Defendant Wells Fargo's expert William Ries, in Pittsburgh, Pennsylvania. Plaintiffs' counsel chose to terminate the deposition early, claiming that the deposition was being impeded, delayed and frustrated by counsel for Wells Fargo and Casselberry by improper speaking objections. Wells Fargo responds, with citations to the record in this case, to demonstrate that Plaintiffs' counsel has engaged in the same speaking objections in other depositions. Plaintiffs now "seek the Court's guidance on deposition behavior" and ask the Court for leave to continue the deposition of Mr. Ries. Doc. 286 at ¶ 11.

> Objections at the deposition must comply with Federal Rule 30, which states:
>
> An objection at the time of the examination—whether to evidence, to a party's conduct, to the officer's qualifications, to the manner of taking the deposition, or to any other aspect of the deposition—must be noted on the record, but the examination still proceeds; the testimony is taken subject to any objection. An objection must be stated concisely in a nonargumentative and nonsuggestive manner. A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3).

Fed. R. Civ. P. 30(c)(2). The Court has reviewed the deposition transcript of Mr. Ries (Doc. 286-1) and finds that opposing counsel did not impede, frustrate or delay the fair examination of Mr. Ries. Counsel made their objections on the record, and although some were speaking objections, it did not rise to such a level that Plaintiffs' counsel could not continue with the deposition. Opposing counsel did not instruct

---

deadline in this case for over a year and should have proceeded accordingly.

the witness not to answer. Thus, the motion for a continued deposition of Mr. Ries is denied. Plaintiffs had an opportunity to depose Mr. Ries, and discovery has only been extended for two limited purposes.

## II.     Casselberry Deposition Motions (Docs. 293, 294)

In this case, in their Second Amended Complaint, plaintiffs Stacey Sue Berlinger, Brian Bruce Berlinger, and Heather Anne Berlinger, beneficiaries to the Rosa B. Schweiker Trust and all of its related trusts, allege that Wells Fargo, corporate co-trustee of the trusts, wrongfully distributed trust funds to the mother, Casselberry, as a result of her 2007 divorce settlement with Berlinger. Doc. 93. Wells Fargo asserted a third-party claim against Casselberry for unjust enrichment, alleging that if it is liable to Plaintiffs, Casselberry would be liable to Wells Fargo for the amount of alimony payments she has received from Bruce Berlinger. Doc. 60. Casselberry then asserted a counterclaim against Plaintiffs and Wells Fargo for breach of contracts entered into by Plaintiffs and Wells Fargo wherein Plaintiffs had a contractual duty not to frustrate the provisions of the Marital Settlement Agreement. Doc. 253. Casselberry was deposed on October 27, 2014.

At the deposition, Plaintiffs' counsel asked Casselberry, "What do you have presently by way of assets?" Doc. 293-1 at 61. Casselberry was instructed by her counsel not to answer the question on relevancy grounds. *Id.* at 63. Thereafter, Casselberry moved for a protective order (Doc. 293) to protect her from having to answer the question, arguing that requiring her to answer the question and divulge her financial situation to her ex-husband and children would cause her

embarrassment and undue burden. Moreover, Casselberry argues that the information is irrelevant to her counterclaim for breach of contract. Plaintiffs respond that they are entitled to the information, and move to compel (Doc. 294), because in the event Wells Fargo's claim for unjust enrichment against Casselberry is successful, Plaintiffs are only liable on the breach of contract claim for any amount Casselberry is able to pay Wells Fargo under the unjust enrichment claim. Plaintiffs claim this information is required to know what their potential damages are if Casselberry's breach of contract claim is successful.

Rule 26 of the Federal Rules of Civil Procedure provides that before a protective order may issue, the movant must show good cause why justice requires an order to protect a party or person from "annoyance, embarrassment, oppression, or undue burden or expense." *See* Fed. R. Civ. P. 26(c). To establish good cause, the moving party must make "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *U & I Corp. v. Adv. Med. Design, Inc.*, 251 F.R.D. 667, 673 (M.D. Fla. 2008) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)). Conclusory predictions of "annoyance" and "embarrassment" cannot justify a protective order. *See Dang v. Eslinger*, 2014 WL 3611324, at *3 (M.D. Fla. July 22, 2014) (citing *Jennings v. Family Mgmt.*, 201 F.R.D. 272, 275 (D.D.C. 2001) ("[T]he movant must articulate specific facts to support its request and cannot rely on speculative or conclusory statements."); *Bucher v. Richardson Hospital Auth.*, 160 F.R.D. 88, 92 (N.D. Tex. 1994) ("Conclusory assertions of injury are insufficient.")).

Under Florida law, a party's personal financial information is entitled to heightened protection in litigation proceedings.

