# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### FORT MYERS DIVISION

STACEY SUE BERLINGER, as
beneficiaries to Rosa B. Schweiker
Trust and all of its related trusts, also
known as STACEY BERLINGER
O'CONNOR, BRIAN BRUCE
BERLINGER, HEATHER ANNE
BERLINGER,

       Plaintiffs,

v.                                 Case No:  2:11-cv-459-FtM-29CM

WELLS FARGO, N.A., AS
SUCCESSOR TO WACHOVIA BANK,
N.A., as Corporate Trustee to the
Rosa B. Schweiker Trust, and all of its
related trusts,

           Defendant/Third
           Party Plaintiff,

BRUCE D. BERLINGER and
SUE CASSELBERRY,

         Third Party
         Defendants.

_____

## REPORT AND RECOMMENDATION[1]

     Before the Court is Plaintiffs' Motion for Leave to Amend Second Amended

Complaint to Add Newly Discovered Claims of Fraud and Punitive Damages and to

Streamline Allegations of Breach of Fiduciary Duty (Doc. 269, "Motion to Amend"),

and Defendant Wells Fargo Bank N.A.'s ("Wells Fargo") Response in Opposition (Doc.

---

[1] Failure to file written objections to the proposed findings and recommendations contained in this report within **fourteen (14)** days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

312).   The deadline to amend pleadings and add parties expired on March 28, 2014.
Doc. 141.   Discovery in this case has been extended to December 15, 2014 for two,
very limited purposes, and the case is set for the June 2015 trial term.   Docs. 281,
288.

Seven months after the deadline to amend pleadings, Plaintiffs are essentially
seeking to file an entirely new complaint to add three counts of fraud and abandon
numerous claims against Wells Fargo for breach of trust and fiduciary duty.
*Compare* Docs. 93, 269-1.   Because Plaintiffs have not shown good cause to do so and
the proposed amendment is untimely and would be futile, the Court recommends that
leave to amend be denied.

Where a motion to amend is filed after a scheduling order deadline, as it is
here, Rule 16 of the Federal Rule of Civil Procedure is the proper rule to apply to
determine whether a party's delay may be excused.   *Sosa v. Airprint Systems, Inc.*,
133 F.3d 1417, 1418 n.2, 1419 (11th Cir. 1998).   Only after the movant demonstrates
good cause under Rule 16(b) may the Court consider whether amendment is proper
under Rule 15(a).   In *Sosa*, the court considered three factors demonstrating a lack
of good cause: 1) plaintiff failed to ascertain facts prior to filing the complaint and to
acquire information during the discovery period; 2) the information supporting the
proposed amendment was available to plaintiff; and 3) even after acquiring
information, plaintiff delayed in asking for amendment.   133 F.3d at 1419.

In support of adding the fraud counts, Plaintiffs allege that Wells Fargo
intentionally fabricated and sent certain letters to each of them regarding their trust

distributions by backdating them to September 1, 2008, in an attempt to commence the running of the statute of limitations or obtain a waiver of any breach of fiduciary duty claim Plaintiffs might have.   Doc. 269-1 at ¶¶ 16, 25, 34; Exs. B, C, D, E. Plaintiffs state that on September 1, 2008, they did not live at the addresses on the letters; rather, they moved to the addresses in 2009.   Doc. 269-4.   In support of the breach of fiduciary duty count, Plaintiffs allege that Wells Fargo willfully and with the intent to defraud the court, requested that the closing agent for the sale and transfer of certain property to Wells Fargo to produce a second HUD closing statement.   Doc. 269-1 at ¶ 42.

These letters and HUD statements were produced to Plaintiffs by Wells Fargo in March 2012, long before the deadline to amend pleadings.   Plaintiffs argue that they were not aware of the fraud until the October 20, 2014 depositions of Heather and Stacey Berlinger, wherein the deponents testified regarding the addresses.   Yet both Heather and Stacey Berlinger are parties to this lawsuit.   Certainly with some diligence the discrepancy could have been identified without conducting discovery on the issue, and there is no explanation from Plaintiffs as to why discovery regarding the documents, including the depositions, were not conducted earlier in the case. There is also no explanation from Plaintiffs as to why their theory regarding the HUD closing statements could not have been included in an amendment prior to the deadline.[2]   Thus, Plaintiffs have not demonstrated good cause to amend.

