```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                  FORT MYERS DIVISION
```

STACEY SUE BERLINGER, as Beneficiaries to the Rosa B. Schweiker Trust and all of its related trusts aka Stacey Berlinger O'Connor, BRIAN BRUCE BERLINGER aka Stacey Berlinger O'Connor, and HEATHER ANNE BERLINGER, as Beneficiaries to the Rosa B. Schweiker Trust and all of its related trusts aka Stacey Berlinger O'Connor,

    Plaintiffs,

v.                                    Case No: 2:11-cv-459-FtM-29CM

WELLS FARGO, N.A. AS SUCCESSOR TO WACHOVIA BANK, N.A., as Corporate Trustee to the Rosa B. Schweiker Trust, and all of its related trusts,

    Defendant/Third Party Plaintiff

BRUCE D. BERLINGER and SUE CASSELBERRY,

    Third Party Defendants.

_____

## **OPINION AND ORDER**

This matter comes before the Court on review of the following five motions: (1) Plaintiffs' Motion to Dismiss Third-Party Defendant Sue Casselberry's Amended Counterclaim (Doc. #260); (2) Third Party Defendant/Cross Defendant Bruce D. Berlinger's Motion

to Dismiss (Doc. #261); (3) Sue Casselberry's Cross-Motion for Leave to Amend (Doc. #308); (4) Third Party Defendant/Cross Defendant Bruce D. Berlinger Motion for Leave to File a Reply to Sue Casselberry's Response (Doc. #327); and (5) Wells Fargo Bank, N.A.'s Motion to Dismiss Third-Party Defendant Sue Casselberry's Amended Counterclaim (Doc. #275). Responses have been filed (Docs. #305, 308, 328, 332), and the Court finds no need for a Reply from defendant Bruce D. Berlinger.

**I.**

The current litigation involves three family Trusts: the Rosa B. Schweiker Family Trust, the Frederick W. Berlinger Family Trust, and the Rose S. Berlinger Family Trust (collectively the Trusts). (Doc. #253, ¶ 14.) Wells Fargo N.A. (Wells Fargo) served as corporate Co-Trustee of these three Trusts. (Id.) Third Party Defendant Bruce D. Berlinger served as the other Co-Trustee, and was the primary beneficiary of these Trusts. (Id. ¶ 15.) Plaintiffs Stacey Sue Berlinger, Brian Bruce Berlinger, and Heather Anne Berlinger (plaintiffs), are the children of Bruce D. Berlinger (Bruce) and Sue Casselberry (Sue), and are beneficiaries of the Trusts. (Doc. #60, p. 3.)

Bruce and Sue were divorced in 2007 pursuant to a final judgment which incorporated a Marital Settlement Agreement signed by each on November 15, 2007. Wells Fargo was not a party to the Marital Settlement Agreement. Among other things, the Marital

Settlement Agreement required Bruce to pay Sue $2 million for the equitable distribution of marital assets, and $16,000 monthly for alimony and support payments.

In their Second Amended Complaint (Doc. #93) plaintiffs assert claims of breach of trust, breach of fiduciary duty and civil theft against Wells Fargo. Plaintiffs assert that Wells Fargo improperly paid or distributed $2 million from the Trusts on behalf of their father, Bruce, to their mother, Sue, and improperly paid or distributed the $16,000 monthly alimony and support payments. Plaintiffs seek to recover these distributions from Wells Fargo, as well as treble damages on the civil theft count.

Wells Fargo has filed a Third Party Complaint (Doc. #60) against Bruce and Sue. Wells Fargo asserts claims of contribution and unjust enrichment against Bruce, and a claim of unjust enrichment against Sue.

Sue, in turn, has now filed an Amended Counterclaim (Doc. #253) against Wells Fargo and plaintiffs alleging breach of contract (Count I) and an Amended Cross-Claim against Bruce alleging unjust enrichment (Count II). Plaintiffs' and Wells Fargo seek to dismiss Count I of the Amended Counterclaim (Docs. ## 260, 375), and Bruce seeks to dismiss Count II of the Amended Cross-Claim (Doc. #261), for failure to state a claim.

**II.**

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011)(citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being

4

facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012)(internal quotation marks and citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.[1]

### III.

**A. Breach of Contract Claim (Count I)**

Plaintiffs and Wells Fargo assert that Sue has failed to sufficiently plead a claim for breach of contract, and thus Count I of the Amended Counterclaim should be dismissed. Sue argues to the contrary.

There are two sets of contracts which must be distinguished. The Marital Settlement Agreement is between Bruce and Sue only, and is not the contract under which Sue seeks damages in Count I. As noted earlier, the Marital Settlement Agreement requires, among other things, Bruce to pay Sue $2 million as an equitable

---

[1] Sue is incorrect in her assertion that courts will read into claims any theory on which plaintiff can recover and will not dismiss unless it appears beyond doubt plaintiff cannot provide a set of facts in support of the claim. (Doc. #308, p. 4.) That former rule--that "[a] complaint should be dismissed only if it appears beyond doubt that the plaintiffs can prove no set of facts which would entitle them to relief," La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004)--has been retired by Twombly. James River Ins. Co. v. Ground Down Eng'g, Inc., 540 F.3d 1270, 1274 (11th Cir. 2008).

