UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

STACEY SUE BERLINGER, as Beneficiaries to the Rosa B. Schweiker Trust and all of its related trusts aka Stacey Berlinger O'Connor, BRIAN BRUCE BERLINGER aka Stacey Berlinger O'Connor, and HEATHER ANNE BERLINGER, as Beneficiaries to the Rosa B. Schweiker Trust and all of its related trusts aka Stacey Berlinger O'Connor,

    Plaintiffs,

v.

Case No: 2:11-cv-459-FtM-29CM

WELLS FARGO, N.A. AS SUCCESSOR TO WACHOVIA BANK, N.A., as Corporate Trustee to the Rosa B. Schweiker Trust, and all of its related trusts,

    Defendant/Third Party Plaintiff

BRUCE D. BERLINGER and SUE CASSELBERRY,

    Third Party Defendants.
_____

**OPINION AND ORDER**

This matter is before the Court upon consideration of the Magistrate Judge's Report and Recommendation (Doc. #341), filed December 12, 2014, recommending that Plaintiffs' Motion for Leave to Amend Second Amended Complaint (Doc. #269) be denied.

Plaintiffs filed Objections (Doc. #346) on December 22, 2014. Wells Fargo's Response in Opposition (Doc. #347) was filed on January 8, 2015. For the reasons set forth below, the Report and Recommendation is accepted and adopted.

**I.**

Plaintiffs seek leave to file a third amended complaint (Doc. #269) to add new claims of fraud and punitive damages. The deadline to amend pleadings expired on March 28, 2014. (Doc. #141.) In support of their motion, plaintiffs assert that Wells Fargo intentionally fabricated certain letters which would have put plaintiffs on notice of certain trust distributions. According to plaintiffs, the letters were dated September 1, 2008, however, plaintiffs did not live at the addresses on the letters until 2009. Plaintiffs allege they only became aware of Wells Fargo's fraudulent behavior in a deposition conducted on October 20, 2014, wherein deponents Heather and Stacey Berlinger testified regarding the addresses. (Doc. #269-1, ¶¶ 17, 26, 35.)

The Magistrate Judge reviewed the proposed third amended complaint, concluded that plaintiffs' failed to show good cause and the amendment is untimely and futile. Thus, the Magistrate Judge recommended the motion for leave to amend be denied. (Doc. #341.)

II.

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify the magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); United States v. Powell, 628 F.3d 1254, 1256 (11th Cir. 2010).  A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C).  See also United States v. Farias-Gonzalez, 556 F.3d 1181, 1184 n.1 (11th Cir. 2009).  This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party."  Jeffrey S. v. State Bd. of Educ. of Ga., 896 F.2d 507, 512 (11th Cir. 1990)(quoting H.R. 1609, 94th Cong., § 2 (1976)).  The district judge reviews legal conclusions *de novo*, even in the absence of an objection.  See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994).

III.

Plaintiffs are seeking to amend their pleadings seven months after the March 28, 2014, deadline set by the Court.  Since plaintiffs' motion to amend was filed after the scheduling order deadline, plaintiffs must first demonstrate good cause under Fed. R. Civ. P. 16(b) before the court will consider whether amendment is proper under Fed. R. Civ. P. 15(a).  Sosa v. Airprint Sys.,

Inc., 133 F.3d 1417, 1419 (11th Cir. 1998).  "The good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'"  Id. at 1418 (citation omitted).

Plaintiffs assert three objections to the Magistrate Judge's Report and Recommendation: 1) good cause exists to permit an amendment to the pleadings because the fraud on the Court did not occur until October 20, 2014; 2) the evidence was improperly weighed in Wells Fargo's favor; and 3) a claim for fraud on the court does not require a showing of detrimental reliance.

In plaintiffs first objection they allege that the acts of fraud did not occur when the letters were produced to the plaintiffs on March 9, 2012, but rather, occurred during Wells Fargo's depositions of the plaintiffs on October 20, 2014.  The Magistrate Judge found that plaintiffs have not demonstrated good cause to amend because they have failed to show why discovery regarding the allegedly fraudulent documents, including the depositions, were not conducted earlier in the case. (Doc. #347, p. 3.)

The Court agrees that plaintiffs have not shown good cause for the untimely filing of the motion to amend.  Plaintiffs' assert that the fraud claim is based strictly on the questions asked to plaintiffs Heather and Stacey Berlinger during their October 20, 2014 depositions. (Doc. #346, ¶¶ 10-12.)  However, the questions

asked by Wells Fargo were based on letters produced to plaintiffs in March 2012. Presumably, plaintiffs knew where they had live up until that time. As the Magistrate Judge stated, Heather and Stacey Berlinger are parties to this lawsuit and with due diligence the discrepancy could have been identified earlier in this case. Plaintiffs do not allege Wells Fargo engaged in any inappropriate conduct that delayed discovery and have also failed to explain why these depositions could not have been conducted earlier. Accordingly, plaintiffs' first objection is overruled.

Even if the Court were to reach a Rule 15(a) analysis, the Court would find that the motion to amend should be denied. It is well settled that under Rule 15(a), leave to amend shall be freely given when justice so requires, but a motion to amend may be denied on numerous grounds including undue delay, bad faith or dilatory tactics, undue prejudice to defendant, and futility. Foman v. Davis, 371 U.S. 178, 182 (1962); Maynard v. Bd. of Regents of the Div. Of Univs. of the Fla. Dep't of Educ., 342 F.3d 1281, 1287 (11th Cir. 2003).

The Magistrate Judge recommended that the amendment is futile and unduly prejudicial. According to plaintiffs, Wells Fargo attempted to assert the statute of limitations, or waiver, as affirmative defenses to the claims against them by fabricating letters and then by asking questions about the letters during depositions. (Doc. #269-1, ¶¶ 16, 25, 34; #346, ¶¶ 10-11.)

The Court finds that taking the allegations in the light most favorable to the plaintiffs, there is no evidence that Wells Fargo has perpetrated a fraud on the Court. Wells Fargo has not used the subject letters in any pleading or filing, or in any submission to the Court. Nor has Wells Fargo used the depositions of Stacey or Heather Berlinger to assert an affirmative defense. "[O]nly the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated, will constitute a fraud on the court." Rozier v. Ford Motor Co., 573 F.2d 1332, 1338 (5th Cir. 1978).[1] In other words, a movant must show an "unconscionable plan or scheme" to improperly influence the court's decision. Id. Plaintiffs' allegations are not sufficient to support a claim of fraud on the Court.

The Court agrees with the Magistrate Judge that plaintiffs proposed Third Amended Complaint greatly modifies the allegations contained in the Second Amended Complaint. Accordingly, the Court finds that the amendment would be unduly prejudicial to Wells Fargo at this late stage in litigation.

After conducting an independent examination of the file and upon due consideration of the Report and Recommendation and

---

[1] Unless later superceded by Eleventh Circuit precedent, a Fifth Circuit decision issued prior to the close of business on September 30, 1981, binds this court. Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981)(en banc).

Objections thereto, the Court accepts the Report and Recommendation of the Magistrate Judge and will overrule plaintiffs' objections.

Accordingly, it is now

**ORDERED:**

1. The Report and Recommendation (Doc. #341) is hereby **ADOPTED** and the findings **INCORPORATED** herein.

2. Plaintiffs' Objections (Doc. #346) are **OVERRULED**.

3. Plaintiffs' Motion for Leave to File Third Amended Complaint (Doc. #269) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this __26th__ day of January, 2015.

JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:
U.S. Magistrate Judge
All Parties of Record