UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

STACEY SUE BERLINGER, BRIAN
BRUCE BERLINGER and HEATHER
ANNE BERLINGER, as Beneficiaries
to the Rosa B. Schwiker Trust and all
of its related trusts

      Plaintiffs,

v.                                                                 Case No: 2:11-cv-459-FtM-29CM

WELLS FARGO, N.A. AS
SUCCESSOR TO WACHOVIA
BANK, N.A.,

      Defendant/Third
      Party Plaintiff

BRUCE D. BERLINGER and
SUE CASSELBERRY,

      Third Party Defendants.

### ORDER

Before the Court is Plaintiffs' Motion for Reconsideration (Doc. 394), filed on March 5, 2015. Plaintiffs request that the Court reconsider its Order (Doc. 393) denying Plaintiffs' Motion for Sanctions Under Federal Rule of Civil Procedure 30. Doc. 394. Barbara A. Fein, attorney for non-party Linda LaVay, responded to Plaintiff's Motion for Reconsideration on March 11, 2015. Doc. 398.

Reconsideration of a court's previous order is an extraordinary remedy and, thus, is a power which should be used sparingly. *Carter v. Premier Rest. Mgmt.*, 2006 WL 2620302 (M.D. Fla. Sept. 13, 2006) (citing *American Ass'n of People with Disabilities v. Hood*, 278 F. Supp 2d 1337, 1339 (M.D. Fla. 2003)). The courts have

"delineated three major grounds justifying reconsideration: (1) an intervening change in the controlling law; (2) the availability of new evidence; (3) the need to correct clear error or prevent manifest injustice." *Susman v. Salem, Saxon & Meilson, P.A.*, 153 F.R.D. 689, 904 (M.D. Fla. 1994). "A motion for reconsideration should raise new issues, not merely readdress issues litigated previously." *Paine Webber Income Props. Three Ltd. P'ship v. Mobil Oil Corp.*, 902 F. Supp. 1514, 1521 (M.D. Fla. 1995). The motion must set forth facts or law of a strongly convincing nature to demonstrate to the court the reason to reverse its prior decision. *Carter*, 2006 WL 2620302, at *1 (citing *Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Auth.*, 814 F. Supp. 1072, 1072-73 (M.D. Fla. 1993)).

A motion for reconsideration does not provide an opportunity to simply reargue – or argue for the first time – an issue the Court has already determined. *Carter*, 2006 WL 2620302, at * 1. The Court's opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Id.* (citing *Quaker Alloy Casting Co. v. Gulfco Industries, Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988)). "The burden is upon the movant to establish the extraordinary circumstances supporting reconsideration." *Mannings v. Sch. Bd. of Hillsboro Cnty., Fla.*, 149 F.R.D. 235, 235 (M.D. Fla. 1993). "Unless the movant's arguments fall into the limited categories outlined above, a motion to reconsider must be denied." *Carter*, 2006 WL 2620302, at *1.

The Court reviewed Plaintiffs' motion and the grounds upon which they assert that Barbara Fein be sanctioned for her conduct during a deposition of Linda LaVay

that occurred on December 5, 2014.   Doc. 394.   The Court still finds that sanctions are not warranted in this case.   Plaintiffs have not set forth any new facts or law to convince the Court to reverse its prior decision.

ACCORDINGLY, it is hereby

**ORDERED:**

Plaintiffs' Motion for Reconsideration (Doc. 394) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on this 19th day of May, 2015.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record