UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

STACEY SUE BERLINGER, as Beneficiaries to the Rosa B. Schweiker Trust and all of its related trusts aka Stacey Berlinger O'Connor, BRIAN BRUCE BERLINGER aka Stacey Berlinger O'Connor, and HEATHER ANNE BERLINGER, as Beneficiaries to the Rosa B. Schweiker Trust ad all of its related trusts aka Stacey Berlinger O'Connor,

    Plaintiffs,

v.

Case No: 2:11-cv-459-FtM-29CM

WELLS FARGO, N.A. AS SUCCESSOR TO WACHOVIA BANK, N.A., as Corporate Trustee to the Rosa B. Schweiker Trust, and all of its related trusts,

    Defendant/Third Party Plaintiff

BRUCE D. BERLINGER and SUE CASSELBERRY,

    Third Party Defendants.

**OPINION AND ORDER**

This matter comes before the Court upon review of Third Party Defendant/Cross Defendant Bruce D. Berlinger's Motion to Dismiss. (Doc. #392.)  Third Party Defendant/Cross Plaintiff Sue

Casselberry filed a Response (Doc. #397) on March 10, 2015. This motion is now ripe for review.

## I.

The current litigation involves three family Trusts: the Rosa B. Schweiker Family Trust, the Frederick W. Berlinger Family Trust, and the Rose S. Berlinger Family Trust (Trusts). (Doc. #353, ¶ 12.) Wells Fargo N.A. (Wells Fargo) served as corporate Co-Trustee of these three Trusts. (Id. ¶ 11) The Third Party Defendant, Bruce D. Berlinger, served as the other Co-Trustee and primary beneficiary of these Trusts. (Id. ¶ 12.)

Plaintiffs Stacey Sue Berlinger, Brian Bruce Berlinger, and Heather Anne Berlinger (plaintiffs), are the children of Bruce D. Berlinger (Bruce) and Sue Casselberry (Sue) and beneficiaries to the Trusts. (Doc. #60, p. 3.) Plaintiffs claim improper distributions were made on behalf of their father, Bruce, to their mother, Sue, as a result of a divorce settlement finalized in 2007. (Id. at pp. 3-5.) These distributions include $2,000,000.00 to Sue, on behalf of Bruce, for the equitable distribution of marital assets, and monthly distributions to provide alimony and support payments due from Bruce to Sue pursuant to the divorce settlement. (Id.)

On January 16, 2015, Sue filed a Second Amended Crossclaim (Crossclaim) against Bruce alleging unjust enrichment (Count I),

2

breach of contract (Count II[1]) and common law indemnification (Count III). (Doc. #353.) Bruce seeks to dismiss Count II and Count III (Doc. #392) for failure to state a claim.

**II.**

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus,

---

[1] The Crossclaim incorrectly labels both the breach of contract claim and the common law indemnification claim as Count III. (Doc. #353, p. 5.) The Court will refer to the breach of contract claim as Count II.

551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011)(citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012)(internal quotation marks and citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

**III.**

Sue's Crossclaim asserts claims against Bruce for unjust enrichment, breach of contract, and common law indemnification. (Doc. #353.)  Bruce asserts that the both the breach of contract claim (Count II) and common law indemnification claim (Count III) should be dismissed for failure to state a claim.

**1. Breach of Contract**

Based on the allegations in the Crossclaim, it appears Sue's breach of contract claim is based on the terms of the Marital Settlement Agreement (MSA). (See Doc. #353, ¶¶ 24-26.)  Bruce asserts that jurisdiction for a breach of contract claim based on

4

the MSA is only proper in the Circuit Court in which the MSA was adopted and incorporated into a final judgment. (Doc. #392, ¶¶ 17-18.) Bruce also claims that there is currently an ongoing action between him and Sue being litigated in the Circuit Court regarding an alleged breach of the MSA. (Id. ¶ 19.)

Sue asserts that the MSA does not preclude the litigation of a breach of contract claim arising from the MSA in federal court. (Doc. # 397, ¶¶ 13-14.) Sue contends that ¶ 9.2 of the MSA provides that "the MSA survives its incorporation into a final judgment and remains a binding contract upon the parties and 'shall be fully enforceable in a court of law as a matter of contract.'" While Sue admits that ¶ 12.14 of the MSA provides for the state court's reservation of jurisdiction, she asserts that such jurisdiction is not exclusive to the state court.

The terms of the Marital Settlement Agreement provide that the Circuit Court would retain jurisdiction over the agreement. (Doc. #392, ¶¶ 15-16; Doc. #353-4, pp. 21-22.) However, nothing in the MSA provides that the state court jurisdiction would be exclusive and preclude litigation in federal court. The Court finds pursuant to the terms of the MSA, jurisdiction over the breach of contract claim is proper in this Court. Accordingly, Bruce's motion to dismiss Count II is denied.

## 2. Indemnification

Sue also alleges a claim for common law indemnification against Bruce. (Doc. #353, ¶¶ 29-33.) The Crossclaim alleges Sue is without fault as to the claims made against her by Wells Fargo or the claims made against Wells Fargo by plaintiffs. (Id. ¶¶ 30-31.) Sue also alleges that any liability she has to Wells Fargo is vicarious and derivative to Wells Fargo's wrongdoing. (Id. ¶ 32) She further alleges Bruce is at fault for the claims made by plaintiffs against Wells Fargo. (Id.)

Common law indemnity "arises out of obligations imposed through special relationships." Rosenberg v. Cape Coral Plumbing, Inc., 920 So.2d 61, 65 (Fla. 2d DCA 2005). To state a claim for common law indemnity, a party must allege that he is without fault, that another party is at fault, and that a special relationship between the two parties makes the party seeking indemnification vicariously, constructively, derivatively, or technically liable for the acts or omissions of the other party. See Dade Cnty. Sch. Bd. v. Radio Station WQBA, 731 So.2d 638, 642 (Fla. 1999); Houdaille Indus., Inc. v. Edwards, 374 So.2d 490, 493 (Fla. 1979).

Sue did not properly plead a claim for common law indemnity because she failed to show the existence of any special relationship between herself and Bruce or Wells Fargo. Without a special relationship, Sue's claim for common law indemnity against

Bruce is not viable. Therefore, the Court dismisses Count III for failure to state a claim.

Accordingly, it is now

**ORDERED:**

1. Third Party Defendant/Cross Defendant Bruce D. Berlinger's Motion to Dismiss (Doc. #392) is **GRANTED in part and DENIED in part.** The motion is granted as to Count III, and Count III of the Second Amended Crossclaim is dismissed without prejudice. The motion is otherwise denied.

**DONE AND ORDERED** at Fort Myers, Florida, this __21st__ day of July, 2015.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of record