UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

CASE NO: 2:11-cv-459-JES-CM

STACEY SUE BERLINGER a/k/a STACY BERLINGER O'CONNOR, BRIAN BRUCE BERLINGER, and HEATHER ANNE BERLINGER, as Beneficiaries to the Rosa B. Schweiker Trust and all of its related trusts,

Plaintiffs,

v.

WELLS FARGO BANK, N.A. as Successor to WACHOVIA BANK, N.A., as Corporate Trustee to The Rosa B. Schweiker Trust, and all of its related trusts,

Defendant/Third Party Plaintiff,

v.

BRUCE D. BERLINGER and SUE CASSELBERRY,

Third Party Defendants.
______________________________________________/

**WELLS FARGO BANK, N.A.'S MOTION *IN LIMINE* AND SUPPORTING MEMORANDUM OF LAW TO PRECLUDE PLAINTIFFS FROM INTRODUCING ANY EVIDENCE OF WELLS FARGO HOME MORTGAGE'S FORECLOSURE ATTORNEY MANUAL**

Defendant, Wells Fargo Bank, N.A. ("Wells Fargo"), respectfully moves *in limine* pursuant to Rule 104(a) of the Federal Rules of Evidence for entry of an Order to preclude Plaintiffs from introducing evidence or testimony regarding non-party Wells Fargo Home Mortgage's Foreclosure Attorney Manual ("Manual").

# I. MEMORANDUM OF LAW

## A. Preliminary Statement

As the Court is aware, this matter involves three family trusts: the Rosa B. Schweiker Family Trust (the "Rosa Trust"); the Frederick W. Berlinger Family Trust (the "Frederick Trust"); and the Rose S. Berlinger Family Trust (the "Rose Trust") (collectively, the "Trusts"). Wachovia Bank, N.A. ("Wachovia") and then, upon Wachovia's merger with Wells Fargo, Wells Fargo served as corporate co-trustee of these Trusts. See Compl. ¶ 12. Plaintiffs' Complaint includes duplicative claims for breach of trust and breach of fiduciary duty related to Wells Fargo's trust administration.

The relevant time period in this case is 2007 to August 2011. See Compl. ¶¶ 22, 23, 25, 38, 54, 55. This matter does not include any allegations regarding mortgage foreclosure or any issues related to foreclose on a mortgage related to any real property held by the Trusts, the Plaintiffs or the Third Parties. See Compl.

## B. Argument

Wells Fargo anticipates that Plaintiffs will attempt to introduce at trial, evidence or testimony related to the Manual. The Manual is irrelevant to the facts in this matter and the legal issues raised by Plaintiffs' breach of trust claim. Furthermore, The Manual was published after the facts in this matter and was published by Wells Fargo Home Mortgage who is not a party to this action. As such, there is no legitimate purpose for the Manual to be included at the trial in this action and will only serve to prejudice Wells Fargo and confuse the jury.

**1. Relevance and Improper Character Evidence**

The Manual is simply irrelevant to the facts and legal issues in this matter. First, the Manual, as is clear from the face of the document, was originally published on November 9, 2011. See Manual, D.E. # 434-1. Plaintiffs' original Complaint in this matter was filed prior in time to the publication date of the Manual - on July 20, 2011. See Exhibits to D.E. # 1. Accordingly, the Manual was published after the relevant time period in this matter and after the Complaint was filed in this action. As such, the Manual can have no relevancy concerning Wachovia or Wells Fargo's purported "corporate practices" in this matter. Nor can it "depict the prevailing culture" of Wachovia or Wells Fargo in this action. Finally, since the Manual was published long after the facts in this case it has no relevancy in demonstrating "a systematic response to specific situations involving how WFB conducts business with its customer."

Furthermore, the Manual has no relevancy to this matter since it is directed to the issue of foreclosure attorney practices/procedures which is not relevant to the facts or issues in this case. Plaintiffs, in their Complaint have brought a breach of trust claim and do not raise any issues related to foreclosure practices by Wells Fargo Home Mortgage. Plaintiffs also have no claims related to foreclosure practices or guidance issued to foreclosure attorneys by Wells Fargo Home Mortgage.

Moreover, the Manual was issued by an entity that is not a party to this action. Here, the bulk of Plaintiffs claims are directed to acts (or inactions) that took place during the time period that Wachovia acted as Co-Trustee in this action. The Trust's $2,000,000 investment in the Banyan Property took place in November 2007 when Wachovia was

acting as Trustee. Additionally, the capital improvements and the bulk of the alimony payments made by Bruce (utilizing monies from the Trusts) took place when Wachovia served as Trustee.

Federal Rule of Evidence 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." The allegations, or even fact, that Wells Fargo Home Mortgage (a non-party to this action) issued or published a foreclosure attorney manual in November 2011 has nothing to do with the facts at issue in this case and does not make it more probable that Wells Fargo violated the Trust documents here. As such, the Manual issued by an unrelated entity to Wachovia has no relevancy to this action and should be excluded pursuant to Rule 401. FED.R.EVID. 401.

