UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

STACEY SUE BERLINGER, aka Stacey Berlinger O'Connor, BRIAN BRUCE BERLINGER, and HEATHER ANNE BERLINGER, as Beneficiaries to the Rosa B. Schweiker Trust and all of its related trusts

    Plaintiffs,

v.

WELLS FARGO, N.A. AS SUCCESSOR TO WACHOVIA BANK, N.A., as Corporate Trustee to the Rosa B. Schweiker Trust, and all of its related trusts,

    Defendant/Third Party Plaintiff

v.

BRUCE D. BERLINGER and SUE CASSELBERRY,

    Third Party Defendants.

Case No: 2:11-cv-459-FtM-29CM

---

**OPINION AND ORDER**

This matter comes before the Court on plaintiffs' Motion for Reconsideration (Doc. #494) filed on October 20, 2015. Defendant Wells Fargo Bank N.A. filed a response in opposition (Doc. #497) on November 6, 2015. Defendant Wells Fargo Bank N.A. also filed a Motion for Reconsideration (Doc. #495) on October 30, 2015. Plaintiff filed a response in opposition (Doc. #498) on November 9, 2015. Also before the Court is Wells Fargo's Motion for Leave

to File a Reply (Doc. #500) filed on November 13, 2015. Plaintiffs filed a response in opposition (Doc. #501) on November 16, 2015. The Court will address each motion in turn.

**I.**

Reconsideration of a court's previous order is an extraordinary remedy and, thus, is a power which should be used sparingly. American Ass'n of People with Disabilities v. Hood, 278 F. Supp. 2d 1337, 1339 (M.D. Fla. 2003) (citing Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Airport Auth., 814 F. Supp. 1072, 1072-73 (M.D. Fla. 1993)). "A motion for reconsideration should raise new issues, not merely readdress issues litigated previously." PaineWebber Income Props. Three Ltd. P'ship v. Mobil Oil Corp., 902 F. Supp. 1514, 1521 (M.D. Fla. 1995). Courts have "delineated three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; [and] (3) the need to correct clear error or prevent manifest injustice." Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994).

The motion to reconsider must set forth facts or law of a strongly convincing nature to demonstrate to the court the reason to reverse its prior decision. Taylor Woodrow, 814 F. Supp. at 1073; PaineWebber, 902 F. Supp. at 1521. "When issues have been carefully considered and decisions rendered, the only reason which should commend reconsideration of that decision is a change in the factual or legal underpinning upon which the decision was based."

Taylor Woodrow, 814 F. Supp. at 1072-73. A motion for reconsideration does not provide an opportunity to simply reargue- or argue for the first time-an issue the Court has once determined. Court opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." Quaker Alloy Casting Co. v. Gulfco Indus., Inc., 123 F.R.D. 282, 288 (N.D. Ill. 1988). "The burden is upon the movant to establish the extraordinary circumstances supporting reconsideration." Mannings v. Sch. Bd. of Hillsborough Cnty., 149 F.R.D. 235, 235 (M.D. Fla. 1993).

**II.**

The current litigation involves three family trusts: the Rosa B. Schweiker Family Trust, the Frederick W. Berlinger Family Trust, and the Rose S. Berlinger Family Trust (collectively the Berlinger Trusts). Plaintiffs Stacey Sue Berlinger (Stacey), Brian Bruce Berlinger (Brian), and Heather Anne Berlinger (Heather) (collectively plaintiffs) are the children of Bruce D. Berlinger (Bruce) and Sue Casselberry (Sue). (Doc. #366, ¶ 61.) The Second Amended Complaint (Doc. #93) asserts a claim for Breach of Trust (Count I) and an overlapping claim for Breach of Fiduciary Duty (Count II) against Wells Fargo N.A. (Wells Fargo) as the former corporate trustee of the Berlinger Trusts. Plaintiffs moved for summary judgment as to the portion of Counts I and II relating to trust distributions for alimony. (Doc. #360.) Wells Fargo moved

for summary judgment on Counts I and II in their entirety.  (Doc. #364.)

On October 16, 2015, the Court entered a forty page Opinion and Order (Doc. #492) granting Wells Fargo's Motion for Summary Judgment (Doc. #364) in part, and denying plaintiffs' motion for summary judgment (Doc. #360).  The Court granted summary judgment in favor of Wells Fargo and against plaintiffs as to the portions of Counts I and II which alleged: (1) Wells Fargo had a fiduciary duty to refrain from making distributions to Bruce which would be used to pay alimony; (2) the $2 million investment in the 550 Banyan Blvd. was a distribution to Bruce; (3) the $2 million payment authorized by Wells Fargo from the Rosa Trust was made to non-beneficiary Sue; (4) the investment in the Banyan Blvd. Property violated Wells Fargo's duty to diversify; and (5) Wells Fargo breached its fiduciary duty by investing trust assets in in-house propriety mutual funds.  (Doc. #492, pp. 38-39.)

The Court, however, denied a portion of Wells Fargo's motion for summary judgment, finding material facts remain disputed as to whether the decision to invest in the Banyan Blvd. Property and/or make improvements thereto was imprudent and/or made in bad faith. Therefore, the only remaining issue in this case is plaintiffs' claim that the Rosa Trust's investment in the Banyan Blvd. Property (and capital improvement made to the property) was imprudent and/or made in bad faith.  (Doc. #492, p. 29.)

