UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

STACEY SUE BERLINGER, as Beneficiaries to the Rosa B. Schweiker Trust and all of its related trusts aka Stacey Berlinger O'Connor, BRIAN BRUCE BERLINGER, and HEATHER ANNE BERLINGER, as Beneficiaries to the Rosa B. Schweiker Trust and all of its related trusts,

    Plaintiffs,

v.

WELLS FARGO, N.A. AS SUCCESSOR TO WACHOVIA BANK, N.A., as Corporate Trustee to the Rosa B. Schweiker Trust, and all of its related trusts,

    Defendant/Third Party Plaintiff

BRUCE D. BERLINGER and SUE CASSELBERRY,

    Third Party Defendants.
_____

Case No: 2:11-cv-459-FtM-29CM

**OPINION AND ORDER**

This matter comes before the Court on plaintiffs' Motion for Reconsideration (Doc. #514) filed on December 16, 2015.

Reconsideration of a court's previous order is an extraordinary remedy and, thus, is a power which should be used sparingly. American Ass'n of People with Disabilities v. Hood,

278 F. Supp. 2d 1337, 1339 (M.D. Fla. 2003) (citing Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Airport Auth., 814 F. Supp. 1072, 1072-73 (M.D. Fla. 1993)). "A motion for reconsideration should raise new issues, not merely readdress issues litigated previously." PaineWebber Income Props. Three Ltd. P'ship v. Mobil Oil Corp., 902 F. Supp. 1514, 1521 (M.D. Fla. 1995). Courts have "delineated three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; [and] (3) the need to correct clear error or prevent manifest injustice." Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994). Unless the movant's arguments fall into one of these categories, the motion must be denied.

The motion to reconsider must set forth facts or law of a strongly convincing nature to demonstrate to the court the reason to reverse its prior decision. Taylor Woodrow, 814 F. Supp. at 1073; PaineWebber, 902 F. Supp. at 1521. "When issues have been carefully considered and decisions rendered, the only reason which should commend reconsideration of that decision is a change in the factual or legal underpinning upon which the decision was based." Taylor Woodrow, 814 F. Supp. at 1072–73.

A motion for reconsideration does not provide an opportunity to simply reargue-or argue for the first time-an issue the Court has once determined. Court opinions "are not intended as mere first drafts, subject to revision and reconsideration at a

litigant's pleasure." Quaker Alloy Casting Co. v. Gulfco Indus., Inc., 123 F.R.D. 282, 288 (N.D. Ill. 1988). "The burden is upon the movant to establish the extraordinary circumstances supporting reconsideration." Mannings v. Sch. Bd. of Hillsborough Cnty., 149 F.R.D. 235, 235 (M.D. Fla. 1993).

Plaintiffs ask the Court to reconsider its December 8, 2015 Opinion and Order. (Doc. #514.) The Court has carefully reviewed plaintiffs' motion and finds no change in controlling law, no new evidence, and no clear error or manifest injustice in the Opinion and Order. Plaintiffs are essentially trying to re-litigate issues already decided by this Court. The Court finds no basis for reconsideration.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

Plaintiffs' Motion for Reconsideration (Doc. #514) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this __21st__ day of December, 2015.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record