UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

STACEY SUE BERLINGER, as Beneficiaries to the Rosa B. Schweiker Trust and all of its related trusts aka Stacey Berlinger O'Connor, BRIAN BRUCE BERLINGER, and HEATHER ANNE BERLINGER, as Beneficiaries to the Rosa B. Schweiker Trust and all of its related trusts,

Plaintiffs,

v. Case No: 2:11-cv-459-FtM-29CM

WELLS FARGO, N.A. AS SUCCESSOR TO WACHOVIA BANK, N.A., as Corporate Trustee to the Rosa B. Schweiker Trust, and all of its related trusts,

Defendant/Third Party Plaintiff

BRUCE D. BERLINGER and SUE CASSELBERRY,

Third Party Defendants.

---

**OPINION AND ORDER**

This matter comes before the Court upon review of the following motions: (1) Plaintiffs' Motion for Judicial Notice (Doc. #455), filed on August 21, 2015; (2) Wells Fargo Bank, N.A.'s Motion to Take Judicial Notice (Doc. #457), filed on August 21,

2015; (3) Third Party Cross-Plaintiff, Sue Casselberry's Motion to Strike Affirmative Defenses from Third Party Cross-Defendant, Bruce D Berlinger's, Answer to Second Amended Crossclaim (Doc. #470), filed on August 28, 2015; (4) Plaintiffs' Motion to Strike Wells Fargo Bank, N.A.'s Memorandum of Law in Opposition to Plaintiffs' Trial Brief (Doc. 483), filed on September 9, 2015; and (5) Wells Fargo Bank, N.A.'s Motion to Strike Plaintiffs' and Third Party Defendant's Exhibit Lists (Doc. #504), filed on November 23, 2015. The Court will address each motion in turn.

**(1) Plaintiffs' Motion for Judicial Notice (Doc. #455)**

Plaintiffs move the Court to take judicial notice of Docket Entry #101 of the United States Bankruptcy Court for the Southern District of New York for the case In Re: Cynthia Carrsow-Franklin, Case. NO. 10-20010 (RDD). Wells Fargo opposes the motion (Doc. #479.)

"The court may judicially notice a fact that is not subject to reasonable dispute because it (1) is generally know within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. "The court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related

filings." United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994) (internal quotation marks and citation omitted). Additionally, the fact to be noticed must be "relevant to a determination of the claims presented in a case." Dippin' Dots, Inc. v. Frosty Bites Distribution, LLC, 369 F.3d 1197, 1204 (11th Cir. 2004).

The document o which plaintiffs seek judicial notice is the Wells Fargo Attorney Procedure Manual (Manual). Plaintiffs assert this document relates to certain letters plaintiffs allege were intentionally fabricated by Wells Fargo. (Doc. #455, p. 4.) The Court finds this document immaterial. As a result of this Court's Opinion and Order (Doc. #492), the only remaining issue in this case is plaintiffs' claim that the Rosa Trust's investment in the Banyan Blvd. Property (and capital improvement made to the property) was imprudent and/or made in bad faith. (Doc. #492, p. 29.) Therefore, nothing in the instant case relates to the allegedly fabricated letters. Accordingly, plaintiffs' motion for judicial notice (Doc. #455) is denied.

**(2) Wells Fargo's Motion to Take Judicial Notice (Doc. #457)**

Wells Fargo asks the Court to take judicial notice of the Second District Court of Appeal opinion from Berlinger v. Casselberry, 133 So. 3d 961 (Fla. 2d DCA 2013) and the Florida

Supreme Court’s declination of rehearing (Opinion). (Doc. #457.) Plaintiffs filed a response in opposition (Doc. #477).

