UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

STACEY SUE BERLINGER, aka
Stacey Berlinger O'Connor,
BRIAN BRUCE BERLINGER, and
HEATHER ANNE BERLINGER, as
Beneficiaries to the Rosa B.
Schweiker Trust and all of
its related trusts,

       Plaintiffs,

v.                        Case No: 2:11-cv-459-FtM-29CM

WELLS FARGO, N.A. AS
SUCCESSOR TO WACHOVIA BANK,
N.A., as Corporate Trustee
to the Rosa B. Schweiker
Trust, and all of its
related trusts,

       Defendant/Third
       Party Plaintiff

BRUCE D. BERLINGER and SUE
CASSELBERRY,

       Third Party Defendants.
_____

## OPINION AND ORDER

This matter comes before the Court on various pretrial motions, mostly in limine motions. Responses have been filed as to all motions. These motions are resolved as follows:

(1) **Beneficiaries' Motion In Limine to Use Live Video-Conference for Out-of-State Witness Testimony (Doc. #407):**

Plaintiffs seek permission to cause subpoenas to be issued from this Court to compel four out-of-state witnesses to come to neutral locations within a hundred miles of their residences so

they may give live video testimony during the trial in Fort Myers, Florida. Plaintiffs' reliance on Rule 45(1)(a) of the Federal Rules of Civil Procedure is misplaced because there is no such Rule. Federal Rule of Civil Procedure 45(c)(1), however, provides:

> (c) Place of Compliance. (1) For a Trial, Hearing, or Deposition. A subpoena may command a person to attend a trial, hearing, or deposition only as follows: (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person (i) is a party or a party's officer; or (ii) is commanded to attend a trial and would not incur substantial expense.

Fed. R. Civ. P. 45(c)(1). Thus, as relevant to this case, the Court could direct the issuance of a subpoena to "command a person to attend a trial, hearing, or deposition only as follows: (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person . . . ." As a precondition to such a subpoena, plaintiffs must satisfy the requirements of Fed. R. Civ. P. 43(a), which states:

> At trial, the witnesses' testimony must be taken in open court unless a federal statute, the Federal Rules of Evidence, these rules, or other rules adopted by the Supreme Court provide otherwise. For good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location.

Fed. R. Civ. P. 43(a). The only attempt to establish good cause is the statement that towards the end of discovery plaintiffs

- 2 -

developed a theory of the case which is dependent upon the testimony from these witnesses, and a summary of prior deposition testimony by the various witnesses.  Nothing suggests that the testimony is material and relevant to the remaining issues in the case after summary judgment:  Whether the decisions to cause the Rosa Trust to invest in the Banyan Blvd. Property and/or make improvements to that property were imprudent and/or made in bad faith.  Therefore, the motion is **DENIED** without prejudice.

**(2)   Beneficiaries' Motion In Limine to Exclude Evidence and Testimony Regarding Unrelated Trusts (Doc. #408):**

Plaintiffs seek to preclude evidence and argument relating to The Personal Trusts relating to them because they are irrelevant to any matter in the case.  The Court cannot determine that all evidence regarding The Personal Trusts is irrelevant to the remaining issues in the case.  Accordingly, the motion is **DENIED.**

**(3)   Beneficiaries' Motion In Limine to Exclude Evidence and Testimony Regarding Facts Occurring After the Alleged Dates of Breach (Doc. #409):**

Plaintiffs seek to preclude three categories of evidence of matters which occurred after the last date of the alleged breach. While the Court rejects the argument that anything after 2010 is necessarily irrelevant, such evidence may be irrelevant.  It would appear that evidence of the contempt proceedings, the garnishment proceedings, the supplemental proceedings, and the Schweiker-Berlinger Irrevocable Life Insurance trust is unlikely to be

relevant, while evidence of Bruce Berlinger's ability to support himself after Wells' Fargo's removal as Trustee may have some relevance.  The Court is unable to rule on an *in limine* basis, and therefore the motion will be **DENIED** but plaintiffs may of course object to any specific items of such evidence if it is offered in this case.

