UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

STACEY SUE BERLINGER, aka Stacey Berlinger O'Connor, BRIAN BRUCE BERLINGER, and HEATHER ANNE BERLINGER, as Beneficiaries to the Rosa B. Schweiker Trust and all of its related trusts,

Plaintiffs,

v. Case No: 2:11-cv-459-FtM-29CM

WELLS FARGO, N.A. AS SUCCESSOR TO WACHOVIA BANK, N.A., as Corporate Trustee to the Rosa B. Schweiker Trust, and all of its related trusts,

Defendant/Third Party Plaintiff

BRUCE D. BERLINGER and SUE CASSELBERRY,

Third Party Defendants.

---

**OPINION AND ORDER**

This matter comes before the Court on Defendant's Motion to Strike Plaintiff's Jury Demand (Doc. #496) filed on October 30, 2015. Plaintiffs filed a Response (Doc. #499) on November 9, 2015. For the reasons set forth below, the motion to strike is granted.

In their Second Amended Complaint, plaintiffs demanded a jury trial on all issues so triable in the action (Doc. #93, ¶ 65). Defendant Wells Fargo, N.A. (defendant or Wells Fargo) asserts that after the Court's Opinion and Order (Doc. #492) resolving the cross motions for summary judgment, the only remaining portions of the counts do not entitle plaintiffs to a jury trial. Plaintiffs disagree, asserting the case as it now stands still commands a jury trial upon their request.

The basic principles are well established, and do not appear to be disputed by the parties. First, while jurisdiction is based upon diversity of citizenship and the remaining claim is a Florida state law cause of action, the issue of whether a party is entitled to a jury trial is a matter of federal law. Simler v. Conner, 372 U.S. 221, 221-22 (1963); In re Graham, 747 F.3d 1383, 1387 (11th Cir. 1984). Although "the substantive dimension of the claim asserted finds its source in state law" in diversity cases, "the characterization of that state-created claim as legal or equitable for purposes of whether a right to jury trial is indicated must be made by recourse to federal law." Simler, 372 U.S. at 222.

Second, there are two possible sources of plaintiffs' right to a jury trial, a federal statute and the federal Constitution. In re Graham, 747 F.3d at 1387. None of the parties rely on a federal statute, but all parties rely upon the U.S. Constitution

as the source for the right to a jury trial in this case. (Docs. #496, pp. 3-7; #499, pp. 1-3.)

Third, the Seventh Amendment to the United States Constitution preserves the right to a jury trial "[i]n suits at common law, where the value in controversy shall exceed twenty dollars." Determination of entitlement to a jury trial under the Seventh Amendment is a two-step inquiry when a federal statute does not explicitly provide for a jury trial.

> To determine whether a particular action will resolve legal rights, we examine both the nature of the issues involved and the remedy sought. "First, we compare the statutory action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity. Second, we examine the remedy sought and determine whether it is legal or equitable in nature." The second inquiry is the more important in our analysis.

Chauffeurs, Teamsters & Helpers Local No. 391 v. Terry, 494 U.S. 558, 565 (1990) (citing Tull v. United States, 481 U.S. 412, 417–18 (1987)). "[T]he first inquiry is nonetheless essential because the Seventh Amendment only extends to cases in which legal rights are at stake." Stewart v. KHD Deutz of Am. Corp., 75 F.3d 1522, 1526 (11th Cir. 1996).

The views of the parties diverge at this point. Defendant asserts that both prongs of the inquiry point to the lack of a right to a jury trial in this case, while plaintiffs assert that

both prongs, or at least the more important second prong, point to the existence of a right to a jury trial.

After resolution of the summary judgment motions, what remains to be tried in this case is a portion of Courts I and II of the Second Amended Complaint. The three plaintiffs are beneficiaries of the Rosa Trust who assert that Wells Fargo breached its fiduciary duties as corporate trustee in connection with the investment in and maintenance of the Banyan Blvd. property, in violation of the prudent investor standard of Florida Statute § 518.11(1)(a). More specifically, plaintiffs assert that Wells Fargo breached the prudent investor standard by causing the Rosa Trust to acquire a one-third interest in the Banyan Blvd. Property for $2 million when it was valued at less than $700,000, and by spending funds in the maintenance of the property. (Doc. #93, ¶¶ 22-26.) This is alleged to have been imprudent and done in bad faith (id. at ¶¶ 37-38, 42), and resulted in diminution of the value of the Rosa Trust (id. at ¶ 45).

Generally, an action for breach of a trustee's fiduciary duties would have been brought in courts of equity in eighteenth century courts of England prior to the merger of the courts of law and equity. Chauffeurs, Teamsters & Helpers Local No. 391, 494 U.S. at 567. See also Pereira v. Farace, 413 F.3d 330, 338-39 (2d Cir. 2005); Bogosian v. Woloobojan Realty Corp., 323 F.3d 55, 61 n.4 (1st Cir. 2003); In re Jensen, 946 F.2d 369, 371 (5th Cir.

1991). The requirement of a jury trial under the Seventh Amendment, however, "depends on the nature of the issue to be tried rather than the character of the overall action." Ross v. Bernhard, 396 US. 531, 538 (1970). The Court finds that the issues remaining in this case – whether Wells Fargo breached its fiduciary duty by allowing the investment in and maintenance of the property - would have been brought in courts of equity in eighteenth century courts of England prior to the merger of the courts of law and equity. Therefore, the first factor weighs against a jury trial.

To remedy this breach, plaintiffs seek compensatory damages on behalf of the Rosa Trust. Plaintiffs calculate the amount of damages as the difference between the appraised value of the one third interest and the one half interest the Rosa Trust should have received. (Doc. #499, p. 3.) If plaintiffs prevail, Wells Fargo would be required to place this amount of money into the Rosa Trust. No money would be paid directly to any of the plaintiffs, but each plaintiff may receive a portion of the money in the form of distributions from the Rosa Trust.

The Court finds that the remedy sought in this case is equitable in nature. Typically, remedies of a beneficiary against a trustee are exclusively equitable. Local 92 Int'l Ass'n of Bridge Wrokers v. Norris, 383 F.2d 735, 741 (5th Cir. 1967); Restatement (Second) of Trusts § 197. Plaintiffs here seek no direct money damages to themselves. Rather, they seek an order –

essentially an injunction – directing Wells Fargo to place monies into the Rosa Trust in an amount which will compensate the Rosa Trust for its breach of fiduciary duties – essentially restitution. Such relief is equitable in nature. Chauffeurs, Teamsters & Helpers Local No. 391, 494 U.S. at 570-71.

Accordingly, it is hereby

**ORDERED:**

Defendant's Motion to Strike Plaintiff's Jury Demand (Doc. #496) is **GRANTED.** Plaintiffs' jury demand for the remaining portion of this case is **stricken**.

**DONE and ORDERED** at Fort Myers, Florida, this 27th day of January, 2016.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record