UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

STACEY SUE BERLINGER, aka Stacey Berlinger O'Connor, BRIAN BRUCE BERLINGER, and HEATHER ANNE BERLINGER, as Beneficiaries to the Rosa B. Schweiker Trust and all of its related trusts,

    Plaintiffs,

v.                      Case No: 2:11-cv-459-FtM-29CM

WELLS FARGO, N.A. AS SUCCESSOR TO WACHOVIA BANK, N.A., as Corporate Trustee to the Rosa B. Schweiker Trust, and all of its related trusts,

    Defendant/Third Party Plaintiff

BRUCE D. BERLINGER and SUE CASSELBERRY,

    Third Party Defendants.

## **ORDER**

This matter comes before the Court upon review of defendant's Motion to Tax Costs (Doc. #575) filed on March 17, 2016. Plaintiffs filed a response objecting to defendant's motion (Doc. #577) on March 29, 2016. Defendant seeks to tax costs in the amount of $21,858.09. (Doc. #575-2.) Plaintiffs do not dispute that defendant is entitled to an award of costs but object to certain items listed in defendant's Bill of Costs.

On October 16, 2015, the Court issued an Opinion and Order (Doc. #492) granting defendant's summary judgment motion in part and denying in part. Then, on February 2 through 5, 2016, this matter came before the Court for a bench trial of the remaining portions of plaintiffs' Second Amended Complaint. (Docs. ##558, 559.) The Court found plaintiffs failed to establish that defendant breached any of its fiduciary duties to plaintiffs and found in favor of defendant. (Doc #571.) Judgment in favor of defendant was entered on March 3, 2016. (Doc #574.)

Defendant now seeks to recover costs as the prevailing party. Defendant submits a Bill of Costs and an Itemization and Supporting Documentation for the Bill of Costs in support of its motion. (Docs. ## 575-1, 575-2.)

**I.**

Under Fed. R. Civ. P. 54(d), costs "should be allowed to the prevailing party" unless the court provides otherwise. Fed. R. Civ. P. 54(d)(1). It is undisputed that defendant is the prevailing party, and that it is entitled to taxable costs in this case. "[Title 28 U.S.C.] Section 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d)." Crawford Fitting Co. v. J. T. Gibbons, Inc., 482 U.S. 437, 441-42 (1987). The following costs may be taxed:

**(1)** Fees of the clerk and marshal;

>**(2)** Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
>**(3)** Fees and disbursements for printing and witnesses;
>
>**(4)** Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
>**(5)** Docket fees under section 1923 of this title;
>
>**(6)** Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

A presumption exists in favor of awarding costs. See Manor Healthcare Corp. v. Lomello, 929 F.2d 633, 639 (11th Cir. 1991). Thus, "[w]hen challenging whether costs are properly taxable, the burden lies with the losing party, unless the knowledge regarding the proposed cost is a matter within the exclusive knowledge of the prevailing party." Ass'n for Disabled Ams., Inc. v. Integra Resort Mgmt., Inc., 385 F. Supp. 2d 1272, 1288 (M.D. Fla. 2005). For this reason, the Court will specifically address only the particular costs that the plaintiffs dispute.[1]

---

[1] The Court has nonetheless reviewed the proposed costs to which plaintiffs have not objected and finds those costs are properly taxable under § 1920.

**II.**

Plaintiffs argue that defendant: (1) may not recover the costs associated with subpoenaing plaintiffs' witnesses; (2) may not recover the cost of copies made for the convenience of counsel; and (3) defendant's costs should be reduced to two-fifths of the amount alleged after the above reductions due to defendant's cross-claims against third party defendants. Defendant has not sought leave to reply to those objections or sought to amend its Motion or Bill of Costs.

**A.   Trial Subpoenas Costs**

The defendant seeks $1,385.00 in fees for service of summons and subpoenas. Plaintiffs do not object to the $170.00 fee for Service of the Third Party Compliant on Bruce Berlinger. However, plaintiffs object to the costs of the trial subpoenas. Specifically, plaintiffs argue that defendant did not call (1) Sally Berlinger; (2) Bruce Berlinger; (3) the Records Custodian for Kelly, Passidomo, and Alba, LLP; (4) Plaintiff Stacey Sue Berlinger a/k/a Stacey O'Conner; (5) Charles M. Kelly Jr.; (6) Kathleen Passidomo; and (7) Reuben Doupe to testify. Plaintiffs assert that although private process server costs are normally recoverable under Rule 54, defendant is not entitled to server costs of these witnesses because it failed to show that these subpoenas were reasonable and necessary. Plaintiffs argue the defendant had no intention of calling these witnesses to testify

and the only reason defendant subpoenaed them was because they were on plaintiffs witness list.

A party may recover the costs for service of a trial subpoena even when that party does not call the witness at trial. See e.g., Maris Distrib. Co. v. Anheuser-Busch, Inc., Case No. 5:97-cv15-Oc-10C, 2001 WL 862642, at *1 (M.D. Fla. May 4, 2001) (awarding costs for service of subpoenas on two trial witnesses who never testified); Barrera v. Weiss & Woolrich S., 900 F. Supp. 2d 1328, 1333 (S.D. Fla. 2012)(same). Here, plaintiffs and defendant identified each of the individuals above as witnesses they will or may call at trial. (See Docs. ##548, 552-1.) Though defendant ultimately did not call these witnesses at trial, the Court finds it was nevertheless reasonably necessary to subpoena those witnesses to appear at trial. The Court also rejects plaintiffs' argument that the defendant should not recover for the costs of the subpoenas to Charles M. Kelly, Jr., Kathleen Passidomo, and Clyde C. Quinby, III because plaintiffs had already subpoenaed them. As discussed above, these witnesses were listed on defendant's witness list and therefore, it was reasonably necessary for defendant to subpoena them.