> [P]ersonal finances are among those private matters kept secret by most people. *Woodward v. Berkery*, 714 So.2d 1027, 1035 (Fla. 4th DCA 1998) (citing *Winfield v. Div. of Pari-Mutuel Wagering*, 477 So.2d 544 (Fla. 1985)). The right of privacy set forth in article 1, section 23, of the Florida Constitution undoubtedly expresses a policy that compelled disclosure through discovery be limited to that which is necessary for a court to determine contested issues. *Id.* at 1036. It follows that the disclosure of personal financial information may cause irreparable harm to a person forced to disclose it, in a case in which the information is not relevant. *Straub v. Matte*, 805 So.2d 99, 100 (Fla. 4th DCA 2002).

*Rappaport v. Mercantile Bank*, 17 So.3d 902, 906 (Fla. 2d DCA 2009) (quotes omitted); *see also Diaz-Verson v. Walbridge Aldinger Co.*, 54 So.3d 1007, 1009 (Fla. 2d DCA 2010) (noting that the disclosure of personal financial information may cause irreparable harm when a person is compelled to disclose it and the information is not relevant to the proceedings at issue). "A party's finances, if relevant to the disputed issues of the underlying action, are not excepted from discovery under this rule of relevancy, and courts will compel production of personal financial documents and information if shown to be relevant by the requesting party." *Friedman v. Heart Institute of Port St. Lucie, Inc.*, 863 So.2d 189, 194 (Fla. 2003).

The Court finds that disclosure of Casselberry's personal financial information at this point in the litigation is improper. Personal financial information might arguably be relevant sometime later in the proceedings, post judgment. Indeed, Plaintiffs could only be potentially liable to Casselberry if Plaintiffs obtained a judgment against Wells Fargo and Wells Fargo in turn obtained a judgment in its favor against Casselberry on its unjust enrichment third-party claim, and in turn

Casselberry obtained a judgment in her favor on her breach of contract counterclaim. Casselberry's ability to pay at this moment is not relevant to Plaintiffs' damages and the Court will not order disclosure of such sensitive information at this point. Thus, as Plaintiffs have not established the relevance of Casselberry's personal financial information, Casselberry will be granted protection from disclosing such information. As the Court has noted, such information might be obtainable in aid of execution of a judgment.

### III. Untimely Discovery Motions

With regard to Plaintiffs' Motion to Deem Plaintiffs' Request for Admissions to Defendant Admitted (Doc. 295), filed on November 5, 2014; and Plaintiffs' Motion to Compel Response to Plaintiffs' Fourth Request for Production (Doc. 297), filed on November 11, 2014, Plaintiffs state that they served Wells Fargo with requests for admission, containing two requests, and the requests for production on September 25, 2014, making Wells Fargo's responses due by October 27, 2014. There is no explanation as to why the requests could not have been propounded on Wells Fargo at an earlier point in the litigation.[4] Therefore, they are denied as untimely.

With regard to Third-Party Defendant Bruce D. Berlinger's Motion to Compel Responses to Third Party Defendant's Interrogatories and Second Interrogatories to Defendant Wells Fargo Bank N.A. (Doc. 301), filed on November 7, 2014, Berlinger states that he served Wells Fargo with his first interrogatories on September 18, 2014

---

[4] Indeed, Wells Fargo informed Plaintiffs that a response to the request for admission was not required because testimony and documents in the case had already been provided regarding the issues requested. Doc. 295 at ¶ 5.

(Doc. 301-1), and his second interrogatories on October 3, 2014 (Doc. 301-2), making Wells Fargo's responses due by October 21, 2014 and November 6, 2014, respectively. Again, there is no explanation as to why Berlinger is serving interrogatories for the first time one month prior to a discovery deadline in this case that has been ongoing for some time. Therefore, it is denied as untimely. As previously noted, discovery in this case has been extended for two very limited purposes. The Court will not allow any further discovery than those previously identified.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Plaintiffs' Motion for Leave to Take Continued Deposition of William Ries (Doc. 286) is **DENIED**.

2. Defendant Sue Casselberry's Motion for Protective Order (Doc. 293) is **GRANTED**.

3. Plaintiffs' Motion to Compel Deposition Answers (Doc. 294) is **DENIED**.

4. Plaintiffs' Motion to Deem Plaintiffs' Requests for Admissions to Defendant Admitted (Doc. 295) is **DENIED as untimely**.

5. Plaintiffs' Motion to Compel Response to Plaintiffs' Fourth Request for Production (Doc. 297) is **DENIED as untimely**.

6. Third Party Defendant Bruce D. Berlinger's Motion to Compel Responses to Third Party Defendant's Interrogatories and Second Interrogatories to Defendant Wells Fargo Bank N.A. (Doc. 301) is **DENIED as untimely**.

**DONE** and **ORDERED** in Fort Myers, Florida on this 26th day of November, 2014.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record