_____

[2] Plaintiffs seek leave to add claims for punitive damages pursuant to Fla. Stat. § 768.72, which permits such claims only upon a reasonable showing of evidence in the record to support such damages.   However, the Eleventh Circuit has held that the pleading requirements of Fla. Stat. § 768.72 do not apply to cases in federal court on diversity

Even if good cause could be established, the motion to amend should be denied, because amendment is futile and unduly prejudicial.   Once good cause is found, Rule 15(a) of the Federal Rules of Civil Procedure provides that "leave shall be freely given when justice so requires."   Fed. R. Civ. P. 15(a)(2).   Leave to amend should be denied for "'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . [,and] futility of amendment.'"   *Id.* (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).   If a proposed amendment would not survive a motion to dismiss, the motion to amend will be denied as futile.   *Coventry First, LLC v. McCarty*, 605 F.3d 865, 869 (11th Cir. 2010).

Here, Plaintiffs do not state sufficient facts with particularity to support their conclusory allegations regarding fraud.   The elements of common law fraud under Florida law are: 1) a false statement of fact; 2) known by the person making the statement to be false at the time it was made; 3) made for the purpose of inducing another to act in reliance thereon; 4) action by the other person in reliance on the correctness of the statement; and 5) resulting damage to the other person.   *Gandy v. Trans World Computer Tech. Grp.*, 787 So.2d 116, 118 (Fla. 2d DCA 2001).   Rule 9(b) requires fraud allegations to be plead "with particularity," which means a plaintiff must plead facts as to time, place, and substance of the defendant's alleged fraud. *United States ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1357 (11th Cir. 2006).

---

jurisdiction.   *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1072 (11th Cir. 2000).   Thus, Plaintiffs' argument that they can only now amend because recent discovery led to evidence of fraud needed to support such a claim is not well taken.

Even taking Plaintiffs' allegations as true, Plaintiffs fail to allege that they relied to their detriment on the documents, resulting in damage.[3]   Further, Plaintiffs' theory that Wells Fargo fabricated the letters in order to create a defense to a lawsuit that did not exist at the time is the exact type of thin allegation that does not support a fraud claim, and is certainly not the particularity required by Rule 9(b). As Wells Fargo explains, there could be numerous innocent explanations for why the date was incorrect, including how the documents populated when generated for production.   Doc. 312 at n.4.   Further, these documents seem immaterial to the case, as Wells Fargo states that it has not used the letters in support of any of its defenses or third-party claims.   Therefore, granting Plaintiffs' request to amend would be futile, because Plaintiffs do not allege facts with particularity in support of their fraud claims, subjecting the claims to dismissal.

The Court also agrees with Wells Fargo that amendment would be unduly prejudicial, as Plaintiffs seek to add new claims that have not been litigated in this case and wholly abandon other claims, after discovery has closed.   Wells Fargo notes that although it generally has no objection to Plaintiffs abandoning certain claims and allegations included in its Second Amended Complaint, it would be prejudiced if Plaintiffs are allowed to start over and replead their claims four years into this litigation.   The Court agrees.   Plaintiffs are free to voluntarily dismiss their claims, but amendment at this point is improper.

---

[3] In fact, Plaintiffs testified at their depositions that they never received the letters. Doc. 269 at ¶ 11.

Moreover, any claims for "fraud on the court" based on Defendant's alleged conduct would be subject to dismissal.   "[O]nly the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated, will constitute a fraud on the court."   *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1338 (5th Cir. 1978).[4]   *See also In re Ocon*, Case No. 08-11226, 2009 WL 405370, at *1 (11th Cir. 2009).   Here, there is simply no evidence that there is some plan or scheme by Wells Fargo's counsel as officers of the court to improperly influence this case and the Court's decisions by fabricating evidence.

Finally, Plaintiffs rely on Rule 15(b), and argue that leave to amend should be allowed in order to narrow the issues of breach of trust and fiduciary duty under one count for breach of fiduciary duty (count four).   Rule 15(b) provides for amendment of pleadings during and after trial, when the issues not raised by the pleadings are tried by express or implied consent of the parties.   Fed. R. Civ. P. 15(b).   However, Rule 15(b) specifically applies only in those cases that have proceeded to trial.   *Lord v. Fairway Elec. Corp.*, 223 F. Supp. 2d 1270, 1275 (M.D. Fla. 2002).   Thus, amendment on this basis should not be allowed.

Accordingly, for the reasons stated in this Report and Recommendation, it is hereby respectfully **RECOMMENDED** that Plaintiffs' Motion for Leave to Amend Second Amended Complaint to Add Newly Discovered Claims of Fraud and Punitive

---

[4] Unless later superseded by Eleventh Circuit precedent, a Fifth Circuit decision issued prior to the close of business on September 30, 1981, binds this court.   *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981)

Damages and to Streamline Allegations of Breach of Fiduciary Duty (Doc. 269) be

**DENIED**.

    **DONE** and **ENTERED** in Fort Myers, Florida on this 12th day of December, 2014.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Honorable John E. Steele
Counsel of record