5

distribution of marital assets, and to pay alimony and support in the amount of $16,000 monthly. The Marital Settlement Agreement also addresses a breach of fiduciary duty suit Sue had filed against Wells Fargo's predecessor (Wachovia Bank), a non-party to the Marital Settlement Agreement. The Marital Settlement Agreement provided that attorney's fees and costs incurred by Wachovia Bank in that lawsuit would be paid from the Sue C. Berlinger Trust; that Bruce and Sue agreed that Sue would receive up to $250,000 from the remainder of the funds in the Sue C. Berlinger Trust (which would then terminate); and that Bruce would participate in getting their three adult children to approve of and sign a release for this amount.

Each individual plaintiff did indeed sign an identical "Receipt, Release, Refunding Agreement Waiver of Audit and Indemnification" (Receipt Agreement). In the Receipt Agreements, each plaintiff agreed to payment of Wachovia Bank's attorney fees and costs arising from Sue's breach of fiduciary action in the manner set forth in the Marital Settlement Agreement. The individual plaintiffs further agreed that these attorney fees and costs would be paid from the Sue C. Berlinger Trust; agreed to release the funds to Sue in accordance with the Marital Settlement Agreement; and agreed "[t]o the extent necessary . . . to execute any documents and join in any and all actions necessary to accomplish the terms of the Martial Settlement Agreement between

6

Sue C. Berlinger and Bruce D. Berlinger." None of the Receipt Agreements were signed by Wells Fargo or anyone other than the individual plaintiffs.

Count I asserts that plaintiffs had a contractual obligation [pursuant to the Receipt Agreements] to take such actions necessary to accomplish the provisions of the Marital Settlement Agreement. (Id. at ¶31.) It is further alleged that the Receipt Agreements imposed a duty on Wells Fargo to enforce plaintiffs' obligations under the Receipt Agreements. (Id. at ¶ 32.) Sue alleges she is a third party beneficiary of those agreements (Doc. #253, ¶ 33), and that plaintiffs and Wells Fargo breached their contractual duties under the agreements "by taking action to undermine the accomplishment of the terms of the Marital Settlement Agreement and/or failing to take action to accomplish the terms of the Marital Settlement Agreement, which included Bruce's payment of alimony to Sue." (Id. at ¶ 34.) As a result of the breaches, Sue asserts she has suffered damages (Id. at ¶ 35.)

A person who is not a party to a contract may not enforce its terms even where that person receives an incidental or consequential benefit from the contract. Esposito v. True Color Enters. Constr., Inc., 45 So. 3d 554, 555 (Fla. 4th DCA 2010). An intended third party beneficiary may, however, enforce a contract. The pleading requirements for a breach of contract claim by an intended third party beneficiary are well established.

7

> A cause of action for breach of contract brought by a third party beneficiary must include the following allegations: 1) the existence of a contract, 2) the clear or manifest intent of the contracting parties that the contract primarily and directly benefit the third party, 3) breach of the contract by a contracting party, and 4) damages to the third-party resulting from the breach. [ ] A non-party is the specifically intended beneficiary only if the contract clearly expresses an intent to primarily and directly benefit the third party or a class of persons to which that party belongs. [ ] To find the requisite intent, it must be established that the parties to the contract actually and expressly intended to benefit the third party; it is not sufficient to show only that one of the contracting parties unilaterally intended some benefit to the third party.

<u>Biscayne Inv. Grp., Ltd. v. Guar. Mgmt. Servs., Inc.</u>, 903 So. 2d 251, 254 (Fla. 3d DCA 2005) (internal citations omitted).

Plaintiffs' allege that in order for Count I of the Amended Counterclaim to state a claim for relief, it must allege that Wells Fargo had an obligation to make distributions of alimony to Sue and/or an obligation to purchase Sue's interest in the marital home. (Doc #260, ¶ 7.) Sue responds that she is not alleging a breach of the Marital Settlement Agreement, but rather is alleging a breach of the Receipt Agreements in which plaintiffs' agreed to accomplish the terms of the Marital Settlement Agreement. (Doc. #308, pp. 6-7; Docs. ##253-6, 253-7, 253-8.) Sue argues that the plaintiffs' lawsuit against Wells Fargo alleges Wells Fargo made improper distributions to Bruce, so that he could make alimony payments to Sue, in order to fulfill the terms of the Marital

8

Settlement Agreement.  (Doc. #308, p. 6.)  According to Sue, because the plaintiffs interfered with distributions owed to her under the terms of the Marital Settlement Agreement, they have breached the contractual obligation to accomplish the terms of the Marital Settlement Agreement.