Plaintiffs, based on statements made in prior filings, appear to seek admission of this Manual in order to prove conformity therewith in this matter. However, Rule 404 states that character evidence is generally inadmissible to prove conforming conduct. FED.R.EVID. 404. As explained above, it would be impossible for Wachovia, in this matter, to have conformed in some fashion with the Manual, since it was published long after the relevant time period. Any evidence of Wells Fargo Home Mortgage activities, which took place after the relevant time period here, is inadmissible to prove that Wachovia or Wells Fargo was untruthful, has a tendency to violate the law, and/or that it committed the acts alleged in the Complaint. See Reyes v. Missouri Pac. R. Co., 589 F.2d 791 (5th Cir. 1979); Jonas v. Board of Commissioners of Luna Co., 699 F. Supp. 2d

1284, 1290 (D.N.Mex. 2010)(Portion of manual mission statement was inadmissible pursuant to Rule 404).

**2. Prejudice and Probative Value**

The admission of the Manual seems to be designed to prejudice Wells Fargo and/or confuse the Jury with unrelated issues.

Admitting this evidence, which has no probative value, would be prejudicial to Wells Fargo at trial. Even if Plaintiffs could establish some relevancy of this unrelated Manual to this case -- which Wells Fargo respectfully submits that Plaintiffs cannot -- Federal Rule of Evidence 403 vests trial judges with the discretion to exclude relevant evidence where probative value is substantially outweighed by unfair prejudice. Here, any probative value of this Manual published by a non-party after the relevant time period is substantially outweighed by the danger of confusion of the issues. Anderson v. WBMG-42, 253 F.3d 561, 566 (11th Cir. 2001)(Excluding matters not developed during discovery from trial proceedings proper under Rule 403.)

## II. CONCLUSION

WHEREFORE, Wells Fargo respectfully requests that this Court enter an Order prohibiting Plaintiffs from introducing any evidence or testimony referencing the Wells Fargo Home Mortgage Foreclosure Attorney Manual.

## CERTIFICATE OF COMPLIANCE WITH M.D. FLA. L.R. 3.01

Undersigned counsel certifies, in accordance with M.D. Fla. L.R. 3.01, that she has made reasonable efforts to confer with Plaintiffs' counsel to discuss the issues raised in this Motion, but at this time Plaintiffs have not yet responded regarding their position.

Counsel for Wells Fargo will update this certificate to advise the Court as to Plaintiffs' counsel's position as soon as she hears from them.

FOX ROTHSCHILD LLP
222 Lakeview Avenue, Suite 700
West Palm Beach, Florida 33401
Telephone: (561) 804-4417
Facsimile: (561) 835-9602

By: */s/Dori K. Stibolt*
Amy S. Rubin
Florida Bar No. 476048
arubin@foxrothschild.com
Dori K. Stibolt
Florida Bar No. 183611
dstibolt@foxrothschild.com

*Attorneys for Defendant, Wells Fargo Bank, N.A., as Successor to Wachovia Bank, N.A., as Corporate Trustee to the Rosa B. Schweiker Trust, and all of its related trusts*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 21st day of August, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: */s/ Dori K. Stibolt*
Dori K. Stibolt

**SERVICE LIST**

*United States District Court*
*Middle District of Florida*
2:11-cv-00459-JES-CM

| | |
|---|---|
| Amy S. Rubin<br>Dori K. Stibolt<br>Fox Rothschild LLP<br>222 Lakeview Avenue, Suite 700<br>West Palm Beach, FL 33401<br>arubin@foxrothschild.com<br>dstibolt@foxrothsohild.com<br>Telephone: (561) 835-9600<br>Facsimile: (561) 835-9602<br><br>*Attorneys for Defendant Wells Fargo Bank NA., as Successor to Wachovia Bank, NA., as Corporate Trustee to the Rosa B. Schweiker Trust, and all of its related trusts* | Michael R. Presley<br>Robert M. Presley<br>Steven M. Presley<br>Presley & Presley, P.A.<br>1045 S. State Road 7 - Suite 100<br>Wellington, Florida 33414<br>mpresley@plaa-pa.com<br>rpresley@plaa-pa.com<br>spresley@plaa-pa.com<br>anotice@plaa-pa.com<br>Telephone: (561) 623-8300<br>Facsimile: (866) 922.0875<br><br>*Attorney for Plaintiffs Stacey Sue Berlinger a/k/a Stacy Berlinger O'Connor, Brian Bruce Berlinger, and Heather Anne Berlinger* |

| | |
|---|---|
| Alan Jay Braverman<br>Michael A. Hymowitz<br>Braverman & Hymowitz<br>625 NE 3rd Avenue<br>Fort Lauderdale, FL 33304<br>ajb@abravermanlaw.com<br>courtservice@abravermanlaw.com<br>mhymowitz@abravermanlaw.com<br>courtservice@abravermanlaw.com<br>Telephone: (954) 524-0505<br>Facsimile: (954) 527-4805<br><br>*Attorneys for Third Party Defendant Sue Casselberry* | Kenneth M. Gordon<br>Law Office of Kenneth M. Gordon<br>525 Northlake Blvd., #1<br>North Palm Beach, Florida, 33408<br>Kmgordon3@gmail.com<br>Telephone: (561) 676-0034<br>Facsimile: (561) 228-0794<br><br>*Attorney for Third Party Defendant Bruce D. Berlinger* |