Plaintiffs now ask the Court to reconsider its Opinion and Order based on clear error, and to grant summary judgment in their favor. (Doc. #494.) Likewise, Wells Fargo requests reconsideration of the Opinion and Order, seeking summary judgment in favor of Wells Fargo on the last remaining issue of the Banyan Blvd. Property. (Doc. #495.)

**III.**

**A.   Plaintiffs' Motion to Reconsider (Doc. #494)**

Plaintiffs ask the Court to reconsider its Opinion and Order, asserting "the Court's decision is in clear error with Florida law, and is in need of correction." (Doc. #494 at 2.) Wells Fargo opposes plaintiffs' motion, arguing it is improper and distinguishing the case cited by plaintiffs in support of their motion. The Court has carefully reviewed plaintiffs' motion and finds no change in controlling law, no new evidence, and no clear error or manifest injustice in the Opinion and Order.

Plaintiffs assert that "under controlling Florida precedent, spendthrift trusts impose a duty on a trustee that prohibits the making of distributions from a trust with a spendthrift provision when such distributions will be given to creditors." (Doc. #494, ¶ 1.) In support of their position, plaintiffs cite to a portion of a single sentence from Zlatkiss v. All Am. Team Concepts, LLC, 125 So. 3d 953, 954 (Fla. 5th DCA 2013), which states "Steinmetz's trust is a spendthrift trust, which prevents the trustee from making distributions if the distributions would be available to

creditors." Id. Notably, the quotation cited by plaintiffs is interpreting the specific trust at issue in that case, and it does not distinguish between distributions made directly to creditors and distributions made to beneficiaries who then choose to pay creditors. See id.

In Zlatkiss, a creditor brought an action against a trustee of a spendthrift trust after the trustee refused to make distributions upon learning that the trust beneficiary had signed a personal guaranty for a loan that went unpaid. Id. The creditor sought a declaration that sections 736.0501-.0507 Florida Statutes (2012), which recognize the enforceability of spendthrift trusts, violate article I, section 21 of the Florida Constitution by preventing access to courts. Id. at 955. The Fifth District Court of Appeal of Florida affirmed the trial courts grant of summary judgment, finding the statutes do not limit access to courts and are not unconstitutional. Id.

Plaintiffs' attempt to extrapolate the Zlatkiss opinion into a holding that a trustee has an affirmative duty to forego making any distribution to beneficiaries that would then be given creditors (Doc. #494, pp. 2-3) is unfounded. That is simply not the holding of the case. In addition, plaintiffs fail to address the subsequent paragraph in the Zlatkiss opinion, cited by this Court in its Opinion and Order (Doc. 492, pp. 18-19), which states:

> Florida law recognizes the validity of spendthrift trusts. See Waterbury v. Munn, 159 Fla. 754, 32 So. 2d 603, 605 (1947). A spendthrift trust is a trust "created with a view of providing a fund for the maintenance of another, and at the same time securing it against his own improvidence or incapacity for self-protection." Croom v. Ocala Plumbing & Elec. Co., 62 Fla. 460, 57 So. 243, 244 (1911). **When a trust includes a valid spendthrift provision, a beneficiary may not transfer his interest in the trust and a creditor or assignee of the beneficiary may not reach any interest or distribution from the trust until the beneficiary receives the interest or distribution. § 736.0502(3), Fla. Stat. (2009).**

Zlatkiss, 125 So. 3d at 954 (citing Miller v. Kresser, 34 So. 3d 172, 175 (Fla. 4th DCA 2010) (emphasis added).

After again thoroughly reviewing Zlatkiss, the Court finds nothing which creates an affirmative duty of the trustee to forego making distributions to a beneficiary when the distribution will then be given by the beneficiary to a creditor. Accordingly, plaintiffs' motion to reconsider is denied.

**B.   Wells Fargo's Motion to Reconsider (Doc. #495)**

Wells Fargo also asks the Court to reconsider its Opinion and Order (Doc. #495), asserting that the Court should have granted its summary judgment motion in full. According to Wells Fargo, the Court should use the same standard it applied to the alimony payments, where it found no breach of trust as to the investment and improvements made to the Banyan Blvd. Property. Wells Fargo asserts that the prudent investor rule is displaced by the language of the trust. Plaintiffs respond in opposition. (Doc. # 498.)

The Court has carefully reviewed Wells Fargo's motion and finds no change in controlling law, no new evidence, and no clear error or manifest injustice in the Opinion and Order. Wells Fargo is essentially attempting to re-litigate issues already decided by this Court; namely, whether material facts remain disputed in relation to the Rosa Trust's investment in the Banyan Blvd. Property (and capital improvements made to the property). The Court finds no basis for reconsideration.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1.  Plaintiffs' Motion for Reconsideration (Doc. #494) is **DENIED.**

2.  Wells Fargo Bank, N.A.'s Motion for Reconsideration (Doc. #495) is **DENIED.**

3.  Wells Fargo Bank, N.A.'s Motion for Leave to File Reply (Doc. #500) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this   8th   day of December, 2015.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record