As stated above, the fact to be noticed must be “relevant to a determination of the claims presented in a case.” Dippin' Dots, Inc., 369 F.3d at 1204. The Opinion Wells Fargo seeks judicial notice of discusses how Florida Statute § 736.0504(2) does not prohibit a former spouse from obtaining a writ of garnishment against discretionary disbursements made by a trustee exercising its discretion. (Doc. #457, p. 2.) The Court has already resolved the issue of the alimony payments in its Opinion and Order (Doc. #492). The issues in this case have been narrowed to solely whether Wells Fargo was imprudent and/or acted in bad faith when allowing the Rosa Trust’s investment in the Banyan Blvd. Property (and capital improvement made to the property). (Doc. #492, p. 29.) Accordingly, the Court finds the Opinion immaterial to the instant case and Wells Fargo’s motion for judicial notice (Doc. #457) is denied.

**(3) Third Party Cross-Plaintiff, Sue Casselberry’s Motion to Strike (Doc. #470)**

Third Party Cross-Plaintiff, Sue Casselberry (Sue) seeks to strike six defenses set forth in Third Party Cross-Defendant, Bruce D. Berlinger’s (Bruce) Answer to Second Amended Crossclaim (Doc. #447). On October 16, 2015, the Court entered an Opinion and Order

(Doc. #492) granting Third Party Defendant, Sue's Motion for Summary Judgment (Doc. #362). Therefore, there are no remaining issues to be determined with respect to Sue's Crossclaim against Bruce (Doc. #353). Accordingly, the instant motion is dismissed as moot.

**(4) Plaintiffs' Motion to Strike (Doc. #483)**

Plaintiffs seek to strike Wells Fargo's Memorandum of Law in Opposition to Plaintiffs' Trial Brief (Doc. #483.) Wells Fargo filed a response in opposition (Doc. #489.)

Plaintiffs' trial brief was submitted to the Court on August 21, 2015. On October 16, 2015, the Court entered an Opinion and Order (Doc. #492) granting Wells Fargo's Motion for Summary Judgment (Doc. #364) in part, and denying plaintiffs' motion for summary judgment (Doc. #360). As a result, plaintiffs' trial brief contains superfluous facts and information not relevant to the sole remaining issue before the Court.

In addition, the parties recently filed a Joint Pretrial Statement. Thus, the Court finds that a trial brief is not necessary at this stage in the litigation. Therefore, the Court will strike plaintiffs' trial brief from the docket. Consequently, Plaintiffs' Motion to Strike Wells Fargo's Memorandum of Law in Opposition to Plaintiffs' Trial Brief (Doc. #483) is denied as moot.

**(5) Wells Fargo Bank, N.A.'s Motion to Strike (Doc. #504)**

On November 23, 2015, Wells Fargo filed a Motion to Strike Plaintiffs' and Third Party Defendant's Exhibits Lists (Doc. #504). Plaintiffs and Bruce filed a Joint Response in opposition. (Doc. #505.)

Wells Fargo seeks to strike plaintiffs' and Bruce's trial exhibit lists as overbroad and irrelevant to the sole remaining issue before the Court. As a result of the Final Pretrial Conference on December 7, 2015, the Court struck The Pretrial Statement of plaintiffs and third party defendant. (See Doc. #510.) Thus, the instant motion is denied as moot as it relates to plaintiffs' pretrial statement (Doc. #502). The Court also denies Wells Fargo's motion to the extent it applies to plaintiffs' newly filed exhibit list (Doc. #512-3).

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

(1) Plaintiffs' Motion for Judicial Notice (Doc. #455) is **DENIED.**

(2) Wells Fargo Bank, N.A.'s Motion to Take Judicial Notice (Doc. #457) is **DENIED.**

(3) Third Party Cross-Plaintiff, Sue Casselberry's Motion to Strike Affirmative Defenses from Third Party Cross-Defendant,

Bruce D Berlinger's, Answer to Second Amended Crossclaim (Doc. #470) is **DENIED as moot.**

(4) Plaintiffs' Motion to Strike Wells Fargo Bank, N.A.'s Memorandum of Law in Opposition to Plaintiffs' Trial Brief (Doc. 483) is **DENIED as moot.**

(5) Wells Fargo Bank, N.A.'s Motion to Strike Plaintiffs' and Third Party Defendant's Exhibit Lists (Doc. #504) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this 21st day of December, 2015.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record