> **(4)  Beneficiaries' Motion In Limine to Exclude Evidence and Testimony Regarding Linda LaVay (Doc. #410):**

Plaintiffs seek to exclude evidence regarding the setting of the deposition of Linda LaVay, including what occurred during the subpoena process.  If whatever occurred impacts the credibility of her testimony, it may be admissible.  The motion is **DENIED**.

> **(5)  Beneficiaries'/Plaintiffs' Motion In Limine For Limiting Instructions and Ruling on Evidence (Docs. ## 411, 523):**

The Court declines to give the requested instruction prior to the testimony of Bruce Berlinger.  The motions are **DENIED**.

> **(6)  Wells Fargo Bank, N.A.'s Motion in Limine to Exclude and/or Limit Expert Testimony and Reports by John Rodgers (Doc. #415):**

The Court does not routinely admit the reports of expert witnesses in addition to their testimony.  The expert's testimony is not inadmissible simply because the reports contain internal contradictions or contradict his testimony, or defendant asserts he relied upon incomplete documentation.  Such matters go to credibility and weight, not admissibility.  If opinions are sought on matters in which he is not a qualified expert, objections would

be appropriate.   The Court declines to make a blanket ruling based on the *in limine* motion.   The motion is **DENIED**.

> **(7) Wells Fargo Bank, N.A.'s Motion in Limine to Exclude Improper Lay Opinion Testimony and Evidence/Testimony Regarding Speculative Damages Claims (Doc. #416):**

The Court finds that this motion cannot be properly decided on an *in limine* basis, but that objections will have to be made if and when such potentially offending evidence is offered.   The motion is **DENIED**.

> **(8) Wells Fargo Bank, N.A.'s Motion in Limine to Preclude Plaintiffs From Introducing Any Evidence of Unrelated Proceedings/Litigation Involving Wells Fargo (Doc. #417):**

The Court finds that this motion cannot be properly decided on an *in limine* basis, but that objections will have to be made if and when such potentially offending evidence is offered.   The motion is **DENIED**.

> **(9) Wells Fargo Bank, N.A.'s Motion in Limine to Preclude Plaintiffs From Introducing Any Evidence of Claims Set Forth in Plaintiffs' Third Amended Complaint (Doc. #418):**

This motion is **GRANTED**, and plaintiffs may not seek to introduce such evidence without prior approval of the Court.

> **(10) Plaintiffs' Motion in Limine to Exclude Evidence, Testimony, and Argument Regarding Mandatory Distributions of Income (Doc. #456):**

The fact that testimony may be impeached does not mean it is not admissible.   The motion will be **DENIED**.

    (11) **Wells Fargo Bank, N.A.'s Motion in Limine to Exclude Improper Lay Opinion Testimony (Doc. #458):**

The Court finds that this motion cannot be properly decided on an *in limine* basis, but that objections will have to be made if and when such potentially offending evidence is offered.   The motion is **DENIED**.

    (12) **Wells Fargo Bank, N.A.'s Motion in Limine to Preclude Plaintiffs From Introducing Any Evidence of Wells Fargo Home Mortgage's Foreclosure Attorney Manual (Doc. #459):**

It does not appear that the contents of the manual has any relevance to this case.   Therefore, the motion is **GRANTED** to the extent that plaintiffs may not seek to introduce the manual without prior permission of the court.

    (13) **Third Party Defendant Bruce D. Berlinger's Rule 72 Objection to Magistrate Order (Doc. #471):**

The objection is **OVERRULED** because the Order of the magistrate judge is neither contrary to law nor clearly erroneous.

It is hereby **ORDERED AND ADJUDGED**.

**DONE and ORDERED** at Fort Myers, Florida, this ___27th___ day of January, 2016.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies: Counsel of Record

- 6 -