Plaintiffs also claim the Court should bar recovery of the costs of the second attempt to service Mr. Quinby. Plaintiffs assert the second attempt was unnecessary because plaintiffs had already subpoenaed Mr. Quinby. Although defendant did call him as

a witness at trial, defendant fails to explain why it was necessary to serve Mr. Quinby for a second time. Therefore, the Court finds the defendant can recover only for the first attempt at service on Mr. Quinby.

Finally, plaintiffs argue that even if these witnesses were necessary and reasonable the defendant is limited to $55 per item and cannot include rush costs. "[A] district court does not abuse its discretion in taxing private process server fees that do not exceed the statutory fees authorized in [28 U.S.C.] § 1921." U.S. EEOC v. W & O, Inc., 213 F.3d 600, 624 (11th Cir. 2000). Section 1921 provides that the Court may tax as costs fees charged by the United States Marshals Service to serve a subpoena on a witness, which fees are prescribed by regulation. 28 U.S.C. § 1921(a)(1)(B), (b). As of October 30, 2013, the pertinent regulation, 28 C.F.R. § 0.114(a)(3), provides for service of process executed by the Marshals Service to be charged at $65.00 per hour (or portion thereof) and any other out-of-pocket expenses.

Defendant's invoices reflect that service of the subpoenas in the instant case were made at a rate of $90.00 per subpoena. The documentation submitted by defendant does not provide any information as to the time expended to effectuate service by the private process server or as to travel costs or other out-of-pocket expenses incurred. Accordingly, the Court will limit the cost for service of each subpoena to $65.00.

The invoice also shows a rush service of $45.00 was added per subpoena. Defendant asserts rush service was necessary due to the trial date being adjusted to a late date. Even assuming rush service was necessary, defendant cites no authority for the proposition that it may recover more than $65.00 per subpoena as provided by statute in the absence of any information regarding time, travel, or out-of-pocket expenses.

Therefore, the Court finds the defendant can recover only $65.00 for eight of the trial subpoenas served, resulting in a reduction of $695.00 of defendant's total costs. Accordingly, the Court finds that defendant is entitled to a total of $690.00 in fees for service of summons and subpoenas.

**B. Copying Costs**

The defendant seeks $4,867.31 in exemplification, record retrieval, and copying costs. Plaintiffs object to $505.50 and $57.66 in costs associated with copies which were allegedly obtained only for the convenience of counsel. According to plaintiffs, the Court should reduce defendant's costs because these copies were made for the convenience of counsel and thus, the costs should not be recoverable.

Costs for "making copies of any materials . . . necessarily obtained for use in the case" are taxable. 28 U.S.C. § 1920(4). Specifically, "[c]opies attributable to discovery, copies of pleadings, correspondence, documents tendered to the opposing

party, copies of exhibits, and documents prepared for the Court's consideration are recoverable[,]" whereas "[c]opies obtained only for the convenience of counsel," such as "[e]xtra copies of filed papers, correspondence, and copies of cases" are not. Desisto Coll., Inc. v. Town of Howey-In-The-Hills, 718 F. Supp. 906, 913 (M.D. Fla. 1989), aff'd sub nom. Desisto Coll., Inc. v. Line, 914 F.2d 267 (11th Cir. 1990), not followed on other grounds by W & O, Inc., 213 F.3d 600.

After reviewing defendant's Bill of Costs, the Court finds the $57.66 charge for "trial exhibits necessary for trial" is a recoverable expense under 28 U.S.C. § 1920(4). Despite plaintiff's argument, nothing in the record suggests that the copies of trial exhibits was a duplicate expense. However, the Court concludes that the $505.50 for "[c]opies of documents produced in preparation for trial" should be deducted from the total copying costs. Defendant fails to describe the charges sufficiently or provide any documentation regarding this cost to allow the Court to determine whether the copies were necessarily obtained for use in the case pursuant to 28 U.S.C. § 1920(4). See W & O, Inc., 213 F.3d at 623 ("[I]n evaluating copying costs, the court should consider whether the prevailing party could have reasonably believed that it was necessary to copy the papers at issue"). Therefore, the Court will reimburse defendant for $4,361.81 ($4,867.31 – $505.50) in copying costs.

**C.    Plaintiffs Request for Reduction**

Plaintiffs argue that some of the costs associated with the instant litigation are due to the claims defendant commenced against third party defendants Bruce Berlinger and Sue Berlinger. Plaintiffs assert the time and length of the depositions and transcripts were extended due to the three additional claims asserted by defendant against the third party defendants. Plaintiffs allege that it is impossible to separate such costs and attribute them to a particular claim. Therefore, plaintiffs request the total costs be divided by the number of claims and plaintiffs' responsibility be reduced to two-fifths of the total costs.

The plaintiffs acknowledge it is impossible to separate the costs attributable to a particular claim because defendant used the same records and evidence to contest the claims brought by the plaintiffs and support its claims against the third party defendants. Plaintiffs cite no authority for reducing costs equally per claim and the Court finds no support for plaintiffs' argument. Because it is undisputed that defendant's costs were necessary to defend the instant action, the Court finds the defendant is entitled to recover the costs incurred.

In summary, defendant's proposed Bill of Costs will be reduced by $695.00 in trial subpoena costs and $505.50 in copying costs. Accordingly, defendant is awarded costs totaling $20,657.59.

ACCORDINGLY, it is hereby

**ORDERED:**

Defendant's Motion to Tax Costs (Doc. #575) is **GRANTED IN PART AND DENIED IN PART.** The Clerk shall tax costs in favor of defendant in the amount of $20,657.59.

**DONE** and **ORDERED** in Fort Myers, Florida on this ___15th___ day of September, 2016.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
All Parties of Record