Assuming that the Receipt Agreements are indeed contracts, an issue not raised in the motions, the Court finds that the allegations are not sufficient to allege a breach of contract claim against plaintiffs.  Count I only alleges in a conclusory fashion what breaches occurred.  While Sue may be correct in her Response as to what evidence could constitute a breach, Count I sets forth no factual allegations as to what plaintiffs did or did not do which constituted a breach of their obligations under the Receipt Agreements.  Therefore, there is no basis to find that a plausible cause of action is asserted against plaintiffs.  The motion to dismiss Count I as to plaintiffs is granted without prejudice and with leave to amend.

Wells Fargo asserts that it was not a party to the alleged contracts, and therefore Sue's claim for breach of contract against it must be dismissed.  While the Amended Counterclaim specifically alleges that plaintiffs entered into a "contract" with Wells Fargo (Doc. #253, ¶ 26), the Release Agreements do not indicate that Wells Fargo is a party to the contract, and Wells Fargo is not a signatory to any of the documents (Docs. ##253-6, 253-7, 253-8).

9

When a party attaches exhibits to the complaint those exhibits become part of the pleading and the court will review those exhibits accordingly. Fed. R. Civ. P. 10(c). If attached exhibits contradict the allegations of a pleading, the exhibits govern. Griffin Indus., Inc. v. Irvin, 496 F.3d 1189, 1205-06 (11th Cir. 2007). There is no plausible basis to find that the Receipt Agreements, if they are contracts, were contract to which Wells Fargo or its predecessor was a party. Therefore the motion to dismiss is granted without prejudice and with leave to amend.

### B. Unjust Enrichment (Count II)

Bruce alleges the unjust enrichment claim in Count II of the Amended Cross Claim should be dismissed because Sue cannot recover under a quasi-contract claim when her allegations are based on an express contract. (Doc. #261, ¶¶ 13-14.) Specifically, Bruce asserts Sue's unjust enrichment allegations are based on terms expressly addressed in the Martial Settlement Agreement. (Id.) Sue responds that the Martial Settlement Agreement merely lies in the "background" and does not prevent her bringing a claim for unjust enrichment against Bruce. (Doc. #305, p. 6.)

Count II alleges that, assuming Wells Fargo's Third Party Complaint claim against Sue is correct, Sue has conferred a "benefit" upon Bruce. Count II asserts that Bruce had knowledge of the benefit, voluntarily accepted and retained it, and if Wells

10

Fargo prevails, his retention of the benefit would be inequitable unless he pays the value of the benefit.

In Florida, "[t]he essential elements of a claim for unjust enrichment are: (1) a benefit conferred upon a defendant by the plaintiff, (2) the defendant's appreciation of the benefit, and (3) the defendant's acceptance and retention of the benefit under circumstances that make it inequitable for him to retain it without paying the value thereof." Vega v. T-Mobile USA, Inc., 564 F.3d 1256, 1274 (11th Cir. 2009) (citations omitted). See also Porsche Cars N. Am., Inc. v. Diamond, 140 So. 3d 1090, 1100 (Fla. 3rd DCA 2014). "Unjust enrichment cannot apply where an express contract exists which allows the recovery." Atlantis Estate Acquisitions, Inc. v. DePierro, 125 So. 3d 889, 893 (Fla. 4th DCA 2013) (citing Diamond "S" Dev. Corp. v. Mercantile Bank, 989 So. 2d 696, 697 (Fla. 1st DCA 2008) ("Florida courts have held that a plaintiff cannot pursue a quasi-contract claim for unjust enrichment if an express contract exists concerning the same subject matter."); Moynet v. Courtois, 8 So. 3d 377, 379 (Fla. 3d DCA 2009) (same)).

Sue is not pursuing relief under the Marital Settlement Agreement, and does not assert that there has been any violation of that contract. Nothing in that contract will allow recovery if Wells Fargo prevails in its Third Party Complaint against Sue. Therefore, the Court finds that the unjust enrichment claim against Bruce is plausibly stated, and the motion is denied.

Accordingly, it is now

**ORDERED:**

1. Plaintiffs' Motion to Dismiss Third-Party Defendant Sue Casselberry's Amended Counterclaim (Doc. #260) is **GRANTED**, and Count I is dismissed without prejudice.

2. Wells Fargo Bank, N.A.'s Motion to Dismiss Third-Party Defendant Sue Casselberry's Amended Counterclaim (Doc. #275) is **GRANTED**, and Count I is dismissed without prejudice.

3. Third Party Defendant/Cross Defendant Bruce D. Berlinger's Motion to Dismiss (Doc. #261) is **GRANTED** and Count II of the Amended Counterclaim is dismissed without prejudice.

4. Third Party Defendant/Cross Defendant Bruce D. Berlinger's Motion for Leave to File Reply (Doc. #327) is **DENIED as MOOT.**

5. Sue Casselberry's Motion for Leave to Amend (Doc. #305) is **GRANTED** to the extent that she may file a Second Amended Counterclaim and/or Cross Claim within **twenty-one (21) days** of the entry of this Opinion and Order.

**DONE AND ORDERED** at Fort Myers, Florida, this ___15th___ day of December, 2014.

*/s/ John E. Steele*
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies: Counsel of record